## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **L. LIN WOOD, JR.,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **Case No. _____** |
| **PAULA J. FREDERICK,** | ) | |
| **CONNIE S. COOPER,** | ) | **JURY DEMAND** |
| **JEFFREY R. HARRIS, CASEY** | ) | |
| **CARTER SANTAS, PATRICIA** | ) | |
| **F. AMMARI, KAYLA E.** | ) | |
| **COOPER, ELIZABETH L.** | ) | |
| **FITE, ELLISSA B. HAYNES,** | ) | |
| **MARGARET W. SIGMAN** | ) | |
| **PUCCINI, SHERRY BOSTON,** | ) | |
| **ELIZABETH POOL O'NEAL,** | ) | |
| **DAVID F. RICHARDS,** | ) | |
| **JENNIFER D. WARD,** | ) | |
| **MICHAEL FULLER, SR.,** | ) | |
| **JENNIFER ELIZABETH** | ) | |
| **DUNLAP, CHRISTIAN J.** | ) | |
| **STEINMETZ, III, BRANDON** | ) | |
| **L. PEAK, TOMIEKA DANIEL,** | ) | |
| **CHRISTOPHER SUTTON** | ) | |
| **CONNELLY, MELODY** | ) | |
| **GLOUTON,** <u>and</u> **DAWN** | ) | |
| **JONES,** each in their individual | ) | |
| and official capacities, | ) | |

**Defendants.**

## <u>VERIFIED COMPLAINT</u>

COMES NOW THE PLAINTIFF L. LIN WOOD, JR., and files this

action against PAULA J. FREDERICK, CONNIE S. COOPER, JEFFREY R.

HARRIS, CASEY CARTER SANTAS, PATRICIA F. AMMARI, KAYLA E. COOPER, ELIZABETH L. FITE, ELLISSA B. HAYNES, MARGARET W. SIGMAN PUCCINI, SHERRY BOSTON, ELIZABETH POOL O'NEAL, DAVID FOREST RICHARDS III, JENNIFER D. WARD, MICHAEL FULLER, SR., JENNIFER ELIZABETH DUNLAP, CHRISTIAN J. STEINMETZ, III, BRANDON L. PEAK, TOMIEKA DANIEL, CHRISTOPHER SUTTON CONNELLY, MELODY GOUTON and DAWN JONES and states as follows.

**I.**
**INTRODUCTION**

1.   L. Lin Wood is an attorney licensed to practice in the State of Georgia and has for almost forty-four years been a member in good standing of the State Bar of Georgia.  This action seeks declaratory and injunctive relief pursuant to 42 U.S.C. § 1983, for violation of the Plaintiff's constitutional rights under the First and Fourteenth Amendments of the United States Constitution.  Specifically, the Defendants, acting under color of state law, custom, practice and usage, have compelled the Plaintiff to submit to an involuntary medical examination by a medical doctor of their choosing despite the absence of any complaint by any client regarding his conduct or competency as an attorney, and their lack of citation to any evidence that he suffers from any mental illness, cognitive impairment, alcohol abuse, or

substance abuse impairing his competency as a lawyer.   This coercive government action by the Defendants, acting under color of state law, is retaliatory and is motivated, in whole or in part, based on the Plaintiff's exercise of his free speech rights as a private citizen on matters of inherent and national public concern and therefore protected under the First Amendment of the United States Constitution.   This state action also poses an imminent threat of irreparable harm to the Plaintiff and his ability to practice his livelihood should he fail to consent to undergo such a medical evaluation. It also constitutes an unwarranted, governmental invasion of his constitutional right to privacy as protected by the First and Ninth Amendments of the United States Constitution.

## II.
## JURISDICTION AND VENUE

2.     Jurisdiction is vested in this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a). In addition, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy is in excess of $75,000 exclusive of interest and costs, and this action is between citizens of different states.

3.     Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b) because all of the relevant facts giving rise to this lawsuit occurred within this federal district.

## III.
## PARTIES

4.   L. Lin Wood is an adult citizen and resident of the State of South Carolina.  He is an attorney licensed to practice in the State of Georgia.  He was first admitted to practice by the Supreme Court of Georgia on June 10, 1977.

5.  The Defendant Paula J. Frederick is an adult citizen and resident of the State of Georgia, and at all times relevant to this action, was a member of the Disciplinary Board of the State Bar of Georgia.  She is sued in her individual and official capacities. This Defendant may be served with process at the following address: 798 Boulevard SE, Atlanta, Georgia 30312.

6.  The Defendant Connie S. Cooper is an adult citizen and resident of the State of Georgia, and at all times relevant to this action, was a member of the Disciplinary Board of the State Bar of Georgia.  She is sued in her individual and official capacities. This Defendant may be served with process at the following address:  105 Nature's Court, Pooler, Georgia 31322.

7.  The Defendant Jeffrey R. Harris is an adult citizen and resident of the State of Georgia, and at all times relevant to this action, was a member of the Disciplinary Board of the State Bar of Georgia.  He is sued in his individual and official capacities. This Defendant may be served with process at the following address:  410 E. Broughton Street, Savannah, Georgia 31401.

4

8.  The Defendant Casey Carter Santas is an adult citizen and resident of the State of Georgia, and at all times relevant to this action, was a member of the Disciplinary Board of the State Bar of Georgia.  He is sued in his individual and official capacities. This Defendant may be served with process at the following address:  75 Langley Drive, Lawrenceville, Georgia 30046.

9.  The Defendant Patricia F. Ammari is an adult citizen and resident of the State of Georgia, and at all times relevant to this action, was a member of the Disciplinary Board of the State Bar of Georgia.  She is sued in her individual and official capacities. This Defendant may be served with process at the following address:  3535 Roswell Road, Suite 23, Marietta, Georgia 30062.

10. The Defendant Kayla E. Cooper is an adult citizen and resident of the State of Georgia, and at all times relevant to this action, was a member of the Disciplinary Board of the State Bar of Georgia.  She is sued in her individual and official capacities. This Defendant may be served with process at the following address:   Building 3000, 535 Telfair Street, Augusta, Georgia 30901.

