# L. LIN WOOD, P.C.
## TRIAL LAWYERS

L. LIN WOOD
Direct Dial: 404-891-1406
lwood@linwoodlaw.com

March 2, 2021

**<u>VIA E-MAIL & U.S. MAIL - CERTIFIED</u>**

Paula J. Frederick, Esq.
General Counsel
State Bar of Georgia
104 Marietta Street, NW Suite 100
Atlanta, Georgia 30303
paulaf@gabar.org

Re:   L. Lin Wood, Proposed Grievance File No. 210010
      State Disciplinary Board ("Complaint")

Dear Paula:

Thank you for your letter of February 24 granting an extension for my initial responses to the Complaint. I have spent the week discussing the Complaint with national counsel, some dealing with the rules of professional responsibility and some dealing with defamation and First Amendment law. I am meeting with various lawyers ("Proposed Counsel") and that selection should be finalized this week.

Without prejudice to the issues mentioned in my previous letter, however, Proposed Counsel are confused by the basis of the claims and have asked for clarification to the questions below.

*Composition of the Disciplinary Board*

1.   As I noted in my letter of February 18, there are members of the Disciplinary Committee that have conflicts of interest in connection with this matter, having represented parties that have served to represent, for example, the Democrat Party in some of these or related election matters. Those conflicts taint the Complaint and any proceeding that might arise therefrom. We would ask that you clean your own house; as you might expect, we intend to challenge any actions of the Board based on input from or deliberations involving conflicted persons. Can you confirm that all members of your "Disciplinary Committee" have affirmed in writing that they have no interests that would color their judgment in these matters?

Paula J. Frederick, Esq.
March 2, 2021
Page 2 of 5

---

Please note that it has come to our attention that comments from third parties to members of the Bar may be the source of some of the information in the Complaint. You have provided me with only 4 formal complaints, not the other information that the Bar and the members of the Disciplinary Board have received from those third parties, including Dean Cathy Cox of the Walter F. George School of Law at Mercer University, who seems to have a financial interest in punishing me, as well as a political stake in the matter. She may also be concerned reputationally about her involvement in past decisions that I have called into question. There may be other information you have received from persons with conflicts of interest, and complete disclosure of those communications is warranted. For example, the Board received pursuant to a subpoena information from Wade, Grunberg & Wilson, LLC, (WGW) that should be promptly provided to me as WGW is undisputedly a party with adverse interests to me in pending civil litigation. I expect the Board to be impartial and I expect that I will have the rights to question or impeach any similar sources of information provided to the Board – orally or in writing. As you know, I am entitled to full due process of law.

*Jurisdiction*

2. Your Complaint is confusing to Proposed Counsel as the source of authority for this investigation is not clear; that is making it difficult for my Proposed Counsel to even identify what their responsibilities are or might be. The Bar has jurisdiction to maintain and enforce the Rules of Professional Conduct (the "Rules"). [Bar Rule 4-101] Rule 4-201 limits the Board's authority to "investigate and discipline lawyers for violations of the Georgia Rules of Professional Conduct."

In a review of past disciplinary actions, it appears that the Bar has recognized that its jurisdiction is limited to conduct of a lawyer acting as a lawyer. The complaint form on the Bar's website specifically asks for this information: "If you would like to file a complaint against *__your lawyer__*, please download the following grievance form and instructions." (Emphasis added) Rule 8.5(b) provides as follows with respect to "*__any__* exercise of the disciplinary authority" of the Bar (emphasis added):

> In any exercise of the disciplinary authority of this jurisdiction, the rules of professional conduct to be applied shall be as follows:
>
> 1. for conduct in connection with a matter pending before a tribunal, the rules of the jurisdiction in which the tribunal sits, unless the rules of the tribunal provide otherwise; and
>
> 2. for any other conduct, the rules of the jurisdiction in which the lawyer or Domestic or Foreign Lawyer's conduct occurred, or, if the predominant effect

of the conduct is in a different jurisdiction, the rules of that jurisdiction shall be applied to the conduct. A lawyer or Domestic or Foreign Lawyer shall not be subject to discipline if the lawyer's or Domestic or Foreign Lawyer's conduct conforms to the rules of a jurisdiction in which the lawyer or Domestic or Foreign Lawyer reasonably believes the predominant effect of the lawyer or Domestic or Foreign Lawyer's conduct will occur.

The Comments to this Rule make it clear that there can be situations where the standards of conduct for lawyers in different jurisdictions may be subject to a conflicts of law analysis. But all such conflicts of law analyses relate to professional conduct in connection with acting as a lawyer.

The Rules of Professional Conduct proscribe certain conduct in dealing with others -- but only "as a lawyer" or "in representation of a client." No complaint cited was filed by a client, former client, opposing counsel in a matter, or a judicial officer. As to the four (4) grievance forms at issue, all four individuals acknowledge that they have had no contact with me – I have not interacted with any of them at all, much less in a professional capacity.

