# L. LIN WOOD, P.C.
## TRIAL LAWYERS

L. LIN WOOD
Direct Dial: (404) 891-1406
lwood@linwoodlaw.com

March 19, 2021

**VIA E-MAIL & U.S. MAIL - CERTIFIED**

*Without Prejudice - All Rights and Immunities Preserved*

Christian J. Steinmetz, III, Esq.
Gannam, Gnann & Steinmetz
425 E. President Street
Savannah, Georgia 31401
cjs@ggsattorneys.com

Re: L. Lin Wood, Jr.: Georgia State Bar Activities
Request for Addressing Conflicts of Interest and
Perceived Conflicts of Interest

Dear Mr. Steinmetz:

Thank you for your letter of March 15, 2021. I will respond to this initial request:

> "At your earliest opportunity, please have your counsel for this matter provide written confirmation of representation and all contact information for further communication with me on this matter. If you are going to represent yourself in this proceeding, please confirm that to me in writing along with your preferred contact information."

I have no idea what I am going to do or who will represent me in this "matter" because I have no idea what is being alleged by the State Bar of Georgia (the "Bar") or the "State Disciplinary Board" in this matter, and despite my repeated requests to Ms. Frederick for clarification, I have not received any communication from her. I gather that your letter is a result of a lateral pass to you because Ms. Frederick has no idea how to answer my letters in this "shoot-from-the-hip" action by a few politically-motivated lawyers in charge of the Georgia Bar.

I would therefore respectfully ask that you or Ms. Frederick respond to the letters I have sent requesting (a) the factual and legal basis the Disciplinary Board's required "determination" that is a predicate for a request for a mental examination [Rule 4-104(b)], (b) what specific matters constituted the basis for such a determination, and (c) when the Disciplinary Board would open a hearing on the matter so that I could find the necessary counsel to ensure that due process in that proceeding. As noted below, the Rules appear to have been changed in the last few weeks, and it would help to know the timing of the conduct complained of, what Rules were in effect at that

Christian J. Steinmetz, III, Esq.
March 19, 2021
Page 2

time, and whether those Rules apply or whether the Bar intends to apply new Rules retroactively. Does that seem reasonable?

When I receive that clarification, I will be in a better position to discuss the matter with the appropriate counsel or decide how to proceed. When I receive the requested clarification, I will be in a better position to know whether to hire a constitutional lawyer, a Bar ethics lawyer, or a torts lawyer.

I reiterate my reasonable request for an extension of time to respond to all matters before the Disciplinary Board on the date 15 business days after I receive the requested information set forth above and outlined in my previous correspondence with Ms. Frederick.

I have not yet decided on counsel for this Inquisition, awaiting a response from the State Bar of Georgia on this important, unanswered inquiry, and an opportunity to be heard before an impartial arbiter on the proposed "determination."

These matters were raised with Ms. Frederick on March 2 and again on March 13, when I received no response. As I referenced in my letters dated February 18 and again on March 2, despite my request for the basis for any determination under Rule 4-104(b), the Bar (or the Disciplinary Board, I am not sure which)[1], has not provided it – not even the "scintilla" of evidence I challenged Ms. Frederick to provide in my March 2 letter. I was not given any notice of a hearing on such determination, nor was I provided with any evidence that would have led to a hearing for such a determination. As things presently stand, the Bar has randomly demanded a mental examination without any determination that it is warranted, without any notice, without any hearing, and without any evidence. The members of the Bar – including you – work for the government and are obligated uphold the Constitution and especially the due process rights of those subjected to the Bar's disciplinary processes, not subject them to the Kafkaesque ordeal Ms. Frederick is presently orchestrating.

I have pointed out that the remaining charges in the Bar's 1677 page missive have nothing to do with the regulation of the practice of law by me, the sole area of the Bar's jurisdiction – at least as heretofore understood. If the Bar is exercising jurisdiction over conduct unrelated to the profession it seeks to regulate, it is exceeding its statutory authority -- those regulations should be left to the political or legislative process, rather than turning the Bar into an instrument for settling political grudges.

This inquiry is unprecedent in the history of the Georgia Bar, or, to my knowledge, any other Bar and must stop immediately. As I have pointed out, neither the Bar nor the "State Disciplinary Board" have the authority or jurisdiction to proceed. If you can identify the determination that has been made, when it was made, and how my due process rights were preserved, I will consult with appropriate advisors and determine how to respond.

---

[1] For ease of reference, is will collectively refer to the Disciplinary Board and the Bar and the Board of Governors as the "Bar", since they seem to be acting in collusion.

Christian J. Steinmetz, III, Esq.
March 19, 2021
Page 3

But before the Bar proceeds any further with respect to any such determination, it is mandatory that any actor in this matter who has a conflict of interest that would limit his or her ability to act impartiality should immediately withdraw from any deliberations involving this matter. Any actions taken involving persons with a conflict of interest are irreparably tainted.

