## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **L. LIN WOOD, JR.,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| -vs- | ) | |
| | ) | **Case No. 1-21-cv-01169 TCB** |
| **PAULA J. FREDERICK,** *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |

## PLAINTIFF'S MOTION FOR JUDICIAL
## <u>DISQUALIFICATION AND/OR RECUSAL</u>

COMES NOW the Plaintiff, L. LIN WOOD, JR., by and through undersigned counsel, and pursuant to Title 28 U.S.C. § 144 and 28 U.S.C. § 455, moves for the disqualification and/or recusal of the district court judge assigned to this case, the Honorable Timothy C. Batten, Jr., and for a stay of the case pending the resolution of this Motion. As grounds in support of this Motion, Plaintiff states the following:

## BACKGROUND

1.     On November 25, 2020, Plaintiff Wood appeared as co-counsel in a complaint filed by Presidential Electors from Georgia, which sought to enjoin the certification of Georgia's 2020 Presidential Election results based on irregularities and vulnerabilities in Georgia's election machines.

2.      On November 27, 2020, the Presidential Electors' complaint, Case No. 20-cv-4809, was assigned to the Honorable Timothy C. Batten, Jr., U.S. District Court Judge.

3.      On Sunday, November 29, 2020 Plaintiff appeared before Judge Batten via Zoom and argued the Presidential Electors' motion for a temporary restraining order, which the Court granted in part.

4.      On December 18, 2020, Plaintiff Wood filed a separate and unrelated complaint in the United States District Court for the Northern District of Georgia seeking declaratory and injunctive relief pertaining to the senatorial run-off election which had been scheduled for January 5, 2021.

5.      On December 19, 2020, the unrelated complaint in Case No. 20-cv-5155 was also assigned to the Honorable Timothy C. Batten, Jr., U.S. District Court Judge.

6.      On December 28, 2020, Judge Batten, without reaching the merits of the claims set forth in the complaint, entered an Order dismissing the claims based on the Court's determination that Mr. Wood lacked standing to pursue the claims.

7.      On February 5, 2021, the Defendants, individually and collectively, as members of the Disciplinary Board of the State Bar of Georgia notified Plaintiff that they had initiated an investigation concerning his professional conduct and mental fitness to practice law, based on statements attributed to him on social media, as well

as his participation in numerous lawsuits challenging aspects of the 2020 elections, including at least one lawsuit litigated before Judge Batten.

8.     On March 23, 2021, Plaintiff Wood filed the instant action seeking declaratory and injunctive relief pursuant to Title 42 U.S.C. § 1983, based on a violation of the Plaintiff's constitutional rights under the First, Fourth and Fourteenth Amendments of the United States Constitution [DE 1].

9.     On March 25, 2021, the Plaintiff's complaint was assigned to the Honorable Timothy C. Batten, Sr., U.S. District Court Judge.

10.     Plaintiff submits that in accordance with the Code of Conduct for United States Judges and the ABA Model Code of Judicial Conduct, Judge Batten's recusal and/or disqualification is mandated in this instance because Judge Batten has personal knowledge of disputed facts concerning the instant proceedings and because he is expected to serve as a material witness in this case.

11.     Plaintiff avers that Canon 3: B(6) of the Code of Conduct for United States Judges provides that "a judge should take appropriate action upon receipt of reliable information indicating the likelihood that … a lawyer violated applicable rules of professional conduct."

12.     Similarly, Rule 2.15(D) of the American Bar Association's Model Code of Judicial Conduct sets forth that "a judge who receives information

3

indicating a substantial likelihood that a lawyer has committed a violation of the Rules of Professional Conduct *shall* take appropriate action."

13.     While Defendants contend that Plaintiff violated the professional rules of conduct and/or exhibited mental instability based on his involvement and legal representation in the 2020 election related cases, at no time during or subsequent to the 2020 election related cases, did Judge Batten sanction Plaintiff for inappropriate or unprofessional conduct or otherwise take any action or file any complaint to call Plaintiff's professional conduct or mental stability into question.

