UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

L. LIN WOOD, JR.,

    Plaintiff,

    v.                                    CASE NO. 1:21-cv-1169-TCB

PAULA J. FREDERICK, et al,

    Defendants.

_____/

**PLAINTIFF'S MOTION FOR EXPEDITED CONSIDERATION OF MOTION FOR JUDICIAL DISQUALIFICATION AND/OR RECUSAL OF THE DISTRICT JUDGE ASSIGNED TO THE CASE**

COMES NOW the Plaintiff, L. LIN WOOD, JR., by and through undersigned counsel, and pursuant to Local Rule 7.2(B), asks the Court to expedite its consideration of Plaintiff's Motion for Judicial Disqualification and/or Recusal of the District Judge Assigned to the Case, the Honorable Timothy C. Batten, Jr., upon written motion and by a show of good cause, and in support thereof, Plaintiff states:

1. Plaintiff filed his Verified Complaint on 3/23/2021, following Defendants' violations of his constitutional rights under the First, Fourth and Fourteenth Amendments of the United States Constitution to require that he undergo a medical, mental, psychiatric or psychological examination, where the State Bar of Georgia is in the course of an investigation into whether Georgia attorney L. Lin Wood, Jr. violated the professional rules of conduct by exercising his right to free

speech on protected political speech, and/or whether he has exhibited mental instability based on his involvement and legal representation in the 2020 election related cases, and/or in a pending case with his former law office colleagues. Said action seeks declaratory and injunctive relief pursuant to 42 U.S.C. §1983.

2. The matter was assigned to the Honorable Timothy C. Batten, Jr. on 3/25/2021, and on 3/29/2021 Plaintiff timely filed his Motion for Judicial Disqualification and/or Recusal of the District Judge Assigned to the Case because Plaintiff L. Lin Wood, Jr. was counsel of record in two of the 2020 election integrity cases in Georgia – *Case No. 1:20-cv-04809-TCB Pearson et al. v. Kemp et al.* and *1:20-cv-05155-TCB Wood et al. v. Raffensperger et al.* – which were presided by the Hon. Timothy C. Batten.

3. Plaintiff L. Lin Wood, Jr. appeared before Judge Batten in the Pearson case, and interacted personally with Judge Batten.

4. At no time during or subsequent to the 2020 election related cases, did Judge Batten sanction Plaintiff L. Lin Wood, Jr. for inappropriate or unprofessional conduct or otherwise take any action or file any complaint to call Plaintiff's professional conduct or mental stability into question.

5. Plaintiff L. Lin Wood, Jr. intends to call Judge Batten as a material witness and testify in the State Bar of Georgia disciplinary proceedings and in this case.

6. In accordance with the Code of Conduct for United States Judges and the ABA Model Code of Judicial Conduct, Judge Batten's recusal and/or disqualification is mandated in this instance because Judge Batten has personal knowledge of disputed facts concerning the instant proceedings, and because he is expected to serve as a material witness in this case.

7. However, time is of the essence for Plaintiff L. Lin Wood, Jr., or he will be severely prejudiced in his ability to set a hearing on his motion for preliminary injunction prior to the threatened further action by the State Disciplinary Board.

8. It is critically important for Plaintiff's Motion for Judicial Disqualification and/or Recusal of the District Judge Assigned to the Case be heard by this Court on an expedited basis, due to the following.

9. On April 15, 2021, State Bar of Georgia Disciplinary Board member Chris J. Steinmetz III, assigned by State Bar of Georgia General Counsel Paula J. Frederick to lead the investigation into Plaintiff's alleged violations, corresponded with Plaintiff stating that he intends to report on Plaintiff's matter at the State Bar of Georgia's May 14, 2021 Meeting.  See **Exhibit A** (April 15, 2021 letter by State Bar to L. Lin Wood, Jr.).

10. Part of the evidence being used by the State Bar of Georgia against Plaintiff L. Lin Wood, Jr. arises from his involvement in *Pearson et al. v. Kemp et*

*al.*, 1:20-cv-4809-TCB, a case before the Honorable Timothy C. Batten. See Exhibit A at ¶ 4.

11. "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S. Code § 144.

12. The Honorable Timothy C. Batten shall disqualify and/or recuse himself, so that another judge may be assigned the matter and address the pleadings before the Court, urgent matters that seek declaratory and injunctive relief.

13. Plaintiff is in dire need of issuing Judge Batten a witness subpoena in this matter, but cannot do so, at this time, due to Judge Batten's delay in recusing himself.

14. 28 U.S.C. §455 states the criteria for the disqualification of federal judges. Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §455(a). To satisfy the requirements of Section 455(a), a party seeking recusal must offer facts, and not merely allegations, that evidence partiality. *United States v. Cerceda*, 188 F.3d 1291, 1292 (11th Cir. 1999).

15. The instant case, which seeks declaratory relief pursuant to 42 U.S.C. §1983, cannot advance as long as Judge Batten does not recuse himself in a matter in which he is a material witness.

WHEREFORE, Plaintiff L. Lin Wood, Jr. respectfully requests this Honorable Court enter an order disqualifying himself from any further proceedings in this matter.

### LOCAL RULE 5.1C and 7.1D CERTIFICATE

The undersigned hereby certifies that the foregoing has been formatted in Times New Roman font, 14-point type, which complies with the font size and point requirements of Local Rules 5.1C and 7.1D.

### CERTIFICATE OF COUNSEL OF RECORD

The undersigned hereby certify that this Motion and the statements therein are made in good faith.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of April 2021, the above motion was filed with the Court's electronic filing system that will provide notice to all parties.

Respectfully submitted,

**Crain Law Group, PLLC**

By: */s/ Larry L. Crain*

Larry L. Crain, Esq.
(Tenn. Supr. Crt. # 9040)
5214 Maryland Way, Suite 402
Brentwood, TN 37027
Tel. 615-376-2600
Fax. 615-345-6009
Email: Larry@crainlaw.legal

*Counsel for the Plaintiff*

*/s/ Ibrahim Reyes*
Ibrahim Reyes, Esq.
Florida Bar No. 581798
REYES LAWYERS, P.A.
236 Valencia Avenue
Coral Gables, FL 33134
Tel. 305-445-0011
Fax. 305-445-1181
Email: ireyes@reyeslawyers.com

*Counsel for Plaintiff*

*/s/ L. Lin Wood, Jr.*
L. LIN WOOD, JR., Esq.
State Bar No. 774588
P.O. Box 52584
Atlanta, GA 30355-0584
Tel. 404-891-1402
Fax. 404-506-9111
Email: lwood@linwoodlaw.com

*Counsel, Pro Se*

6

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was served on the following individual(s) via the Court's ECF-filing system on this the 22nd day of April, 2021.

NALL & MILLER, LLP
ROBERT L. GOLDSTUCKER
PATRICK N. ARNDT
bgoldstucker@nallmiller.com
parndt@nallmiller.com
235 Peachtree Street, N.E.
Suite 1500 – North Tower
Atlanta, Georgia 30303-1418
Phone: (404) 522-2200
Facsimile: (404) 522-2208

Counsel of Record for the Defendants