# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**L. LIN WOOD,**

      **Plaintiff,**

**v.**

**PAULA J. FREDERICK, CONNIE S. COOPER, JEFFREY R. HARRIS, CASEY CARTER SANTAS, PATRICIA F. AMMARI, KAYLA E. COOPER, ELIZABETH L. FITE, ELISSA B. HAYNES, MARGARET W. SIGMAN PUCCINI, SHERRY BOSTON, ELIZABETH POOL O'NEAL, DAVID F. RICHARDS, JENNIFER D. WARD, MICHAEL FULLER, SR., JENNIFER ELIZABETH DUNLAP, CHRISTIAN J. STEINMETZ, III, BRANDON L. PEAK, TOMIEKA DANIEL, CHRISTOPHER SUTTON CONNELLY, MELODY GLOUTON, and DAWN JONES,**

      **Defendants.**

**CIVIL ACTION FILE**

**NO.:  1:21-CV-01169-TCB**

**DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF**

# **TABLE OF CONTENTS**

I.      FACTUAL BACKGROUND...........................................................................1

        A. Current Grievance Against Plaintiff…………………………………1

        B. Request for Consensual Mental Health Evaluation……………………4

        C. The Grievance Process…………………………………………………6

        D. Plaintiff's Lawsuit Against State Bar Officials………………………..8

II.      ARGUMENT .....................................................................................................9

    A. This Court Should Abstain from Intervening Pursuant to *Younger* .................9

    B. This Court Lacks Subject-Matter Jurisdiction……………………………...13

    C. The Claim for Money Damages is Barred by Judicial Immunity...................16

    D. Plaintiff is Not Entitled to an Injunction………………...………...............17

    E. Plaintiff's Claims are Barred by Qualified Immunity……………...............19

    F. Plaintiff is Not Entitled to Attorneys' Fees….………………………………20

III.      CONCLUSION………………………………………………………………..21

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Anderson v. Creighton*, 483 U.S. 635 (1989)……………………………………..19

*Butler v. Alabama Jud. Inquiry Comm'n* 245 F.3d 1257 (11th Cir.)………………11

*Cohran v. State Bar of Georgia*, 790 F. Supp. 1568 (N.D. Ga. 1992)….12,13,15,17

*D.C. Court of Appeals v. Feldman,* 460 U.S. 462 (1983)……………………… ...17

*Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985)……………………………...12

*Emory v. Peeler,* 756 F.2d 1547 (11th Cir.1985)……………………………… .16

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982)…………………………………………19

*Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252 (11th Cir. 2004)…………19

*Latin Am. Prop. & Cas. Ins. Co. v. Hi-Lift Marina, Inc.*, 887 F.2d 1477 (11th Cir. 1989)   ………………………………………………………………………..   13

*Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)………………………………….…………………………………….10,11

*Old Republic Union Ins. Co. v. Tillis Trucking, Co.*, 124 F.3d 1258 (11th Cir. 1997)……………………………………………………………………………11

*Scarfo v. Ginsberg*, 175 F.3d 957 (11th Cir. 1999)…...…………………………..14

*Younger v. Harris*, 401 U.S. 37  (1971)………………….....……………………9-13

### STATE CASES

*In re LeDoux*, 288 Ga. 777 (2011)…………………………………………………5

*In re Rand*, 279 Ga. 555 (2005)……………………………………………………5

*Feehan v. Wisc. Elections Somm'n,* U.S. District Court for Eastern District of Wisconsin, 20-cv-1771 (2020)…………………………………………………..4

