# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| L. LIN WOOD,<br>   Plaintiff,<br><br>v.<br><br>PAULA J. FREDERICK, CONNIE S. COOPER, JEFFREY R. HARRIS, CASEY CARTER SANTAS, PATRICIA F. AMMARI, KAYLA E. COOPER, ELIZABETH L. FITE, ELISSA B. HAYNES, MARGARET W. SIGMAN PUCCINI, SHERRY BOSTON, ELIZABETH POOL O'NEAL, DAVID F. RICHARDS, JENNIFER D. WARD, MICHAEL FULLER, SR., JENNIFER ELIZABETH DUNLAP, CHRISTIAN J. STEINMETZ, III, BRANDON L. PEAK, TOMIEKA DANIEL, CHRISTOPHER SUTTON CONNELLY, MELODY GLOUTON, and DAWN JONES,<br><br>   Defendants. | CIVIL ACTION FILE<br><br>NO.: 1:21-CV-01169-TCB<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR DISQUALIFICATION AND/OR RECUSAL |

NOW COME Defendants to respond to Plaintiff's *Motion for Judicial Disqualification and/or Recusal* [**Dkt. 26**]. Defendants show the Court as follows:

1. Plaintiff moved for the disqualification or recusal of Judge Batten. Plaintiff states that he has practiced before Judge Batten previously. Plaintiff states that, in those cases, Judge Batten did not "sanction Plaintiff for inappropriate or unprofessional conduct or otherwise take any action or file any complaint to call Plaintiff's professional conduct or mental stability into question." [**Dkt. 26**, p. 4]

2. This evidence is insufficient to support disqualification or recusal. A reasonable person, apprised of all relevant facts, would not have any doubt regarding Judge Batten's impartiality simply because he previously served as judge in a case involving Plaintiff. *Daker v. Allen*, No. CV 617-079, 2018 WL 9987239, at *1 (S.D. Ga. Mar. 12, 2018). Further, evidence cannot form the basis of a motion to recuse if the judge learned about it "in the course of a judicial proceeding." *United States v. Bailey*, 175 F.3d 966, 969 (11th Cir. 1999). Any information that Judge Batten has was obtained through his role as a judge and, as such, cannot support a motion to recuse or disqualify.

3. Plaintiff's contention that recusal is mandated because he intends to call Judge Batten as a material witness is also unavailing. Again, the testimony sought pertains to information Judge Batten obtained as a judge. There is no "personal" or "extrajudicial" information. As such, recusal is inappropriate. *See Blount Int'l, Ltd.*

*v. Schuylkill Energy Res., Inc.,* No. CIV. A. 88-3886, 1990 WL 223053, at *4 (E.D. Pa. Dec. 21, 1990). *See also Tenzer v. Lewitinn*, 599 F. Supp. 973, 974 (S.D.N.Y. 1985).

For the reasons stated above, Plaintiff's *Motion* should be denied.

Respectfully submitted this 3rd day of May, 2021.

**NALL & MILLER, LLP**
By: /s/ *Patrick N. Arndt*
**ROBERT L. GOLDSTUCKER**
Georgia State Bar No. 300475
**PATRICK N. ARNDT**
Georgia State Bar No.  139033
bgoldstucker@nallmiller.com
parndt@nallmiller.com
235 Peachtree Street, N.E.
Suite 1500 – North Tower
Atlanta, Georgia  30303-1418
Phone:     (404) 522-2200
Facsimile:  (404) 522-2208


**Attorneys for Defendants**

## CERTIFICATE OF SERVICE AND OF COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that on May 3rd, 2021, a true and correct copy of this document was filed with the Court via the CM/ECF system. All attorneys identified with the Court for electronic service on record in this case were served by electronic transmission in accordance with the CM/ECF system, including the following counsel of record:

Larry L. Crain, Esq.
Crain Law Group, PLLC
5214 Maryland Way
Suite 402
Brentwood, TN 37027

Ibrahim Reyes, Esq.
Reyes Lawyers, P.A.
236 Valencia Avenue
Coral Gables, FL 33134

L. Lin Wood, Jr., Esq.
L. Lin Wood, P.C.
P.O. Box 52584
Atlanta, GA 30355-0584

I further certify that I have prepared this document in 14 point Times New Roman font.

_/s/ Patrick N. Arndt_

893858v.1