UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

L. LIN WOOD, JR.,

    Plaintiff,

    v.                                            CASE NO. 1:21-CV-1169-TCB

PAULA J. FREDERICK, et. al.,

    Defendants.

_____/

**PLAINTIFF'S MOTION FOR RECONSIDERATION
OF MAY 3, 2021 SCHEDULING ORDER**

COMES NOW the Plaintiff, L. LIN WOOD, JR., by and through undersigned counsel, pursuant to L.R. 7.2(E) of the Local Rules of the Northern District of Georgia and files this motion for reconsideration of this Court's Order dated May 3, 2021, and in support of this request states the following:

On May 3, 2021, this court entered an order directing Plaintiff to file his reply briefs in support of his motion for preliminary injunction and motion for disqualification by Friday, May 7, at 5:00 p.m. Additionally, the Court directed Plaintiff to file his response to Defendants' pending motion to dismiss by Monday, May 10, at 9:00 a.m., and improvidently scheduled a hearing (presumably in-person) on the complaint and all pending motions on Thursday, May 13, at 10:00 a.m. in Courtroom 2106 of the United States Courthouse, in Atlanta, Georgia.

This Court has the authority to correct a clear error in its decision, especially when that decision overlooks information, data, and/or the controlling local rules that would reasonably be expected to alter the conclusion reached by the Court.

As this Court is no doubt aware, Plaintiff submitted his Motion for Judicial Disqualification and/or Recusal on March 29, 2021 (DE 26), over 37 days ago. Based on the Court's delay in addressing the motion for disqualification, Plaintiff was compelled to submit a motion for expedited consideration of the motion for disqualification (DE 33), which was filed on April 22, 2021.

On May 3, 2021, the Court, rather than addressing the outstanding motion for disqualification, directed its law clerk, Katie Klimco, to send an email to Defendant's counsel, informing them that "Judge Batten would like to know when Defendants intend to file a response to the complaint and to Mr. Wood's pending motion to disqualify. If you can let me know, we would appreciate it." (See email attached hereto as Exhibit "A").

As an initial matter, Plaintiff submits that the motion to disqualify and/or recuse Judge Batten under 28 U.S.C. §§ 144 and 455 was timely filed, contained a verification as required, and was accompanied by a certificate of counsel. However, the Court, rather than following the mandate of the recusal statutes, and addressing whether the motion to disqualify was timely and legally sufficient, instead directed the Court's law clerk to request Defendants to respond and comment on Plaintiff's

Motion for Judicial Disqualification in contravention of the Eleventh Circuit's pronouncement in *United States v. Kelly*, 888 F.2d 732 (11th Cir. 1989).[1] In *Kelly*, the Eleventh Circuit held that, as a general rule, " 'a federal judge should reach his own determination [on recusal], *without calling upon counsel* to express their views…. The too frequent practice of advising counsel of a possible conflict, and asking counsel to indicate their approval of a judge's remaining in a particular case is fraught with potential coercive elements which make this practice undesirable.' " *Id.* at 746.

Consequently, on May 3, at 10:18 a.m., Defendants' counsel responded to Judge Batten's inquiry and apprised the Court that Defendants would be filing a Motion to Dismiss, a Response to the Motion for Preliminary Injunction and a Response to the Motion to Disqualify later that day. Shortly thereafter, the Court entered the aforementioned scheduling order, for which Plaintiff seeks reconsideration.

Plaintiff request this Court reconsider the strict scheduling timelines set forth in the Order, which contravene the time periods prescribed by the Local Rules. Specifically, L.R. 7.1(C) affords a party the opportunity to submit a reply and provides the reply must be served not later than fourteen (14) days after service of

---

[1] Notably, the *Kelly* case arose in the United States District Court for the Northern District of Georgia.

the responsive pleading. In this case, Defendants filed a response to the motion for preliminary injunction and a response to the motion for disqualification on May 3, 2021. Pursuant to the local rules of this Court, Plaintiff has until May 17, 2021 within which to submit his reply. Similarly, L.R. 7.1(B) affords Plaintiff fourteen (14) days within which to serve a response to the Defendants' motion to dismiss.

In this instance, the Court's Order merely affords Plaintiff three (3) days within which to file his reply briefs in support of his motion for preliminary injunction and his motion for disqualification, and six (6) days within which to serve his response, responsive memorandum, affidavits, and any other responsive material.

The Court has also improvidently scheduled a hearing to address the complaint and all pending motions on Thursday, May 13, 2021, at 10:00 a.m., without having first addressed the pending issue regarding Judge Batten's disqualification and/or recusal from his continued participation in these proceedings. To be sure, if the Court grants the motion for disqualification, it can proceed no further and there is no need for the scheduling of a hearing on May 13, 2021. If on the other hand, the Court denies the motion for disqualification, Plaintiff is entitled to the benefit of L.R. 7.2(E), or to seek appellate review, and is therefore prepared to file an Emergency Writ of Prohibition to the Eleventh Circuit Court of Appeals, together with a request to stay proceedings pending a resolution thereof.

WHEREFORE the Plaintiff, L. LIN WOOD, JR., based on the foregoing respectfully requests this Court reconsider and/or alter its May 3, 2021 Order to afford Plaintiff the opportunity to reply and/or respond to the opposing party's submissions, in accordance with the time period prescribed by the local rules of this Court.

Respectfully submitted,

**Crain Law Group, PLLC**

By: */s/ Larry L. Crain*
Larry L. Crain, Esq.
(Tenn. Supr. Crt. # 9040)
5214 Maryland Way, Suite 402
Brentwood, TN 37027
Tel. 615-376-2600
Fax. 615-345-6009
Email: Larry@crainlaw.legal

*Counsel for the Plaintiff*
*(Pro Hac Vice)*

*/s/ Ibrahim Reyes*
Ibrahim Reyes, Esq.
Florida Bar No. 581798
REYES LAWYERS, P.A.
236 Valencia Avenue
Coral Gables, FL 33134
Tel. 305-445-0011
Fax. 305-445-1181
Email: ireyes@reyeslawyers.com

*Counsel for the Plaintiff*
*(Pro Hac Vice)*

*/s/ L. Lin Wood, Jr.*
L. LIN WOOD, JR., Esq.
State Bar No. 774588
L. LIN WOOD, P.C.
P.O. Box 52584
Atlanta, GA 30355-0584
Tel. 404-891-1402
Fax. 404-506-9111
Email: lwood@linwoodlaw.com

*Counsel, Pro Se*

## CERTIFICATE OF COMPLIANCE

I CERTIFY that this document has been prepared in compliance with Local Rule 5.1C using 14-point Times New Roman font.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of May 2021, the above motion was filed with the Court's electronic filing system that will provide notice to all parties.

By: /s/ Larry Crain