11. The Defendant Elizabeth L. Fite is an adult citizen and resident of the State of Georgia, and at all times relevant to this action, was a member of the Disciplinary Board of the State Bar of Georgia.  She is sued in her individual

and official capacities. This Defendant may be served with process at the following address: 4355 Cobb Parkway, Suite J564, Atlanta, Georgia 30339.

12. The Defendant Elissa B. Haynes is an adult citizen and resident of the State of Georgia, and at all times relevant to this action, was a member of the Disciplinary Board of the State Bar of Georgia. She is sued in her individual and official capacities. This Defendant may be served with process at the following address: 303 Peachtree Street NE, Suite 3500, Atlanta, Georgia 30308.

13. The Defendant Margaret W. Sigman Puccini is an adult citizen and resident of the State of Georgia, and at all times relevant to this action, was a member of the Disciplinary Board of the State Bar of Georgia. She is sued in her individual and official capacities. This Defendant may be served with process at the following address: One West Park Avenue, Savannah, Georgia 31401.

14. The Defendant Sherry Boston is an adult citizen and resident of the State of Georgia, and at all times relevant to this action, was a member of the Disciplinary Board of the State Bar of Georgia. She is sued in her individual and official capacities. This Defendant may be served with process at the following address: 556 N. McDonough Street, Suite 700, Decatur, Georgia 30030.

15. The Defendant Elizabeth Pool O'Neal is an adult citizen and resident of the State of Georgia, and at all times relevant to this action, was a member of the Disciplinary Board of the State Bar of Georgia.  She is sued in her individual and official capacities. This Defendant may be served with process at the following address:  612 W. Taylor Street, Griffin, Georgia 30223.

16. The Defendant David Forest Richards, III is an adult citizen and resident of the State of Georgia, and at all times relevant to this action, was a member of the Disciplinary Board of the State Bar of Georgia.  He is sued in his individual and official capacities. This Defendant may be served with process at the following address:   772 Masters Drive, Stone Mountain, Georgia 30087.

17. The Defendant Jennifer D. Ward is an adult citizen and resident of the State of Georgia, and at all times relevant to this action, was a member of the Disciplinary Board of the State Bar of Georgia. She is sued in her individual and official capacities. This Defendant may be served with process at the following address:  316 Lakeshore Drive, Savannah, Georgia 31419.

18. The Defendant Michael Fuller, Sr. is an adult citizen and resident of the State of Georgia, and at all times relevant to this action, was a member of the Disciplinary Board of the State Bar of Georgia.   He is sued in his individual and official capacities. This Defendant may be served with process

at the following address:   1266 S. Jackson Springs Road, Macon, Georgia 31211.

19. The Defendant Jennifer Elizabeth Dunlap is an adult citizen and resident of the State of Georgia, and at all times relevant to this action, was a member of the Disciplinary Board of the State Bar of Georgia. She is sued in her individual and official capacities. This Defendant may be served with process at the following address:   1332 Wynnton Road, Columbus, Georgia 31906.

20. The Defendant Christian J. Steinmetz, III is an adult citizen and resident of the State of Georgia, and at all times relevant to this action, was a member of the Disciplinary Board of the State Bar of Georgia. He is sued in his individual and official capacities. This Defendant may be served with process at the following address:   425 E. President Street, Savannah, Georgia 31401.

21. The Defendant Brandon L. Peak is an adult citizen and resident of the State of Georgia, and at all times relevant to this action, was a member of the Disciplinary Board of the State Bar of Georgia. He is sued in his individual and official capacities. This Defendant may be served with process at the following address:   105 13th Street, Columbus, Georgia 31901.

22. The Defendant Tomieka Daniel is an adult citizen and resident of the State of Georgia, and at all times relevant to this action, was a member of the Disciplinary Board of the State Bar of Georgia. She is sued in her individual and official capacities. This Defendant may be served with process at the following address:  241 Third Street, Macon, Georgia 31201.

23. The Defendant Christopher Sutton Connelly is an adult citizen and resident of the State of Georgia, and at all times relevant to this action, was a member of the Disciplinary Board of the State Bar of Georgia. He is sued in his individual and official capacities. This Defendant may be served with process at the following address:   9899 Commerce Street, Summerville, Georgia 30747.

24. The Defendant Melody A. Glouton is an adult citizen and resident of the State of Georgia, and at all times relevant to this action, was a member of the Disciplinary Board of the State Bar of Georgia. She is sued in her individual and official capacities. This Defendant may be served with process at the following address: One Sugarloaf Center, 1960 Satellite Boulevard, Suite 4000, Duluth, Georgia 30097.

25. The Defendant Dawn M. Jones is an adult citizen and resident of the State of Georgia, and at all times relevant to this action, was a member of the Disciplinary Board of the State Bar of Georgia. She is sued in her individual

and official capacities. This Defendant may be served with process at the following address: 1230 Peachtree Street, NE, Suite 1900, Atlanta, Georgia 30309.

## IV.
## STATEMENT OF FACTS

26. L. Lin Wood, Jr. is a member in good standing of the Georgia Bar, and is the sole partner in the law firm of L. Lin Wood, PC in Atlanta, Georgia. He is at this time a resident of the State of South Carolina.

27. On February 11, 2021, Paula J. Frederick, acting in her capacities as General Counsel for the State Bar of Georgia and a member of the Disciplinary Board of the State Bar of Georgia, sent a letter to Mr. Wood stating: **"Pursuant to Bar Rule 4-104, the Board hereby requests that you consent to a confidential evaluation by a medical professional."** (A true and correct copy of Ms. Frederick's letter is attached hereto as Exhibit A and is incorporated herein by reference.)

28. Ms. Frederick, further advised Mr. Wood:

> The Board has preliminarily identified a medical doctor who has agreed to perform the evaluation at the Bar's expense.   Please respond to this letter advising me whether you will undergo the evaluation so that we can finalize arrangements with the doctor and give you contact information.  I understand that you are now living in South Carolina, so if you prefer to see a doctor closer to your residence, I will make those arrangements.