The Complaint does not specify which of the Rules have been violated in a professional setting. The Complaint attaches over 1600 pages of filings made in four cases (plus a local complaint); Proposed Counsel does not believe those pages are germane at all – none of them reflect any violation of the Rules in a professional capacity. Further, each of those cases was filed by other attorneys as counsel of record. Three of the four cases were filed in jurisdictions other than Georgia. As noted above, the conduct of the lawyers in those cases are governed by the laws in those jurisdictions. I have not taken any action that would merit even attaching those pages (over 23 megabytes) to the Complaint.

I was only "of counsel" in each of those cases or added for oral argument. I did not seek *pro hac vice* privileges in any of those cases so I was not counsel of record. I am not aware of any disciplinary complaints against any other lawyer leading me to believe, as the facts will show, that the Bar has singled me out for this Complaint based on public statements which, I have previously demonstrated, were based on affidavits provided to me and, in any event, political speech protected by the First Amendment and the state constitutions at issue.

If your actions are taken in connection with an action pending before a tribunal – including any of the four cases you have attached to the Complaint (all filed by other counsel of record), could you please clarify which case you are referencing, and what specified aspect of the case was a violation of the Rules?

*Public and Private Statements*

3. The second part of the Complaint cites various public statements and private statements, including tweets/social media posts. I assume that the Bar is not asserting jurisdiction to prevent a lawyer from expressing political opinions, or making statements provided to him in sworn affidavits?

As noted above, I would not make a comment that I did not have a basis for believing was true, particularly if, as a defamation lawyer, I would be opening myself up to a challenge of defamation. I have provided you with copies of the supporting documents that demonstrate the support for those statements, which I assume you at least have reviewed by now. Please confirm that you received the flash drive that I sent with that information and the status of the Board's investigation into the information I provided in response to the 4 complaints filed against me by non-clients.

I have not made any statement to "incite" violence under any applicable precedent. If you believe otherwise, or if you believe I have made comments that are not otherwise protected as free speech, please identify which statements are at issue and how they violate the *Brandenburg* test as enunciated in *Brandenburg v. Ohio*, 395 U.S. 444 (1969). It is not apparent to Proposed Counsel who have read the jumble of comments thrown together in the Complaint. We reserve the right to challenge the authority of the Bar to limit the free speech rights of any lawyer, as set forth in the U.S. and state constitutions and otherwise.

As you know, while the lawyer may have "responsibilities" that are highlighted in the Preamble to the Rules, the lawyer has a "***duty***" (when necessary) to "challenge the rectitude of official action." How an individual lawyer wants to carry that out is up to that individual. Some have gone to extremes and when they violate the law, they have been punished; a few have subsequently been disciplined. But the issue here is what public and private statements may be subject to "discipline" before a Disciplinary Board as an initial matter. I reserve my rights to speak on political matters as I like and did not give up that right when I became a member of the Bar. No lawyer did.

Protected speech may be inflammatory, and even challenge the legitimacy of the government – or an election. But to hold that political speech cannot be zealously expressed – particularly as part of an important national conversation -- would be to muzzle a lawyer in his or her outrage over injustice or unlawful acts or unconstitutional acts by the government. Please expect my Proposed Counsel to challenge the jurisdiction of the Committee over the political speech of lawyers -- no matter how aggressive it may appear to lawyers of the other political party or on the other side of the issue. If you can identify ***any*** precedent to the contrary, please identify it.

Paula J. Frederick, Esq.
March 2, 2021
Page 5 of 5

4. Another portion of your complaint (the WGW civil lawsuit) cites allegations in pending litigation. I have denied those allegations and they are before a court for decision as to their credibility. A mere statement made by a litigant in a complaint cannot be treated as true – even when contained in a verified complaint. My Proposed Counsel are confused as to how such statements may be relied upon as a basis for a disciplinary complaint, and whether there is any precedent for relying on such statements in a disciplinary proceeding. Any precedent for such treatment would be helpful.

***Determination of Impairment***

5. Finally, you have asked for a psychological examination, but that seems premature if there is no basis for your statements that I "appear[] to be impaired to practice law" So far, nothing in the Complaint has dealt in any way with my conduct in the practice of law. Proposed Counsel have asked if there is any specific case which serves as the basis for the Bar to challenge my competency to practice law or which justifies an allegation that I "appeared" impaired. Have you or the Bar identified any case in which a client or former client complained that my competency was impaired, if so, which case? Existing case law only includes arguments for such an examination only after such a hearing had been held and evidence had been presented regarding the attorney's substance abuse or mental incapacity – in all cases which affected his or her competency as a lawyer.

Rule 4-104 reviews are limited to specific and "appropriate" examinations that are tied to a "determination" by the "State Disciplinary Board". There has been no such determination; or, if there has, I was not invited to participate in any hearing prior to that determination. Proposed Counsel has requested copies of that determination, and the basis on which that determination was made. If it does not exist, we suggest that you postpone or rescind this action until such time as an appropriate hearing as to the basis for such a determination is presented and heard.

I will make a final decision on Proposed Counsel as soon as I can help them (and me) understand the basis for this "complaint."

With professional regards,

Very truly yours,

L. Lin Wood