It seems clear that the Rules require us to act as lawyers without conflicts of interest that would prevent us from being impartial. That requires recusal in the event of conflicts of interest or an appearance of impropriety. Certainly any attorney acting in a judicial capacity should recuse himself or herself from making a determination of any sort that could further a personal interest. That is certainly the case here, where the Bar seems to be willing to act on its own as the prosecutor, judge, and jury. I reserve my rights to object to that embedded conflict at a future point.

Conflicts of interest are to be avoided in the legal system, and lawyers and judges who act without appropriate waivers for conflicts of interest undermine the profession of law. As lawyers, we are even to avoid the "appearance of impropriety" in carrying out our duties to our clients. In every other aspect of the legal, financial, and business activities in the United State and Georgia, there are strict rules in place to avoid conflicts of interest. Georgia law, for example, requires that directors of a Georgia corporation who have a conflict of interest with respect to a matter must "*play[] no part, directly or indirectly* in their deliberations or vote" in a board meeting or a meeting of a board committee. (See O.C.G.A. § 14-2-862. Emphasis supplied. Similar laws exist in the laws of every state corporate law in the nation.) In those situations, it is clear that the director must disclose the conflict of interest and not participate in the deliberations or the vote with respect to a matter in which the director has a conflict of interest. Of course, there are still many cases where directors have failed to disclose a conflict of interest or acted without regard to the conflict of interest and in those cases, the offending directors have been held financially liable for the harm they caused. We should expect lawyers and judges to act to standards that are at least as high as we demand from corporate directors.

In fact, attorneys should be held to higher standards in the conduct of their affairs, particularly when their affairs are part of an adjudicatory process. Judges are certainly held to a higher standard, and members of the board commissioned by the Bar to conduct any form of disciplinary proceeding should also conform to a standard of impartiality that is above reproach and recuse themselves accordingly when necessary to avoid the appearance of partiality or impropriety.

In this case, the Bar is so clearly lacking in jurisdiction and the charges are so clearly lacking in merit that the inference of political retaliation is overwhelming. This strong inference will make it difficult to determine which members of this disciplinary body are acting solely from professional duty and which are acting because they believe only their political side represents truth, justice, and the American way. We should not bring political discussions or debates into the judgement of an attorney's conduct.

Given the extreme measures that are being taken, I can only conclude that these actions are more akin to the Salem Witch Trials than an appropriate legal proceeding – no matter how it is couched. This is draining valuable resources of time and money for an unauthorized proceeding.

Christian J. Steinmetz, III, Esq.
March 19, 2021
Page 4

In the interest of due process and basic fairness, I request that any further action be predicated upon:

A. An opportunity for notice and hearing with respect to any charges that might lead to a determination under Rule 4-104(b); and

B. Confirmation of an appropriate process to identify conflicts of interest and an inquiry into the motivations of the persons who are acting on behalf of the Bar and the Disciplinary Board, including the right to challenge persons who have a conflict of interest.

In regard to the conflicts of interest, we are aware of the following potentials for a conflict of interest:

(1) **Political Activity**. The accusations against me – to the extent I understand them – primarily seem to arise from some penumbra of professionalism responsibilities around public statements I made on Twitter. Those statements were based on testimony of third parties (which have subsequently been confirmed in sworn affidavits) or statements of law. The sources of all those statements have agreed to testify to those statements under oath and in person.

Those statements are highly political in nature. I have claimed my right under the First Amendment to report those statements. In this regard, I suggest you and your client study more carefully the U.S. Supreme Court's decision in *Garrison* v. *Louisiana*, 279 U.S. 64 (1964).

In reviewing the profiles of the members of the Disciplinary Board, many have very active political profiles and some, in fact, have been opposing counsel in litigation that has been filed by my co-counsel or on my behalf by other attorneys (who are not being disciplined, I note, which I also find suspicious). These people cannot be impartial and must be recused.

As a recent positive example, I note that Ms. Neera Tanden, who recently withdrew her nomination to lead the Office of Management and Budget, had written more tweets than President Trump in the last four years, including tweets that accused (a) the Majority Leader of the U.S. Senate of being a traitor and a spy for Russian interests ("Moscow Mitch"), (b) Senator Tom Cotton of being a "fraud," (c) the Republican Party of supporting an alleged child molester, and (d) Senator Ted Cruz of having less heart than a vampire. She deleted more than 1,000 of her tweets after last fall's election, so other unfounded and hurtful accusations made by her are not cataloged, but she has been characterized by both Republicans and Democrats as "vicious."

Ms. Tanden was right to withdraw her nomination to serve as an impartial overseer of the nation's budget, but Ms. Tanden, but to my knowledge, she is

not being threatened with disciplinary action by any Bar. If this proceeding breaks new ground for disciplining attorney conduct, perhaps we can further examine her statements and the public statements of other lawyers to see whether they have, for example, called for flouting the Rule of Law or public order. I have not called for illegal activity, but other public figures, including Vice President Harris, have recently called for rioting and destruction of private property to continue.

Before proceeding further, I demand that the appropriate members of any Bar committee or the Disciplinary Board recuse themselves if their political statements or activities could call into question their impartiality in any matter involving my actions or my public criticism of the constitutionality of actions taken in the last election.