## MEMORANDUM OF LAW

## I.     GENERAL PRONOUNCEMENTS REGARDING RECUSAL AND/OR DISQUALIFICATION OF A JUDGE

"Canon 2 [of the Code of Conduct for United States Judges] tells judges to 'avoid impropriety and the appearance of impropriety in all activities,' on the bench and off." *Dinkins v. Leavitt*, 2008 U.S. App. Lexis 22847, *14 (11th Cir. 2008) (citations omitted). The Code of Conduct for United States Judges and case law make clear that judges should avoid even the appearance of impropriety. *Liljeberg v. Health Services Corp.*, 488 U.S. 847 (1988). "The guarantee to the [parties and counsel] of a totally fair and impartial tribunal, and the protection of the integrity and dignity of the judicial process from any hint of appearance of bias is the

palladium of our judicial system." *United States v. Alabama*, 828 F.2d 1532, 1539 (11th Cir. 1987).

Canon 3 prescribes the circumstances which warrant the disqualification of a United States Judge. In pertinent part, subsection (C) provides that: (1) a judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which (a) the judge has a personal bias or prejudice concerning a party, *or personal knowledge of disputed evidentiary facts concerning the proceeding…*; and (d) the judge or the judge's spouse … is (iv) to the judge's knowledge *likely to be a material witness in the proceeding….* (emphasis added). To ensure that the courts remain above reproach, Congress, consistent with the Code of Conduct, passed statutory provisions governing the disqualification of federal judges. The relevant statutes are 28 U.S.C. §§ 144 and 455.

## II.   LEGAL PRINCIPLES AND STATUTES GOVERNING RECUSAL AND/OR DISQUALIFICATION OF A JUDGE.

### A.   28 U.S.C. § 455

Title 28 U.S.C. § 455 provides, in pertinent part:

(a)  Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

5

(1) Where he has a personal bias or prejudice concerning a party, *or personal knowledge of disputed evidentiary facts concerning the proceeding...*

In applying § 455(a), the Eleventh Circuit has repeatedly stated:

> The test for determining whether a judge's impartiality might reasonably be questioned is an objective one and requires asking whether a disinterested observer fully informed of the facts would entertain a significant doubt as to the judge's impartiality.

*Biven Gardens Office v. Barnett Banks of Florida,* 140 F.3d 898, 912 (11th Cir. 1998) (citing *Diversified Numismatics, Inc. v. City of Orlando*, 949 F.2d 382, 385 (11th Cir. 1991) and *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)). The intent underlying § 455(a) is "to promote public confidence in the integrity of the judicial process" and "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg,* 488 U.S. at 860; see also *Parker*, 855 F.2d at 1523.

Moreover, in light of the intent of the statute, disqualification should be granted under § 455(a) where a judge would harbor any doubt concerning whether disqualification is appropriate. *Parker*, 855 F.2d at 1524 (citing *United States v. Alabama,* 828 F.2d at 1540). Neither actual partiality, nor knowledge of the disqualifying circumstances on the part of the judge during the affected proceeding, are prerequisites to disqualification under § 455(a). See *United States v. Torkington*, 874 F.2d 1441, 1446 (11th Cir. 1989).

Because § 455(a) focuses on the appearance of impartiality, as opposed to the existence in fact of any bias or prejudice, the statute does not give a judge discretion as to whether to recuse himself. See *United States v. Cerceda,* 161 F.3d 652 (11th Cir. 1998). Rather, the statute instructs the judge to disqualify himself if the public may perceive his rulings, as being affected. *United States v. Kelly,* 888 F.2d 732, 744-45 (11th Cir. 1988). Thus, "a judge faced with a potential ground for disqualification ought to consider how his participation in a given case looks to the average person on the street." *Potashnick v. Port City Construction Co.*, 609 F.2d 1101, 1111 (5th Cir.), *cert. denied*, 449 U.S. 820 (1980). Consequently, § 455(a) requires judges to resolve any doubts they may have as to whether they should hear a case in favor of disqualification. *Id.*