*Scanlon v. State Bar of Georgia*, 264 Ga. 251 (1994)………………………...15-16

*Wade, et al., v. Wood,* Fulton County Superior Court, CAFN 2020-cv-339937...1-2

*Wallace v. State Bar of Georgia*, 268 Ga. 166 (1997)……………………………14

*Wallace v. Wallace*, 225 Ga. 102 (1969)……………………………………… 14

### STATUTES

O.C.G.A. § 15-19-30…………………………………………………………… 14

O.C.G.A. § 50-21-23…………………………………………………………......19

42 U.S.C. § 1983…………………………………………………………………11-12

## RULES

Federal Rule of Civil Procedure 12(b)(1)…………………………………………13
State Bar of Georgia Rule 4-104…………………………………………………4-5
State Bar of Georgia Rule 4-201………………………………………………...6
State Bar of Georgia Rule 4-202………………………………………………...6
State Bar of Georgia Rule 4-203………………………………………………...6
State Bar of Georgia Rule 4-204.4………………………………………………6
State Bar of Georgia Rule 4-212………………………………………………...7
State Bar of Georgia Rule 4-213………………………………………………...7
State Bar of Georgia Rule 4-214………………………………………………..7,15
State Bar of Georgia Rule 4-215………………………………………………..7,15
State Bar of Georgia Rule 4-216………………………………………………..7,15
State Bar of Georgia Rule 4-218………………………………………………...7
State Bar of Georgia Rule 4-221.2………………………………………………8
State Bar of Georgia Rule 4-225…………………………………………………14

## STATEMENT OF THE ISSUES

1. Should this Court decline to intervene based on the *Younger* doctrine?

2. Does this Court have subject matter jurisdiction over Plaintiff's claims?

3. Is Plaintiff's action for compensatory damages barred by judicial immunity?

4.  Is Plaintiff entitled to an injunction?

5. Are Plaintiff's claims barred by qualified immunity?

6. Should the Court dismiss Plaintiff's claims for attorneys' fees?

## I.    FACTUAL BACKGROUND

### A. Current Grievance Against Plaintiff

Plaintiff is a lawyer and a member of the State Bar of Georgia. The instant action arises out of disciplinary proceedings undertaken against Plaintiff by the State Bar. On February 11, 2021, the State Bar sent Plaintiff a *Notice of Investigation* of a grievance. Plaintiff received a copy of the grievance, which included evidence and information totaling nearly 1700 pages. [**Dkt. 31-1**, p. 14] The information included[1]:

1. *Wade, et al., v. Wood*, Fulton County Superior Court, Civil Action File Number 2020-cv-339937- Plaintiff is involved in a pending case with his former colleagues from L. Lin Wood, P.C. The former colleagues filed a verified complaint, in which they state that:

a. Plaintiff began to display "erratic, abusive, and unprofessional behavior." Plaintiff's former colleagues averred that Wood was becoming "increasingly…hostile…and threatening" and that Wood sent "abusive, incoherent phone calls, voicemails, texts, and emails" to the former law

---

[1] The Court may take judicial notice of certain facts, including public records, without converting a motion to dismiss into a motion for summary judgment. *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006). Defendants request that the Court take judicial notice of the fact that Defendants had this information available to them as they took action relating to Plaintiff.

colleagues in the middle of the night. [**Ex. A**, *Verified Complaint*, pp. 28- 30.]

b. Plaintiff physically attacked two of his former colleagues. Wood attacked one of them in an elevator. He attacked another at Plaintiff's home when the colleague went there out of concern for Plaintiff's wellbeing. Plaintiff acknowledged and apologized for the attacks. [**Id.,** p. 29] In a subsequent voicemail, Plaintiff threatened to beat one of his former law colleagues with a switch until "he couldn't sit down for 20 fucking years." [**Id.,** p. 43.] Plaintiff left a voicemail for a former law colleague: "Man oh man, you're glad you're not with me in an elevator with me [*sic*] right now buddy[,]" apparently referencing the previous physical attack. [**Id.**, pp. 43-44.]

c. Plaintiff also threatened to "destroy" his former law colleagues and said about one of them specifically, "by the time I am through with [him], he's going to wish all I had done was fuck his wife." [**Id.**, p. 32.]

d. On a 3.5 hour teleconference, Plaintiff spoke nearly non-stop and offered to fight his former law colleagues to the death. [**Id.**, p. 33.]

f. Plaintiff declared that he was doing God's will; threatened to bring down the wrath of God; promised that Plaintiffs would be punished "at the discretion of Almighty God"; said "God Almighty told me to get you back to where you belong. Broke and essentially homeless.... You all better get on