Bar Rule 4-104 provides that a lawyer's refusal to participate in an evaluation recommended under the rule may be grounds for further proceedings under Bar Rules.  **If you decline to cooperate, I will convey that decision to the State Disciplinary Board so that they may decide how to proceed.**

(Exhibit A, Letter from Paula A. Frederick at p. 1) (emphasis not in original).

29. The Plaintiff submits that the "request" of the State Disciplinary Board that he consent and submit to a mental evaluation is coercive in nature and, as Ms. Frederick forewarns in her letter, an attorney who fails or refuses to consent to such a psychological examination faces a grave and imminent threat of disciplinary sanctions, including the emergency suspension of his law license and ability to earn a livelihood.   GA BAR RULE 4-104(2) specifically provides as follows:

A lawyer's refusal to cooperate with the medical or mental health professional or to participate in the evaluation or recommended treatment may be grounds for further proceedings under these Rules, including emergency suspension proceedings pursuant to Rule 4-108.

30. On February 18, 2021, the Plaintiff responded to Ms. Frederick stating: "Likewise, any request for an independent medical examination, physical or mental, raises serious privacy issues, among other significant concerns. . . To date, the Bar has not provided me with the alleged factual justification for the Bar's intrusive demand for a mental health examination and I am aware of no basis for this unprecedented demand on a member of the

Bar of Georgia." Mr. Wood requested a reasonable extension of time to formally respond to the Bar's demands, and to locate counsel to represent him. (A true and correct copy of this letter is attached hereto as Exhibit B and is incorporated herein by reference).

31. On February 19, 2021, Ms. Frederick responded to Mr. Wood's request for an extension giving him until March 15, 2021 within which to respond to the Defendants' request for a medical examination. (A true and correct copy of this letter is attached hereto as Exhibit C and is incorporated herein by reference).

32. On March 2, 2021, the Plaintiff sent a second letter to Ms. Frederick's letter, and requested that she provide him information to assist him in the selection of counsel to represent him in this proceeding. Specifically, Mr. Wood requested that the Disciplinary Board provide him with an explanation of the basis of its determination that he undergoes a mental evaluation. In this letter, Mr. Wood specifically stated:

> Finally, you have asked for a psychological examination, but that seems premature if there is no basis for your statements that I "appear[] to be impaired to practice law" So far, nothing in the Complaint has dealt in any way with my conduct in the practice of law. Proposed Counsel have asked if there is any specific case which serves as the basis for the Bar to challenge my competency to practice law or which justifies an allegation that I "appeared" impaired. Have you or the Bar identified any case in which a client or former client complained that my competency was impaired, if so, which case? Existing case law only includes arguments for

such an examination only after such a hearing had been held and evidence had been presented regarding the attorney's substance abuse or mental incapacities - in all cases which affected his or her competency as a lawyer.

Rule 4-104 reviews are limited to specific and "appropriate" examinations that are tied to a "determination" by the "State Disciplinary Board". There has been no such determination; or, if there has, I was not invited to participate in any hearing prior to that determination. Proposed Counsel has requested copies of that determination, and the basis on which that determination was made. If it does not exist, we suggest that you postpone or rescind this action until such time as an appropriate hearing as to the basis for such a determination is presented and heard.

(A true and correct copy of the letter from L. Lin Wood, Jr. to Paula A. Frederick dated March 2, 2021 is attached hereto as Exhibit D and is incorporated herein by reference).

33. The State Disciplinary Board's authority to make the extraordinary request that an attorney submit to a mental health evaluation is set out in GA BAR Rule 4-104, which provides as follows:

### Rule 4-104. Mental Incapacities and Substance Abuse

Mental illness, cognitive impairment, alcohol abuse, or substance abuse, to the extent of impairing competency as a lawyer, shall constitute grounds for removing a lawyer from the practice of law.

Upon a determination by the State Disciplinary Board that a lawyer may be impaired or incapacitated to practice law as a result of one of the conditions described in paragraph (a) above, the Board may, in its sole discretion, make a confidential referral of the matter to an appropriate medical or mental health professional for the purposes of evaluation and possible referral to treatment and/or peer support groups. The Board may, in its discretion, defer disciplinary findings and proceedings based upon the impairment or incapacities of a lawyer to afford the lawyer an opportunity to

be evaluated and, if necessary, to begin recovery. In such situations the medical or mental health professional shall report to the State Disciplinary Board and the Office of the General Counsel concerning the lawyer's progress toward recovery. A lawyer's refusal to cooperate with the medical or mental health professional or to participate in the evaluation or recommended treatment may be grounds for further proceedings under these Rules, including emergency suspension proceedings pursuant to Rule 4-108.

34. Despite Mr. Wood's request on March 2, 2021 for an explanation regarding the State Disciplinary Board's determination, the Defendants have not been forthcoming with even a scintilla of evidence, facts or information to suggest that the Plaintiff suffers from any "mental illness, cognitive impairment, alcohol abuse, or substance abuse to the extent of impairing competency" which are the sole grounds under Rule 4-401 for ordering a mental evaluation.   Nor has the State Disciplinary Board provided any information or evidence to support its determination.

35. The State Disciplinary Board has not afforded the Plaintiff a reasonable opportunity for a pre-determination hearing, or an opportunity to subpoena or cross-examine witnesses, or present any evidence to challenge its determination that he undergo a mental evaluation prior to making this determination.

36. The Plaintiff states categorically that he does not suffer from any mental illness, cognitive impairment, alcohol abuse, or substance abuse.

37. The fact that the Defendants have, according to Ms. Frederick's letter of February 11, 2021, "determined" that the Plaintiff is in need of a mental evaluation has itself created an ongoing threat of irreparable harm to the Plaintiff.  His ability as an attorney to sign on new clients or engage in needed commitments in his legal practice, have now been interrupted due to the fact that he may face imminent suspension of his license unless he consents to undergo an entirely subjective mental health evaluation by a medical doctor, a psychiatrist.