(2) ***Conflicts Involving Mercer University***. I am obviously in a very public conflicted position with respect to Mercer University ("Mercer") and Dean Cathy Cox. As you may know, I entered into a naming rights agreement with Mercer (at the request of Mercer) to name a moot court courtroom in my name as an (at least previously, and I hope in the future) esteemed graduate of that law school; in exchange, I agreed to donate $1,000,000 over a 10-year period.

Mercer has notified me that it intends to breach that agreement, which places me in an adverse position to it and to other Mercer law school graduates. Dean Cox has made public statements that I regard as defamatory and unfounded, and I intend to ask her to withdraw those statements.

I demand the recusal of any members of any Bar committee or the Disciplinary Board who are affiliated with, or graduates of, Mercer or its law school.

(3) ***Conflicts with the New Rules from the Board of Governors***. On January 9, 2021, the Board of Governors of the State Bar amended the Rules to provide for the receipt of complaints against any attorney in the State of Georgia based solely on "ethical conduct," unmoored, it would seem, from any association with the attorney's practice of law. That seems a frightening expansion of the Bar's jurisdiction, and one without precedent in any other State, as far as we can tell.

As noted above, I cannot tell whether we are acting in this "proceeding" under the new rules, the rules that existed prior to the last Board of Governors meeting, or some other iteration of the Georgia Rules.

I will argue in any event that this expansion of the Rules is an inappropriate use of the Bar's jurisdiction as a State actor, as well as unlawful as *ex post facto* punitive regulation (all of the conduct alleged occurred before the Board of Governors proposed these changes on January 9, 2021). I now demand the

recusal of any members of any Bar committee or the Disciplinary Board who are on the Board of Governors of the Bar or who are affiliated with these Rule changes.

(4) *Lawyers Club of Atlanta*. Many members of the Bar committees involved and the Disciplinary Committee are members of the "Lawyers Club of Atlanta" which is, to my knowledge, mostly a social or networking club. Nonetheless, I have been told that I am being ejected from my membership in that Club. This action seems arbitrary and capricious, and I intend to fight the action before the members and in court if necessary.

I demand the recusal of any members of any Bar committee or the Disciplinary Board who are affiliated with the Lawyers Club of Atlanta.

(5) *Alpha Kappa Alpha*. It appears several members of the Disciplinary Committee are members of the Alpha Kappa Alpha Sorority, which appears to be more akin to an activist organization than a typical Greek fraternity. They have pledged support to this organization. Vice President Kamala Harris proudly claims her association with this sorority, and the organization issued a press release in which it called former President Trump a "racist." This organization seems to be an exclusionary organization itself and focused on members who are members of one race only.

I demand the recusal of any members of any Bar committee or the Disciplinary Board who are affiliated with the Alpha Kappa Alpha Sorority.

(6) *Associational and Financial Conflicts of Interest*. Finally, the Georgia Bar is made of a finite group of individuals, and many members of its Board of Governors and Bar committees solicit the support of attorneys throughout the state to campaign for their seats. Often, those business associations and friendships involve a significant portion of the professional income coming from the same political agencies and actors I have accused of illegal conduct, such as the Governor, the Lieutenant Governor, the Secretary of State, and the Deputy Secretary of State.

I demand the recusal of any members of any Bar committee or the Disciplinary Board who has significant associations with or receives significant financial income from political agencies and government officials in Georgia.

I recognize that we all have an obligation to defend the protections of the Rule of Law as part of our profession. Our Constitution and our laws are designed to protect the meek as well as the mighty. The law must be applied equally to all, even if we are required to advance causes that may be unpopular to the elites. Being a member of the Bar is not a popularity contest – we don't maintain our positions as lawyers by being popular. In fact, as you know, we have a duty to represent our clients without regard as to whether a position is "popular" or accepted.

Christian J. Steinmetz, III, Esq.
March 19, 2021
Page 7

    I have been honest and transparent and have conducted myself in accordance with the Rules. If the Disciplinary Board wishes to also conduct itself in a professional and honest manner and afford me my right to due process of law, I will certainly have no objection to any questions that may be posed. As of the timing of your letter, Ms. Frederick had not answered any of my requests for clarification, and instead has ramped up the attacks on me with the retention of you as counsel. As any reasonable lawyer would understand from the foregoing, the Bar's actions and its basis for acting are a muddled mess, costing me to expend valuable resources, consult with numerous advisors, and damaging my reputation. Please see if you can arrange a better understanding of the Bar's actions hereto limit your requests in the future to matters that are appropriately within the jurisdiction of the Bar and are requested by persons without conflicts of interests or, as we say, a political agenda or an "ax to grind." I originally thought the Bar's conduct was unseemly; now I understand it is a threat to the practice of law and to the rights of any person who takes a politically unpopular position.

    I will continue to await an answer to this letter and other letters I have sent to Ms. Frederick, which should be in your file. I expressly reserve all rights to assert further constitutional or legal defenses or challenges to the validity of these actions by the Board. I intend to vigorously defend myself, my license to practice law, and my reputation against these mischaracterizations and false accusations.

    I look forward to your response.

                                                               Very truly yours,

                                                               L. Lin Wood

cc:    Paula J. Frederick, Esq.