## B. 28 U.S.C. § 144

Section 144 provides:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Where a litigant submits a sufficient affidavit and certificate, recusal is mandatory: the presiding judge may take no further action in the litigant's case. *United States v. Alabama*, 828 F.2d at 1540. Moreover, the district court must take as true all the facts stated in the affidavit. *Id.; Berger v. United States,* 255 U.S. 22, 36 (1921) ("The section withdraws from the presiding judge a decision upon the truth of the matters alleged"). *Id.* To warrant disqualification the affidavit "must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Id.* at 33-34.

Given the factual circumstances present in this case, any objective, reasonable person would, under the circumstances, have reason to doubt Judge Batten's impartiality. Accordingly, disqualification is mandated under § 455(a).

 For the same reasons disqualification and/or recusal is mandated under § 455(a), it is also mandated under § 455(b)(1) and (5), because Judge Batten has personal knowledge of disputed evidentiary facts concerning the proceedings and is likely to serve as a material witness in these proceedings. Specifically, Judge Batten had the opportunity to witness and observe Plaintiff's professional conduct and mental acuity with respect to, and during his representation of the plaintiffs in the 2020 election cases assigned to him and referenced by Defendants in the Disciplinary Board's investigation.  To be sure, both the Code of Conduct for United States Judges and the ABA Model Code of Judicial Conduct, in no uncertain terms,

mandates that if a judge observes that a lawyer is mentally unfit or is committing a violation of the Rules of Professional Conduct, the judge *shall* take appropriate action and inform the appropriate authority. (emphasis added).

At no time did Judge Batten take issue with Plaintiff Wood's mental acuity or professional conduct in relation to the two 2020 related election cases assigned to him, and Plaintiff seeks to call Judge Batten as a material witness in that regard.

For all these reasons, Judge Batten's disqualification and/or recusal is mandatory under § 455 (a) and (b)(1) and (5).

## III.   THE PROCEEDINGS IN THIS MATTER SHOULD BE STAYED PENDING RESOLUTION OF THIS MOTION

District courts enjoy broad discretion to stay proceedings. *Sessions v. Barclays Bank Delaware,* 276 F. Supp.3d 1349 (N.D. Ga. 2017). District "courts have inherent power to manage their dockets and stay proceedings." *Id; Allstate Insurance Co. v. Electrolux Homeproducts, Inc.,* 2019 WL 7494445 *1 (S.D. Ga. 2019) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Stays are appropriate to promote judicial economy. *Id.* Stays are warranted until the issue of disqualification is resolved. See *Hermann v. Gutterguard, 2008* U.S. Dist. Lexis 22786 (N.D. Ga. 2008).

Plaintiff seeks through his Motion to have this matter re-assigned to a different Judge based both upon the fact that the district Judge has personal knowledge of disputed evidentiary facts and is a material witness in these

9

proceedings, thus his impartiality could reasonably be questioned. Hence, it would be inappropriate and a waste of judicial resources to proceed in this matter until the present Motion is decided. Furthermore, both basic fairness and judicial economy would be served by staying this action until the resolution of the instant Motion. *See Hermann v. Gutterguard,* 2008 U.S. Dist. Lexis 22786 (N.D. Ga. 2008).

For these reasons, Defendants request that a stay of proceedings be entered in this matter pending resolution of this Motion.

WHEREFORE, Plaintiff L. Lin Wood respectfully requests this Honorable Court enter an order disqualifying itself from any further proceedings in this matter.

STATE OF GEORGIA
COUNTY OF FULTON

I, L. LIN WOOD, pursuant to 28 U.S.C. § 144, having been duly sworn do hereby state that the foregoing facts are true and correct and that I have a reasonable fear that I will not receive a fair hearing or trial because of the prejudice, bias, and/or appearance of partiality by this Court, as stated above.