[2]

your knees and pray to Almighty God that He now asks me to show you mercy"; threatened "I will deliver a fiery judgment against you on earth. Who the fuck did you think you were dealing with? You were screwing around with me, but I was someone else in disguise. You in fact have been screwing around with God Almighty...." Plaintiff said that he would "make sure that you never practice law again ever if you do not admit your sins, all of them by 10:30 a.m." [**Id.**, pp. 37-38.]

g. Plaintiff voiced repeated concerns about his misconduct being disclosed, as he feared it would interfere with his supposedly imminent receipt of the Presidential Medal of Freedom and appointment as the Chief Justice of the United States Supreme Court. Plaintiff believed his appointment was forthcoming due to a prophesy he heard in a YouTube video and a conspiracy theory that Chief Justice John Roberts would be revealed to be part of Jeffrey Epstein's sex trafficking ring and was being blackmailed by liberals to rule in their favor. [**Id.**, p. 52.]

2. Revocation of *pro hac vice admission*: On January 11, 2021, Plaintiff's *pro hac vice* admission was revoked in Delaware Superior Court. Judge Craig A. Karsnitz noted that the Georgia election case that Plaintiff was involved in was "textbook frivolous litigation." Judge Karsnitz ruled that Plaintiff's conduct in certain of the post-election cases "exhibited **a toxic stew of mendacity,**

[3]

**prevarication, and surprising incompetence**." **Ex. B,** p. 3, 6, and 7 (emphasis added).  Plaintiff's post-election suits include a Wisconsin case in which Plaintiff brought suit on behalf of someone who had not consented to be a plaintiff in the case. *Feehan v. Wisc. Elections Comm'n, U.S.* District Court, Eastern District of Wisconsin, 20-cv-1771. In dismissing the case, the Court noted that the plaintiff "seems to have made up the 'quote' in his brief that purports to be from a [7th circuit case]." 20-cv-1771, **Dkt. 83**, p. 4.

3. Plaintiff's Public Statements: As widely reported in the press, Plaintiff's recent public statements include calling for the execution of the then sitting Vice President[2], alleging that the Chief Justice of the United States Supreme Court is involved in a pedophilic cult, and alleging that former Secretary of State Hillary Clinton and the FBI were involved in a plan to murder federal judges after the 2016 election.  [**Ex. C**, Article compiling Plaintiff's tweets from *The Daily Beast*; **Ex. D, E,** and **F**, Plaintiff's Telegram Posts]

## B. Request For Consensual Mental Health Evaluation

On February 11, 2021, the State Bar, at the direction of the State Disciplinary Board ("SDB") and under the auspices of Rule 4-104, wrote Plaintiff to request that he consent to a confidential evaluation by a mental health professional. The

---

[2] https://www.newsweek.com/parler-nixes-firing-squad-post-pro-trump-lawyer-lin-wood-after-his-twitter-suspension-1560259. Plaintiff's post was deleted by Parler for violation of its rules against encouraging violent or lawless action.

evaluation would be paid for by the State Bar. [**Dkt. 1**, p. 10] The request was made as a part of the disciplinary investigation into Plaintiff's conduct. Plaintiff asked for and was granted an extension to March 15, 2021 to respond to the request. [**Id.,** pp. 11-12]

Pursuant to Bar Rule 4-104, mental illness, cognitive impairment, alcohol abuse, and drug abuse, to the extent they impair a lawyer's competency, shall be grounds for removing a lawyer from the practice of law. If the SDB determines that a lawyer may be impaired or incapacitated for any of the above reasons, it may refer the lawyer to an appropriate professional for the purpose of evaluation and possible referral to treatment or peer support groups. The SDB may defer disciplinary findings or proceedings "to afford the lawyer an opportunity to be evaluated, and, if necessary, to begin recovery." Also, an attorney's attempt to address his mental health or substance abuse issues may be a mitigating factor in determining the level of discipline imposed on the attorney. *In re LeDoux*, 288 Ga. 777, 778, 707 S.E.2d 88, 90 (2011), reinstatement granted sub nom. *Matter of LeDoux*, 303 Ga. 804, 816 S.E.2d 1 (2018) and *In re Rand*, 279 Ga. 555, 556, 616 S.E.2d 452, 453 (2005).