38. The Plaintiff alleges that there is not a single complaint or grievance from any present or former client which has been cited as grounds by the Defendants for their pre-hearing determination that he should undergo a mental examination.

39. Plaintiff submits that in every reported Georgia case in which an attorney has been required to submit to a mental health evaluation, there was first a threshold determination based on complaints *from the attorney's clients* which raised concerns of some significant impairment or disability that interfered with the attorney's ability to competently represent his clients' interests.[1]

---

[1]  See *In re Rand*, 616 S.E.2d 452, 453, 279 Ga. 555, 556 (2005)(special master found that attorney suffered a significant mental disability and because of that disability failed to

40. Plaintiff further alleges that in the instant case not one of his clients or former clients has complained to the Bar that he has exhibited any signs of "mental illness, cognitive impairment, alcohol abuse, or substance abuse" which are the sole predicate factors stated in Rule 4-104 for determining an attorney's need for a referral to an appropriate medical or mental health professional.

41. No factual basis exists for the Defendants to assert that the Plaintiff's professional relationship with any client or case has been, or is now being, adversely impacted by any of his actions as an attorney.

42. The Plaintiff alleges that the actions of the State Disciplinary Board of requiring him to undergo a mental evaluation are motivated, in whole or in part, on the Plaintiff's exercise of his free speech as a private citizen on

---

account properly for funds held in a fiduciary capacities and that he applied settlement funds improperly); *In re Giallanza*, 695 S.E.2d 254, 254, 287 Ga. 257, 257 (2010)(six separate grievances filed against filed by clients against attorney for mishandling and misappropriation of client funds found to suffer from dementia); *Matter of Levine*, 811 S.E.2d 349, 350–51, 303 Ga. 284, 286 (2018)(attorney sanctioned under Rule 4-104 who admittedly was suffering mental and emotional impairments arising out of his on-going divorce action and preexisting medical issues); *In re Morales*, 651 S.E.2d 84, 86, 282 Ga. 471, 472 (2007)(attorney admitted that he suffered from mental and showed strong feelings of paranoia and persecution); *Matter of Tapley*, 842 S.E.2d 36, 37, 308 Ga. 577, 578 (2020)(attorney who was in his 80s admitted that he was no longer "physically and mentally able to adequately represent his clients" and that he was "just not up to the pressure").

matters of national and inherent public concern and on his legal advocacy calling into question certain practices by election officials in Georgia and elsewhere in the country.

43. The Plaintiff further alleges that the actions of the State Disciplinary Board are based on communications from members with existing conflicts of interest, who have not recused themselves or taken appropriate steps to avoid an appearance of impropriety.

44. In support of this allegation, Plaintiff alleges that prior to Ms. Frederick's letter on February 11, 2021, the State Bar of Georgia received grievances from four individuals outside the State of Georgia who attacked the Plaintiff based on his exercise of his free speech as a private citizen on political issues of inherent public and national concern.

45. These same out-of-state complaints openly criticize and demean the Plaintiff for his legal advocacy in challenging certain deficiencies in the November 2020 election process and his participation in various court challenges calling for judicial review of cited examples of fraudulent balloting in several jurisdictions.

46. The concerns of lack of integrity in the election process in November of 2020, as litigated by the Plaintiff have recently been vindicated by Supreme Court Justice Clarence Thomas:

That is not a prescription for confidence. Changing the rules in the middle of the game is bad enough. Such rule changes by individual and officials who may lack authority to do so is even worse. When those changes alter election results, they can severely damage the electoral system on which our self-governance so heavily depends. If state individual and officials have the authority they have claimed, we need to make it clear. If not, we need to put an end to this practice now before the consequences become catastrophic.

*Republican Party of Pennsylvania v. Degraffenreid*, 592 U.S. ____ (2021), J. Thomas dissenting from denial of certiorari (joined in a separate dissent by Alito and Gorsuch, JJ).

47. Plaintiff's concerns have also been vindicated in other jurisdictions. In the matter *Robber Genetski, County of Alleghan Clerk, and Michigan Republican Party v. Jocelyn Benson and Jonathan Brater, Director of Elections* (Case No. 20-000216-MM), the State of Michigan Court of Claims ruled on March 9, 2021 that the Director of Elections' "guidance" to absentee voters via its "Absent Voter Ballot Processing: Signature Verification and Voter Notification Standards" violated Michigan's Administrative Procedures Act ("APA"). The Court in Michigan found that the changes that Michigan's Secretary of State Jocelyn Benson made to the absentee ballots' examination process had to have been promulgated by the Legislature pursuant to APA's procedures, and because it was not, the rule was declared invalid. Plaintiff L. Lin Wood, in his Georgia election integrity lawsuits, challenged similar issues, *i.e.,* the illegality of the Compromise Settlement Agreement and

Release that Georgia's Secretary of State entered on March 6, 2020, without the Legislature's input, altering Georgia's mail-in voting and absentee ballots' review.

48. The four out-of-state grievances which the Plaintiff alleges served as the basis for the Defendants' request that he undergo a mental evaluation were all received in late December and early January of 2021. The individuals who lodged these grievances were: Ted Kurt who resides in Maumee, Ohio; John Bellocchio, who resides in Hackensack, New Jersey; Paul Fine who resides in Chicago, Illinois; and Stacey Smith-Goldenberg, who resides in Eugene, Oregon;

49. Ted Kurt is a retired attorney in Maumee, Ohio. He admits in his Bar grievance that he has never had any direct contact with the Plaintiff, and that he has never been in an attorney-client relationship with the Plaintiff. In his grievance, which was received by the State Bar of Georgia on December 28, 2020, Mr. Kurt's sole criticism of the Plaintiff involves what he characterizes as "seditious speech" by Mr. Wood on his personal Twitter account on December 14, 2020. The comment published by Mr. Wood, which forms the basis of Mr. Kurt's false and defamatory bar grievance, reads as follows: "Better be safe than sorry. Make sure you have plenty of water, food,

flashlights and batteries, candles, radio, 2nd Amendment supplies, and a plan to meet with leaders in your communities."