_____
L. LIN WOOD

SWORN TO AND SUBSCRIBED before me this___29___day of March 2021.

10

My commission expires:
3/4/2025

_Kimberly Bennett_
Notary Public, State of Georgia

## CERTIFICATE OF COUNSEL OF RECORD

The undersigned hereby certify that this Motion and the statements therein

are made in good faith.

Respectfully submitted,

**Crain Law Group, PLLC**

By: _/s/ Larry L. Crain_
Larry L. Crain, Esq.
(Tenn. Supr. Crt. # 9040)
5214 Maryland Way, Suite 402
Brentwood, TN 37027
Tel. 615-376-2600
Fax. 615-345-6009
Email: Larry@crainlaw.legal

_Counsel for the Plaintiff_
_(Pro Hac Vice Pending)_

_/s/ Ibrahim Reyes_
Ibrahim Reyes, Esq.
Florida Bar No. 581798
REYES LAWYERS, P.A.
236 Valencia Avenue
Coral Gables, FL 33134
Tel. 305-445-0011
Fax. 305-445-1181
Email: ireyes@reyeslawyers.com

_Counsel for the Plaintiff_
_(Pro Hac Vice Pending)_

*/s/ L. Lin Wood, Jr.*
L. Lin Wood, Jr., Esq.
State Bar No. 774588
L. LIN WOOD, P.C.
P.O. Box 52584
Atlanta, GA 30355-0584
Tel. 404-891-1402
Fax. 404-506-9111
Email: lwood@linwoodlaw.com

*Counsel, Pro Se*

## CERTIFICATE OF COMPLIANCE

I CERTIFY that this document has been prepared in compliance with Local Rule 5.1C using 14-point Times New Roman font.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above motion was served upon the following individuals via the Court's ECF-filing system and via U.S. Mail upon the following individuals:

Paula J. Frederick
798 Boulevard SE
Atlanta, Georgia 30312

Connie S. Cooper
105 Nature's Court
Pooler, Georgia 31322

Jeffrey R. Harris
410 E. Broughton Street
Savannah, Georgia 31401

12

Casey Carter Santas
P.O. Box 1591
Duluth, GA 30096

Patricia F. Ammari
3535 Roswell Road
Suite 23
Marietta, Georgia 30062

Kayla E. Cooper
Building 3000
535 Telfair Street
Augusta, Georgia 30901

Elizabeth L. Fite
4355 Cobb Parkway
Suite J 564
Atlanta, Georgia 30339

Elissa B. Haynes
303 Peachtree Street NE
Suite 3500
Atlanta, Georgia 30308

Margaret W. Sigman Puccini
P.O. Box 2139
Savannah, Georgia 31402

Sherry Boston
556 N. McDonough Street
Suite 700
Decatur, Georgia 30030

Elizabeth Pool O'Neal
P.O. Box 767
Griffin, Georgia 30224

David F. Richards
772 Masters Drive
Stone Mountain, Georgia 30087

13

Jennifer D. Ward
P.O. Box 191074
Atlanta, Georgia 31119

Michael Fuller, Sr.
1266 S. Jackson Springs Road
Macon, Georgia 31211

Jennifer Elizabeth Dunlap
1332 Wynnton Road
Columbus, Georgia 31906

Christian J. Steinmetz, III
P.O. Box 10085
Savannah, Georgia 31412

Brandon L. Peak
P.O. Box 2766
Columbus, Georgia 31902

Tomieka Daniel
241 Third Street
Macon, Georgia 31202

Christopher Sutton Connelly
P.O. Box 370
Summerville, Georgia 30747

Melody Glouton
One Sugarloaf Center
1960 Satellite Boulevard
Suite 4000
Duluth, Georgia 30097

Dawn M. Jones
1230 Peachtree Street, NE
Suite 1900
Atlanta, Georgia 30309

By: /s/ Larry Crain