The request for consensual evaluation is part of the investigation into the grievance. It is not an adjudicative proceeding itself, so there is no due process opportunity to be heard before the request is made. Contrary to the implication in Plaintiff's Complaint, the Bar cannot compel a lawyer to undergo an evaluation. If

the lawyer agrees to participate, he adds information and context that the SDB can use to evaluate the matter. If he refuses, he cannot be suspended or disbarred without further process and an Order from the Georgia Supreme Court.

### C. The Grievance Process

The process for disciplining a Georgia attorney contains numerous opportunities for the attorney to challenge the sufficiency of the evidence against him and to assert any protections afforded by the U.S. or Georgia Constitutions. No discipline is administered to any attorney before he has a right to respond. Further, only the Georgia Supreme Court has the authority to administer public discipline against an attorney.

The Office of the General Counsel ("OGC") analyzes submitted grievances and investigates attorney conduct. If the OGC determines that the attorney may have violated a rule of professional conduct, the matter is referred to the SDB. Bar Rule 4-202. A Notice of Investigation is sent to the lawyer, who is given an opportunity to respond to the allegations. Bar Rule 4-204.4. The SDB is vested with the power to investigate and recommend discipline for lawyers for violations of the Georgia Rules of Professional Conduct. Bar Rules 4-201, 4-203. The SDB conducts a probable cause investigation, which consists of collecting evidence and information. If the SDB determines there is probable cause that an attorney violated a rule of professional conduct, it has several options including dismissal, confidential

[6]

discipline, or referral to the Georgia Supreme Court for public disciplinary proceeding.

If the matter is docketed in the Georgia Supreme Court with a formal complaint, the attorney has an opportunity to file an answer. Then the parties may engage in discovery, file motions and discuss possible voluntary discipline. Bar Rule 4-212. The special master is authorized to conduct a formal disciplinary hearing, including deciding questions of law or fact. In appropriate cases, the special master may make a recommendation of discipline via a report filed with the Clerk of the SDB. Bar Rule 4-213. The attorney and the State Bar may file exceptions to the report and request a review by the State Disciplinary Review Board ("SDRB"). Bar Rule 4-214. If a review is requested, the SDRB reviews the report. Conclusions of law are reviewed *de novo*. Conclusions of fact are reviewed under a "clearly erroneous" standard. The SDRB can recommend dismissal of the disciplinary action outright or change the discipline recommended by the special master. Bar Rules 4-215 and 4-216.

Once the special master's report and SDRB report (if any) are filed with the Georgia Supreme Court, the attorney and the State Bar may file written exceptions to the report, including allegations of errors in the hearing. Bar Rule 4-213. After review of the record, including any exceptions, the Georgia Supreme Court enters judgment. Bar Rule 4-218.

In all disciplinary proceedings, the State Bar of Georgia has the burden of proof, other than in cases involving an attorney convicted of certain crimes. The quantum of proof is by "clear and convincing evidence." Bar Rule 4-221.2. At each stage of the public proceeding, the attorney can raise substantive defenses and constitutional challenges.

### D. Plaintiff's Lawsuit Against State Bar Officials

Plaintiff filed the instant lawsuit on March 23, 2021 against twenty-one defendants. [**Dkt. 1**, pp. 4-10] Eighteen are current members of the SDB. As to the other three, Defendant Glouton is a past member of the Investigative Panel; her term ended before Wood's disciplinary action was taken up. Defendant Jones was an *ex officio* member of the SDB while she was president-elect of the State Bar. She is not a current member of the SDB and was not involved in any deliberations or decisions relating to Plaintiff. Defendant Frederick is General Counsel for the State Bar and is not a member of the SDB.