50. John Bellocchio, who resides in Hackensack, New Jersey, has never met or spoken with the Plaintiff.  He has never been in an attorney-client relationship with Mr. Wood. Yet, in his Bar grievance filed on January 4, 2021, he accuses the Plaintiff of treason by knowingly levying war against the State of Georgia, adhering to her enemies and giving them aid or comfort".  This false and defamatory accusation by Mr. Bellocchio is based entirely on a single comment on Mr. Wood's personal Twitter account which was critical of former Vice-President Mike Pence.  Plaintiff's comment was purely political and rhetorical hyperbole and protected under the First Amendment.

51. Paul Fine is an attorney in Chicago.  He admits in his false and defamatory Bar grievance filed against Mr. Wood that he has never met or spoken with the Plaintiff.  He admits that Mr. Wood has never been in an attorney-client relationship with him.  Mr. Fine bases his bar grievance entirely on comments allegedly published by Mr. Wood on January 1, 2021, on his personal Twitter account which were critical of former Vice-President Mike Pence.  Mr. Fine makes the defamatory and unsupported accusation that because of Mr. Wood's Twitter comment he must be "either mentally unbalanced, or willing to misuse the legal process for improper ends."  Mr.

Wood's Twitter comments constitute political, rhetorical hyperbole and are thus protected speech under the First Amendment and cannot constitutionally serve as a basis for requiring him to undergo a mental health evaluation.

52. Stacey Smith-Goldenberg resides in Eugene, Oregon.  She admits in her Bar grievance filed against Mr. Wood that she has never met or spoken with the Plaintiff. She admits that Mr. Wood has never been in an attorney-client relationship with her.  Ms. Smith-Goldenberg falsely defamed Mr. Wood based on his comments on Twitter of inciting the "riot and insurrection at the U.S. Capitol on January 6, 2021." Because of his political comments, which at most constitute rhetorical hyperbole, Ms. Smith-Goldenberg called on the State Bar of Georgia to "revoke Mr. Wood's license to practice law." The Plaintiff would again reiterate that his comments were of a political nature and rest on the highest rung of protection under the First Amendment.

53. As further evidence of the Defendant's improper motive in ordering him to undergo a mental health evaluation, Defendants have recently "changed the rules" appliable to this action against the Plaintiff.  On January 9, 2021, Office of the General Counsel for the State Bar of Georgia forwarded Proposed Rule Changes to the Board of Governors for consideration at its Mid-Year Meeting on January 9,2021.  One of the proposed rule changes to Rule 4-202 of the Georgia Bar Rules allowed grievance complaints to be

considered if based on "credible information from any source" as opposed to the prior rule which limited consideration to grievances filed by clients.  It further appears that the Board of Governors changed the rules on January 9, 2021 to allow for consideration of grievance complaints filed by out-of-state non-clients.

54. All four of the out-of-state non-clients who filed complaints against the Plaintiff based their grievances on speech activity by Mr. Wood that occurred *prior* to this new rule change on January 9, 2021.  None of those grievances allege unethical conduct associated with or related to the practice of law, the sole area of the State Bar of Georgia's regulatory jurisdiction. Nonetheless, the State Bar of Georgia is applying this rule change which allows a bar grievance to be initiated on information "from any credible source" retroactively to encompass these earlier out-of-state complaints. The scope of this rule change is breathtaking in its ambiguity, breadth, and would put every attorney at risk of constantly defending against non-client complaints which would threaten their ability to effectively serve as legal advocates.  The rule change is unlawful and unconstitutional as it exceeds any reasonable rule related to the regulation of the practice of law.  The rule change improperly subjects a lawyer to disciplinary action based on disagreement alone, not even limited to the practice of law.

55. According to the January 8, 2021 minutes of the Disciplinary Rules & Procedures Committee of the State Bar of Georgia, the Committee offered a Proposed New Comment to Rule 1.1. "to emphasize the importance of wellness as a component of competence." This proposal was opposed by the Lawyer Assistance Program and the Attorney Wellness Committee.

56. The Plaintiff alleges that the Defendant's actions in subjecting him to an involuntary medical examination as a condition of maintaining his ability to practice his livelihood has had a pronounced chilling effect on his exercise of his free speech rights.

57. The Defendants' actions subject the Plaintiff to the threat of imminent disciplinary action unless he submits to a medical evaluation, without any factual grounds to support their pre-determination that such an evaluation is warranted, and absent any opportunity by the Plaintiff to challenge this decision.  Such action by the Defendants amounts to a denial of the Plaintiff's substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution.

58. In addition, the Defendants' insistence that the Plaintiff submit to a psychological mental evaluation poses a significant threat of intrusion into the Plaintiff's privacy and infringes upon his constitutional rights as protected under the First Amendment of the United States Constitution.

# V. CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983

## Violation of First Amendment of the United States Constitution

59. Plaintiff incorporates herein by reference each of the allegations contained in the preceding paragraphs as fully as though set forth verbatim herein.

60. The authority of the Defendants to request that an attorney admitted to practice before the courts of this state submit to a mental health evaluation is governed by GA BAR RULE 4-104, which provides as follows:

### Rule 4-104. Mental Incapacities and Substance Abuse

Mental illness, cognitive impairment, alcohol abuse, or substance abuse, to the extent of impairing competency as a lawyer, shall constitute grounds for removing a lawyer from the practice of law.

Upon a determination by the State Disciplinary Board that a lawyer may be impaired or incapacitated to practice law as a result of one of the conditions described in paragraph (a) above, the Board may, in its sole discretion, make a confidential referral of the matter to an appropriate medical or mental health professional for the purposes of evaluation and possible referral to treatment and/or peer support groups. The Board may, in its discretion, defer disciplinary findings and proceedings based upon the impairment or incapacities of a lawyer to afford the lawyer an opportunity to be evaluated and, if necessary, to begin recovery. In such situations the medical or mental health professional shall report to the State Disciplinary Board and the Office of the General Counsel concerning the lawyer's progress toward recovery. A lawyer's refusal to cooperate with the medical or mental health professional or to participate in the evaluation or recommended treatment may

be grounds for further proceedings under these Rules, including emergency suspension proceedings pursuant to Rule 4-108.