Plaintiff asks this Court to enter an injunction enjoining Defendants from "requir[ing] him to undergo a medical, mental, psychiatric, or psychological examination[.]" As discussed further below, Defendants cannot "require" Plaintiff to undergo a mental health evaluation. Plaintiff also seeks an Order declaring that Defendants' alleged "actions in requiring the Plaintiff to consent to a medical, mental, psychiatric or psychological examination to be a violation of his

[8]

constitutional rights[.]" Finally, Plaintiff seeks compensatory damages "in excess of $75,000[.]" [**Dkt 1**, pp. 37-38]

## II.   ARGUMENT

## A. This Court Should Abstain from Intervening Pursuant to the *Younger* Doctrine.

Plaintiff's request for injunctive relief, declaratory relief, and money damages is a request for this Court to intervene in the ongoing disciplinary proceedings currently pending in the Georgia Supreme Court against Plaintiff. As the United States Supreme Court has held, "since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43, 91 S. Ct. 746, 750, 27 L. Ed. 2d 669 (1971).

The United States Supreme Court held that the *Younger* doctrine applies in three categories of cases: (1) State criminal proceedings, (2) certain civil enforcement proceedings, and (3) civil proceedings involving certain orders "uniquely in furtherance of the state courts' ability to perform their judicial functions. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78, 134 S. Ct. 584, 591, 187 L. Ed. 2d 505 (2013). A State Bar disciplinary proceeding falls into the second

category.[3] The Court held that "[s]uch enforcement actions are characteristically initiated to sanction the federal plaintiff, i.e., the party challenging the state action, for some wrongful act[.]" As an example of such a civil enforcement proceeding that would give rise to *Younger* abstention, the Court cited New Jersey's attorney discipline action at issue in the *Middlesex* case. *Id.*, referencing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982).

Once it is determined that a case falls into one of those three categories outlined in the *Sprint* case, as this case does, the Court must then apply three additional factors from the *Middlesex* case: (1) Whether state proceedings are currently pending; (2) whether the proceedings involve an important state interest; and (3) whether the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims. *Middlesex*, 457 U.S. at 432–34.

All three factors favor abstention when applied to the facts of this case. (1)The grievance proceedings are currently pending against Plaintiff. (2) Georgia has an "extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*,

---

[3] To the extent Plaintiff's disciplinary action generates an order, it will implicate the third category as well.

457 U.S. 423, 435, 102 S. Ct. 2515, 2523, 73 L. Ed. 2d 116 (1982). (3) Grievance proceedings, which involve a hearing before a special master, a right to State Disciplinary Board review, and final consideration by the Georgia Supreme Court, give Plaintiff ample opportunity to raise and preserve his constitutional concerns.

In the *Middlesex* case, the Court ruled that New Jersey's disciplinary proceedings, like Georgia's, involve review by the state's highest court, which were adequate for an attorney to raise constitutional objections. As such, it was appropriate for the federal court to abstain. *Id.* at 427. Plaintiff bears the burden of proving that the State Bar's grievance proceedings are inadequate, since "[m]inimal respect for the state processes, of course, precludes any *presumption* that the state courts will not safeguard federal constitutional rights." *Middlesex*, at 431 (emphasis in original). *See also Butler v. Alabama Jud. Inquiry Comm'n*, 245 F.3d 1257, 1262 (11th Cir.), certified question answered, 802 So. 2d 207 (Ala. 2001).

The Court's obligation to abstain applies not only to Plaintiff's request for an injunction, but also for his claim for declaratory judgment. The *Younger* doctrine applies to claims for declaratory judgment that would effectively enjoin state proceedings. *See Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1261 (11th Cir.1997). The declaratory judgment sought by Plaintiff in this action, that the Defendants' actions are unconstitutional, would have the effect of enjoining

[11]

the state proceedings. As such, *Younger* abstention applies to Plaintiff's request for a declaratory judgment.

*Younger* abstention is also appropriate in § 1983 actions for money damages, where the plaintiff raises the same issues in the state action and the federal case. *Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985). The issues that Plaintiff raises in support of his § 1983 claims; namely, that Defendants violated his free speech rights and his constitutional right to privacy, are arguments that Plaintiff can or has raised in the disciplinary proceeding. As such, *Younger* abstention applies to Plaintiff's § 1983 claims.