61. A "determination" by the Board, as that term is used in the second sentence of Rule 4-104, and as cited in Paula Frederick's letter of February 11, 2021, must, at a minimum, signify that the Defendants have a good faith and evidentiary basis for requesting a practicing attorney to undergo a mental examination. Given the paramount privacy interests at stake in ordering someone to undergo such an intrusive process, such a "determination" cannot be based on a whim, rumor or mere speculation and further cannot be based on private speech not related to legal representation of a client.

62. Before an attorney may render his or her informed consent to undergo a state-ordered mental evaluation, they must, as a practical matter, be provided a factual basis for deciding whether to submit to such a governmental directive. The attorney cannot, as a matter of due process, be expected to simply accept at face value, without being provided any explanation or grounds, a government agency's instruction that he or she submit to such an intrusive medical procedure and invasion of privacy.

63. The Defendants' actions in requesting Plaintiff submit to a mental health evaluation are predicated on four non-clients, out-of-state, post hoc grievances that take issue with Plaintiff's political speech, via social media

(Twitter or Parler), relating to a matter of public concern and made in a public forum.

64. Plaintiff's social media and political speech activity which clearly formed the basis of the four non-client, out-of-state allegations, constitutes speech that is protected under the First Amendment of the United States Constitution. Plaintiff submits that these complaints were based, in whole or in part, on the Plaintiff's participation in political activities and legal challenges against certain balloting and election procedures in the 2020 Presidential election. These issues are – and remain – legitimate concerns as recently recognized by a sitting Justice on the United States Supreme Court.

65. Accordingly, Plaintiff was engaged in conduct protected by the First Amendment.

66. To the extent the Defendants' directive that the Plaintiff consent to a mental evaluation is premised, in whole or in part, on political remonstrances submitted by the four, non-client out-of-state complainants it is an infringement of the Plaintiff's First Amendment right of freedom of expression.

67. The Defendants' mandate that the Plaintiff should undergo a mental evaluation is retaliatory in nature and is based on the political positions advocated by the Plaintiff and his public expressions calling into question the

legitimacy of certain balloting and election procedures used during the 2020 Presidential election, as well as the Plaintiff's outspoken political positions with respect to former President Donald Trump.

68. The Plaintiff faces an imminent threat to his ability to earn a livelihood in the practice of law and an all but certain suspension of his law license if he does not consent to undergo a mental health evaluation by an unidentified physician hired by the State Disciplinary Board's (or General Counsel's) choosing.

69. The actions of the Defendants, acting individually and in their roles as members of the State Disciplinary Board and/or General Counsel for the State Bar of Georgia are being carried out under color of state law, and with reckless disregard for the Plaintiff's clearly established constitutional rights under the First Amendment.

70. The Defendants' individual and collective actions have a continuing chilling effect upon the Plaintiff's free speech rights under the First Amendment.

71. As a consequence of the Defendants' intentional actions to deprive the Plaintiff of his constitutional rights, he has suffered, and continues to suffer humiliation, embarrassment, injury to reputation and other injuries for which he is entitled to nominal and compensatory damages.

72. The Plaintiff is entitled to temporary injunctive relief to enjoin and restrain the Defendants, and all those acting in concert with them, from the continued violation of his constitutional rights under the First Amendment of the United States Constitution.

73. In addition, the Plaintiff requests that this Court enter a declaratory judgment declaring the actions of the Defendants to be in violation of the Plaintiff's rights as guaranteed by the First Amendment of the United States Constitution.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983

**Subjection To Mental Evaluation Without Due Process of Law
Violation of Due Process Clause of the Fourteenth Amendment of the
United States Constitution**

74. Plaintiff incorporates herein by reference each of the allegations contained in the preceding paragraphs as fully as though set forth verbatim herein.

75. Since his admission to the Georgia bar in 1977, the Plaintiff has successfully litigated dozens of complex civil cases on a national level and before several of the highest courts across the country.  Until this present accusation by the Georgia Bar in January of 2021, the Plaintiff's competence, mental acuity or fitness to practice law has never once been called into

question.  Nor has the Plaintiff ever been accused of, or suffered from, any alcohol or substance abuse.

76. On January 29, 2021, the Plaintiff sent an email to Paula Frederick putting the Defendants on notice of his concerns that any decision to require him to submit to a medical evaluation would constitute a violation of his personal right of free speech.  In this email, Mr. Wood stated as follows:

From: **Lin Wood**
Sent: Friday, January 29, 2021 10:21 PM
To: **Paula Frederick** <paulaf@gabar.org>
Subject: **My Bar License**

Paula,

Please share the message in the link below with the members of the Executive   Committee.

I hope they make a wise decision and avoid the battle over an medical exam that is  unjustified.
The Bar does not regulate my personal right of free speech.

https://t.co/lgrko1dcHx

Thank you.

 Lin

L. Lin Wood
L. Lin Wood, P.C.
P.O. Box 52584
Atlanta, GA 30355-0584
Telephone: (404) 891-1402
Direct Dial: (404) 891-1406
E-Mail: lwood@linwoodlaw.com

77. On February 5, 2021, just five business days after Mr. Wood's email on January 29, 2021, and despite the Plaintiff's concerns relative to his free speech interests, the Defendants, acting on their own initiative, filed a bar

grievance against the Plaintiff.  In this grievance, the Defendants cited, as one of their grounds, Bar Rule 4-104 (Mental Incapacities and Substance Abuse).

78. On February 11, 2021, Ms. Frederick sent a letter to Mr. Wood in which she advised that she had circulated Mr. Wood's email dated January 29, 2021 to the members of the State Disciplinary Board, and further advised: "The Board did not reconsider its finding that you may be impaired or incapacitated to practice law." (See Exhibit A to Complaint at ¶ 1).

79. Plaintiff alleges that the Defendants' decision to refer him for a mental health evaluation was a foregone conclusion based on the attacks upon the Plaintiff's social media, political speech activity set forth in the four non-client, out-of-state grievances referred to in ¶¶ 40-49.