This Court was faced with a nearly identical fact pattern in 1992 in the matter of *Cohran v. State Bar of Georgia*. In that case, Cohran filed an action in the Federal District Court for the Northern District of Georgia seeking an injunction to enjoin the State Bar and its employees from continuing disciplinary proceedings against him. The District Court refused to grant injunctive relief, holding that Federal Courts should abstain from interfering with a state bar's ongoing disciplinary actions against its attorneys. The District Court held that Georgia had a great interest in regulating the practice of law in its state "since lawyers are essential to the primary governmental function of administering justice, and have historically been 'officers of the courts.'" *Cohran v. State Bar of Georgia*, 790 F. Supp. 1568, 1571 (N.D. Ga. 1992).

[12]

The reasoning behind the *Cohran* decision is equally applicable to the instant case. It is important to note that Cohran, like Plaintiff here, tried to invoke the Disrtrict Court's jurisdiction by raising constitutional claims. The District Court held that, since Cohran had a chance to raise his constitutional claims before the Georgia Supreme Court, the District Court had no need to intervene. The Court held that the fact that Cohran "failed to prevail on federal constitutional grounds [in proceedings in front of the Georgia Supreme Court] does not mean he was denied the opportunity to raise those claims." *Cohran,* at 1571 (N.D. Ga. 1992).

The United State Supreme Court has held that "it is perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger*, at 45 (1971).  This case presents no reason to make an exception to this general rule. This Court should decline Plaintiff's request to intercede and interfere in the pending disciplinary action.

## B.  This Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Claims.

Subject-matter jurisdiction can never be waived or conferred by the consent of the parties. This Court is "duty-bound" to determine the basis for subject-matter jurisdiction in this Court and "to dismiss for lack of jurisdiction any case in which it is found to be wanting." *Latin Am. Prop. & Cas. Ins. Co. v. Hi-Lift Marina, Inc.*, 887 F.2d 1477, 1479 (11th Cir. 1989). *See also*, Federal Rule of Civil Procedure 12(b)(1).

[13]

If faced with factual disputes regarding subject matter jurisdiction, the Court acts as the fact-finder and may weigh the evidence, provided that the challenge to subject-matter jurisdiction does not implicate an element of the cause of action. *Scarfo v. Ginsberg*, 175 F.3d 957, 961 (11th Cir. 1999).

Pursuant to Georgia statute, the Supreme Court of Georgia is the only Court with subject-matter jurisdiction over "a cause of action whereby a party seeks to challenge the action or inaction of the State Bar or any person in connection with a disciplinary proceeding." *Wallace v. State Bar of Georgia*, 268 Ga. 166, 167, 486 S.E.2d 165, 167 (1997)(citing Rule 4–225)[4]. This is because "[t]he regulation of the practice of law is a judicial function…**The Supreme Court of Georgia is endowed with the inherent and exclusive authority to govern the practice of law in Georgia**." *Id.* (emphasis added). Since Plaintiff's action clearly relates to the actions of the SDB in connection with Plaintiff's disciplinary proceedings, this Court lacks subject-matter jurisdiction over Plaintiff's claims and must dismiss the instant action.

If the Georgia Supreme Court issues an adverse final ruling in Plaintiff's disciplinary matter, Plaintiff will have the opportunity to seek appellate review in the United States Supreme Court: "[O]rders of a state court relating to the admission,

---

[4] The State Bar of Georgia is the administrative arm of the Georgia Supreme Court. *See* O.C.G.A. § 15-19-30 and *Wallace v. Wallace*, 225 Ga. 102, 113, 166 S.E.2d 718, 725 (1969).

discipline, and disbarment of members of its bar **may be reviewed only by the Supreme Court of the United States on certiorari to the state court**, and not by means of an original action in a lower federal court." *Cohran*, at, 1572 (N.D. Ga. 1992)(emphasis added).

Plaintiff is aware that this Court lacks jurisdiction over his claims. On March 31, 2021, Plaintiff filed a petition in the Georgia Supreme Court asking for a stay of the disciplinary proceedings against him. [**Ex. G,** *Petition*]. In that petition, Plaintiff states, referring to the Georgia Supreme Court:

> "This Court is vested with original and exclusive jurisdiction to hear and determine the issues presented in this Petition pursuant to GA Bar Rule 4-225 which provides as follows: '**The State Disciplinary Board and any person who is connected with disciplinary proceedings in any way shall not be subject to the jurisdiction of any court other than the Supreme Court with respect thereto**, except as provided in Rules 4-214, 4-215, and Rule 4-216.'" [**Id.**, p. 2, emphasis added]

As Plaintiff stated, the Georgia Supreme Court has original and exclusive jurisdiction over this matter.[5] Plaintiff's claims must be dismissed for lack of jurisdiction.