80. At no time prior to their February 11, 2021 letter directing the Plaintiff to consent to undergo a confidential mental health evaluation did the Defendants present the Plaintiff with any evidence to support a determination that the Plaintiff has exhibited any signs of "mental illness, cognitive impairment, alcohol abuse, or substance abuse" which are the sole predicate factors stated in Rule 4-104 for determining an attorney's need for a referral to an appropriate medical or mental health professional.  The Defendants have still presented no such evidence.

81. The Fourteenth Amendment of the United States Constitution affords substantive and procedural due process to protect fundamental liberty interests against certain governmental intrusions and places limitations on state action that deprives individuals of life, liberty, or property without due process of law.  Included within this protection is the right to meaningful notice and an opportunity to be heard.

82. The Disciplinary Board without providing Plaintiff with meaningful notice or an opportunity to be heard, unilaterally and without any basis in fact, made a determination that Plaintiff should undergo a mental health evaluation.

83. On March 19, 2021, the Plaintiff sent a letter to Defendant Christian J. Steinmetz, III, the individual whom the Disciplinary Board has identified as the one in charge of this disciplinary action against Mr. Wood.  In his letter, Mr. Wood again requested that "any further action be predicated upon: a) an opportunity for notice and hearing with respect to any charges that might lead to a determination under Rule 4-104(b); and b) confirmation of an appropriate process to identify conflicts of interest and an inquiry into the motivations of the persons who are acting on behalf of the Bar and the Disciplinary Board, including the right to challenge persons who have a conflict of interest. (A true and correct copy of this letter dated March 19, 2021, is attached hereto as Exhibit E and is incorporated herein by reference).

84. On March 19, 2021, Mr. Wood received the following response email

from Mr. Steinmetz:

**From:** Chris Steinmetz <cjs@ggsattorneys.com>
**Date:** March 19, 2021 at 4:07:46 PM EDT
**To:** Lin Wood <lwood@linwoodlaw.com>
**Subject: CONFIDENTIAL - L. Lin Wood, Proposed Grievance File No. 210010**

Mr. Wood –

Thank you for your letter of today.

As indicated in my correspondence of March 15, 2021, you have until March 31, 2021 to respond to the Board's request for a medical examination and for your challenges to the participation of any Board Members and until March 31, 2021 to respond to the Notice of Investigation in the Board-issued Notice of Investigation No. 210010. You have previously been advised that you are entitled to the advice of counsel in these matters. There are many lawyers who have considerable expertise in representing lawyers in matters such as these. If for any reason you are unclear as to your present obligations, I urge you to seek the advice of learned counsel.

Your responses are governed by Rules 4-104, 4-204.3, and Rule 11 of the Internal Rules of the State Disciplinary Board. Any timely response submitted in conformance with the Rules will be considered, but in any event, the Board is obligated to follow and will follow the Rules. I urge you to read these Rules and comply with them, as will the Board when it administers your matters. Again, if for any reason you are unclear as to your present obligations under these rules, I urge you to seek the advice of counsel.

I will look for your responses detailed above on or before March 31st.

Thank you,

**Christian J. Steinmetz III, Esq.**
**Member, State Disciplinary Board**
**State Bar of Georgia**

85. Despite repeated requests, the Defendants have failed to come

forward with any factual basis to require the Plaintiff to undergo a mental

health evaluation or any factual allegation that a client has been, or is now

being, adversely impacted by the Plaintiff's professional conduct or his

actions as an attorney or that Plaintiff is "impaired or incapacitated to practice

law."

86. To be sure, no client or former client of the Plaintiff has filed a complaint or grievance regarding Plaintiff's competency as a lawyer; nor has any client asserted that Plaintiff is in any way impaired or incapacitated in his representation or practice of law.

87. The failure or refusal of the Plaintiff to accede to the Disciplinary Board's determination and request that he under a mental evaluation is tantamount to the Board imposing an emergency suspension of the Plaintiff's law license, and could result in the long term suspension of the Plaintiff's license and even disbarment.

88. The actions of each of the Defendant members of the Disciplinary Board constitute an arbitrary and capricious abuse of its authority in violation of the Plaintiff's substantive due process rights under the Fourteenth Amendment, which guarantee is intended to prevent state actors from employing their power in an abusive or oppressive manner.

89. Plaintiff alleges each of the Defendants, acting individually, or in their official capacities as members of the State Board of Discipline and/or General Counsel for the State Bar of Georgia, have acted in reckless disregard of his clearly established constitutional rights and have deprived him of a valid substantive liberty or property interest without adhering to the basic procedural obligations required by the Due Process Clause.

90. The requirements of procedural due process must be met before a State can exclude a person from practicing law. *Willner v. Committee on Character and Fitness*, 373 U.S. 96, 102, 83 S.Ct. 1175, 1179–80, 10 L.Ed.2d 224 (1963). The same must, of necessity, be true before a State can demand that one submit to a compelled mental examination.

91. Plaintiff has a property interest in his license or right to practice law.

92. The Plaintiff is entitled to temporary injunctive relief to enjoin and restrain the Defendants, and all those acting in concert with them, from the continued violation of his due process rights under the Fourteenth Amendment of the United States Constitution.

93. In addition, the Plaintiff requests that this Court enter a declaratory judgment declaring the actions of the Defendants to be in violation of the Plaintiff's rights as guaranteed by the Fourteenth Amendment of the United States Constitution.

94. As a further consequence of the Defendants' intentional actions to deprive the Plaintiff of his constitutional rights he has suffered, and continues to suffer humiliation, embarrassment, injury to reputation and other injuries for which he is entitled to nominal and compensatory damages.

## THIRD CLAIM FOR RELIEF
### 42 U.S.C. § 1983

### Violation of Constitutional Right To Privacy

**(First, Ninth and Fourteenth Amendments of the United States Constitution)**

95. Plaintiff incorporates herein by reference each of the allegations contained in the preceding paragraphs as fully as though set forth verbatim herein.