---

[5] On May 3, 2021, the Georgia Supreme Court dismissed Plaintiff's *Petition*, declining to exercise its original jurisdiction to take up Plaintiff's request for a stay of the disciplinary proceedings at this time. [**Ex. G**] As discussed above, if probable cause is found and this matter proceeds to public disciplinary proceedings, Plaintiff will be able to make constitutional and factual arguments to the Georgia Supreme Court before any public discipline is imposed.

**C.    Plaintiff's Claims for Monetary Damages are Barred by Judicial Immunity**

The State Bar of Georgia is an administrative arm of the Supreme Court of Georgia. It "is authorized to maintain and enforce standards of conduct to be observed by members of the State Bar and those authorized to practice law in Georgia." *Scanlon v. State Bar of Georgia*, 264 Ga. 251, 252, 443 S.E.2d 830, 831 (1994). The exercise of discretion to discipline an attorney or to decline to do so is analogous to the decision of a judicial officer. *See Emory v. Peeler*, 756 F.2d 1547, 1553 (11th Cir. 1985). In fact, the Supreme Court of Georgia has directly provided for such immunity in the rules establishing the disciplinary process. State Bar of Georgia Rule 4-226 reads as follows:

> The Supreme Court of Georgia recognizes the disciplinary proceedings of the State Bar of Georgia to be judicial and quasi-judicial in nature and within the Court's regulatory function, and in connection with such disciplinary proceedings, members of the State Disciplinary Boards, the Coordinating Special Master, Special Masters, Bar counsel, special prosecutors, investigators, and staff **are entitled to those immunities customarily afforded to persons so participating in judicial and quasi-judicial proceedings or engaged in such regulatory activities**. (emphasis added).

The doctrine of judicial immunity protects judicial officers from judgments for money damages in civil suits against them. *Emory v. Peeler,* 756 F.2d 1547, 1552–53 (11th Cir.1985). When a judicial officer acts within his judicial capacity and his conduct does not clearly fall outside his subject matter jurisdiction, he is

[16]

entitled to absolute judicial immunity. *Id.* at 1553. Further, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id*.

State bar disciplinary proceedings are judicial in nature. *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S. Ct. 1303, 1314, 75 L. Ed. 2d 206 (1983), n. 15. This immunity applies to individuals who are employees or agents of the State Bar of Georgia. *See Cohran, supra.* As such, Plaintiff's claims for money damages against all Defendants must be dismissed based on judicial immunity.

## D. Plaintiff is Not Entitled to an Injunction

Plaintiff seeks preliminary and permanent injunctions to enjoin Defendants from "violating Plaintiff's constitutional rights…to require that he undergo a medical, mental, psychiatric, or psychological examination[.]" [**Dkt. 1**, pp. 37-38] Plaintiff also filed a separate *Motion for Preliminary Injunction*. [**Dkt. 29**] Defendants will file a separate response regarding that *Motion*.

Plaintiff is not entitled to an injunction. Neither Defendants nor anyone else associated with the State Bar can "require" Plaintiff to undergo a mental health evaluation. Rather, the State Bar can only request that a lawyer consent to an evaluation. If the lawyer agrees, he adds information and context that the SDB can

use to evaluate the matter. In this case, Plaintiff did not consent to the evaluation before the expiration of the extended deadline.

Plaintiff claims that he faces "an all but certain suspension of his law license if he does not consent to undergo a mental health evaluation[.]" [**Id.,** p. 27] This is incorrect. Plaintiff's law license will not be suspended or revoked until and unless:

- The full disciplinary process described above is complete; or
- The State Bar pursues an emergency suspension of Plaintiff's license, which can only occur after the process laid out in Rule 4-108, which requires:
    - An initial finding that there is "sufficient evidence demonstrating that a lawyer's conduct poses a substantial threat of harm to his client or the public[.]"; and
    - A hearing conducted by a special master; at which the lawyer can contest the evidentiary and legal basis of the claims against him; and
    - A recommendation by the special master that the lawyer's license be suspended; and
    - The Georgia Supreme Court accepts the recommendation and temporarily suspends the lawyer's license.