96. The Plaintiff has a protected constitutional right under the First, Ninth and Fourteenth Amendments of the United States Constitution to his personal privacy from unwarranted government intrusion.

97. The Due Process Clause of the Fourteenth Amendment places limitations on state action that deprives individuals of life, liberty, or property.

98. Substantive protections of the Due Process Clause include the right to avoid disclosure of sensitive, personal information. Courts have long recognized the right to privacy in one's medical information.

99. Consistent with, and in accordance with Plaintiff's constitutional right to privacy, Georgia Bar Rule 4-221.1 provides that the State Bar of Georgia shall maintain as confidential all disciplinary investigations and proceedings pending at the screening or investigative stage, unless otherwise provided by these Rules.

100. Notwithstanding Plaintiff's constitutional right to privacy and the concomitant rights afforded by Rule 4-221.1, on or before January 26, 2021, Paula J. Frederick, as General Counsel and on behalf of the Disciplinary Board

communicated with attorney Chris Marquardt, Plaintiff's former counsel in a pending civil lawsuit arising out of a fee-splitting dispute, and disclosed information that would otherwise be confidential, that is, that the Defendants had already determined that Plaintiff would be ordered to submit to a psychiatric evaluation.

101. The Defendants' "request" that Plaintiff submit to a mental health evaluation is an intentional and deliberate violation of this constitutionally protected right of privacy.

102. Additionally, on January 29, 2021, Paula J. Frederick disclosed and published confidential information to Atlanta Journal-Constitution reporters, in violation of Rule 4-221.1 and Plaintiff's right to privacy, wherein Ms. Frederick acknowledged that the State Bar's disciplinary board was investigating Plaintiff and would order him to submit to a psychiatric evaluation.

103. Defendants have provided no factual basis to justify the request that Plaintiff submit to a psychiatric evaluation and forego or forfeit his constitutional right to privacy, as applied in this case.

104. Unless the requested injunctive relief is granted, the Plaintiff faces an imminent risk that his license to practice law will be suspended unless he consents to undergo an unwarranted and unconstitutional invasion of his

privacy in the form of a medical examination by a physician of the Defendants' choosing.

105. The Plaintiff is entitled to temporary injunctive relief to enjoin and restrain the Defendants, and all those acting in concert with them, from the continued violation of his protected privacy rights under the First, Ninth and Fourteenth Amendment of the United States Constitution.

106. In addition, the Plaintiff requests that this Court enter a declaratory judgment declaring the actions of the Defendants to be a violation of the Plaintiff's rights as guaranteed by the First, Ninth and Fourteenth Amendment of the United States Constitution.

107. As a further consequence of the Defendants' intentional actions to deprive the Plaintiff of his constitutional rights he has suffered, and continues to suffer humiliation, embarrassment, injury to reputation and other injuries, for which he is entitled to compensatory damages.

WHEREFORE, Plaintiff requests the following relief:

1. That he be allowed to file this Verified Complaint, and that process issue to each of the named Defendants requiring them to respond within the time required under the Federal Rules of Civil Procedure;

2. That the Court conduct a hearing for the purpose of determining whether the Plaintiff is entitled to a preliminary injunction under Rule

65(a) enjoining and restraining the Defendants, and all those acting in concert with them, from violating the Plaintiff's constitutional rights under the First, Fourth and Fourteenth Amendments of the United States Constitution to require that he undergo a medical, mental, psychiatric or psychological examination;

3.  That at the final hearing in this matter the Court enter an order granting the Plaintiff a permanent injunction enjoining and restraining the Defendants, and all those acting in concert with them, from violating the Plaintiff's constitutional rights under the First, Fourth and Fourteenth Amendments of the United States Constitution to require that he undergo a medical, mental, psychiatric or psychological examination;

4.  That this Court issue an order declaring the Defendants' actions in requiring the Plaintiff to consent to a medical, mental, psychiatric or psychological examination to be a violation of his constitutional rights as protected under the First, Ninth and Fourteenth Amendments of the United States Constitution;

5.  That the Plaintiff be awarded compensatory damages in an amount to be determined by the jury, but in excess of $75,000.00;

6.  That the Plaintiff be awarded nominal damages;

7.  That the Plaintiff be awarded costs, and reasonable attorney's fees as provided in 42 U.S.C. § 1988.

8.  That the Plaintiff have and recover such further relief as the Court determines is proper.

9.  That a jury of six be empaneled to hear and try all issues properly submitted to the trier of fact in this case.

Respectfully submitted,

**CRAIN LAW GROUP, PLLC**

By: */s/ Larry L. Crain*
Larry L. Crain, Esq.
Tenn. Supr. Crt. #9040
5214 Maryland Way, Suite 402
Brentwood, TN. 37027
Tel. 615-376-2600
Fax. 615-345-6009
Email: Larry@crainlaw.legal

*Counsel for the Plaintiff*
*(Pro Hac Vice Pending)*

*/s/ Ibrahim Reyes*
Ibrahim Reyes, Esquire
Florida Bar No. 581798
REYES LAWYERS, P.A.
236 Valencia Avenue
Coral Gables, FL 33134
Tel. 305-445-0011
Fax. 305-445-1181
Email: ireyes@reyeslawyers.com

*Counsel for the Plaintiff*
*(Pro Hac Vice Pending)*

*/s/ L. Lin Wood, Jr.*
L. Lin Wood, Jr., Esq.
GA Bar No. 774588
L. LIN WOOD, P.C.
P.O. Box 52584
Atlanta, GA 30355-0584
Tel. 404-891-1402
Fax. 404-506-9111
Email: lwood@linwoodlaw.com

*Counsel, Pro Se*

## **VERIFICATION**

I, L. Lin Wood, Jr., do hereby certify under penalty of perjury, pursuant to 28 U.S.C. §1746, under the laws of the United States of America that the information contained in the foregoing Verified Complaint is true and correct to the best of my information, knowledge and belief.  Executed on this 23rd day of March, 2021.

*/s/ L. Lin Wood, Jr.*
L. Lin Wood, Jr.