Note that the emergency suspension procedure is <u>not</u> limited to instances

where a lawyer refuses a request for a consensual mental health evaluation; it is available regardless of whether such request is made, refused, or accepted. There is simply no immediate threat to Plaintiff. There are no grounds for an injunction. Plaintiff will have ample opportunity to raise his concerns involving his constitutional rights in the disciplinary process.

## E. Plaintiff's Claims Are Barred by Qualified Immunity

Plaintiff's claims against Defendants in their individual capacities for monetary damages should be dismissed based on qualified immunity. Pursuant to this doctrine, a state official can have no liability for a discretionary act that "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982). Qualified immunity applies to §1983 cases. *Id.* This doctrine is intended to provide government officials with the ability to "reasonably anticipate when their conduct may give rise to liability for damages." *Anderson v. Creighton*, 483 U.S. 635, 646, 107 S. Ct. 3034, 3042, 97 L. Ed. 2d 523 (1989). An official seeking the protection of qualified immunity must have "been performing a function that, but for the alleged constitutional infirmity, would have fallen with his legitimate job description[]" and that this function "was pursued in authorized manner." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1266 (11th Cir. 2004).

[19]

As applied to the facts of this case, Defendants' conduct warrants qualified immunity protection. Asking Plaintiff to consent to a voluntary mental health examination, with the benefit of an exhaustive record and pursuant to duly adopted State Bar Rules, is within Defendants' job description and was done in an authorized manner and pose no statutory or constitutional violation. The claims against Defendants in their individual capacities for money damages should be dismissed based on qualified immunity.

## F.    Plaintiff is Not Entitled to Attorneys' Fees

Plaintiff seeks attorneys' fees pursuant to 42 U.S.C. § 1988. This statute allows the Court to award attorneys fees to the prevailing party in a § 1983 action. Since Plaintiff's case should be dismissed, he is not entitled to attorneys' fees pursuant to this or any other statute. Further, § 1988 explicitly states that in actions brought against judicial officers for acts or omissions within their judicial capacity, such officers shall not be held liable for any costs, including attorneys' fees, unless such action was clearly in excess of such officer's jurisdiction.

## III. CONCLUSION

For the reasons stated above, Plaintiff's *Complaint* should be dismissed in its

entirety.

Respectfully submitted this 3rd day of May, 20201.

## NALL & MILLER, LLP

By: /s/ *Patrick N. Arndt*
**ROBERT L. GOLDSTUCKER**
Georgia State Bar No. 300475
**PATRICK N. ARNDT**
Georgia State Bar No.  139033

bgoldstucker@nallmiller.com
parndt@nallmiller.com
235 Peachtree Street, N.E.
Suite 1500 – North Tower
Atlanta, Georgia  30303-1418
Phone:      (404) 522-2200
Facsimile:  (404) 522-2208

**Attorneys for Defendants**

## <u>CERTIFICATE OF SERVICE AND OF COMPLIANCE WITH LOCAL RULE 5.1</u>

I hereby certify that on May 3, 2021 a true and correct copy of this document was filed with the Court via the CM/ECF system. All attorneys identified with the Court for electronic service on record in this case were served by electronic transmission in accordance with the CM/ECF system, including the following counsel of record:

Larry L. Crain, Esq.
Crain Law Group, PLLC
5214 Maryland Way
Suite 402
Brentwood, TN 37027

Ibrahim Reyes, Esq.
Reyes Lawyers, P.A.
236 Valencia Avenue
Coral Gables, FL 33134

L. Lin Wood, Jr., Esq.
L. Lin Wood, P.C.
P.O. Box 52584
Atlanta, GA 30355-0584

I further certify that I have prepared this document in 14 point Times New Roman font.

*   /s/ Patrick N. Arndt*

[1]