UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

L. LIN WOOD, JR.,

    Plaintiff,

    v.                                          CASE NO. 1:21-CV-1169-TCB

PAULA J. FREDERICK, et. al.,

    Defendants.

_____/

**REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR JUDICIAL DISQUALIFICATION AND/OR RECUSAL**

COMES NOW the Plaintiff, L. LIN WOOD, JR., by and through undersigned counsel, pursuant to LR 7.1(C) and submits his reply to Defendants' Response to Plaintiff's Motion for Disqualification and/or Recusal [DE 26], and consistent with the facts and arguments set forth in Plaintiff's initial motion, Plaintiff reiterates and replies as follows:

**FACTUAL BACKGROUND**

1. On February 5, 2021, Defendants communicated with Plaintiff regarding the initiation of an investigation concerning information which they had received from four individuals outside the State of Georgia who alleged that Plaintiff's exercise of his free speech as a private citizen on political issues of inherent public and national concern, was nevertheless offensive, and suggested that

Plaintiff may have violated one or more of the Georgia Rules of Professional Conduct. Thereafter, Defendants on their own, without notice to, or an opportunity for Plaintiff to be heard, made a determination to initiate a grievance, specifically referencing and calling into question, Plaintiff's participation in several 2020 election integrity cases, including the case of *Pearson, et al. v. Kemp et al.*, 1:20-cv-4809, a case filed in the United States District Court for the Northern District of Georgia, assigned to the Honorable Timothy C. Batten, Jr.

2. Defendants notified Plaintiff that their investigation concerned his professional conduct and made a determination to investigate his mental fitness to practice law, and among other things, called into question his conduct, as co-counsel for plaintiffs, in that case before Judge Batten.

3. Defendants actions in relying on, and referencing Plaintiff's conduct in the *Pearson* case, thrust Judge Batten into the spotlight as a material witness, as he presided over the proceedings in question, and had a first-hand opportunity to witness and assess Plaintiff's professional conduct, mental acuity, and mental fitness to practice law.

4. Defendants' grievance communication further evidences the materiality of Judge Batten's testimony, as the Defendants referenced Plaintiff

Wood's appearance and conduct in the November 29, 2020 Zoom hearing held before Judge Batten in the *Pearson* case.

5. While Defendants are constrained to concede that Judge Batten has personal knowledge of disputed evidentiary facts concerning the proceedings and first-hand knowledge of Plaintiff Wood's professional conduct, demeanor and mental fitness in those proceedings, which are material issues directly related to the disciplinary proceedings in the State Bar, and to the causes of action in the instant case, the Defendants nevertheless conflate the basis upon which Plaintiff seeks the disqualification and/or recusal of Judge Batten.

6. Although 28 U.S.C. § 455(b)(1) provides that a judge shall disqualify himself in circumstances where he has a personal bias or prejudice concerning a party, or *personal knowledge of disputed evidentiary facts concerning the proceeding*, Plaintiff's motion merely sought disqualification based on the fact that Judge Batten will be called as a material fact witness, as a result of his having personal knowledge of disputed evidentiary facts related to Plaintiff's professional conduct and mental fitness in the proceedings before him.

7. In that regard, Judge Batten's disqualification is mandated by § 455(b)(5)(iv), which provides that a judge shall disqualify himself where he is likely to be a material witness in the proceeding. To be sure, Judge Batten will not be called

as a character witness, as he has clearly demonstrated a pervasive bias and personal animus with regard to Plaintiff Wood, but rather, Judge Batten will most certainly be called as a fact witness, who despite his apparent dislike and/or disdain for Plaintiff Wood, did not have any occasion to sanction Plaintiff for unprofessional or unethical conduct, nor question his mental acuity.

8.   Judge Batten will be called upon to testify that he is cognizant of his obligations under the Code of Conduct for United States Judges, and the professional rules of conduct, and that he did not have any occasion to take any action against Plaintiff regarding his professional conduct, nor did he file any complaint with the State Bar, disciplinary board, or otherwise call Plaintiff's mental fitness into question.

9.   Consistent with the requirements imposed by the Code of Conduct for United States Judges, Rule 2.15(D) of the American Bar Association's Model Code of Judicial Conduct sets forth that "a judge who receives information indicating a substantial likelihood that a lawyer has committed a violation of the Rules of Professional Conduct *shall* take appropriate action." Judge Batten will be called upon to testify that he did not initiate any action in this regard and that there was no basis for him to do so.

10. Contrary to Defendants' contention, Plaintiff does not seek to disqualify and/or recuse Judge Batten merely because he previously served as a judge in a case where Plaintiff appeared, he seeks his disqualification because Judge Batten, without question, will be called to testify as a material fact witness, both in these proceedings and in any State Bar of Georgia disciplinary proceedings involving the Plaintiff.

11. While Plaintiff did not initially seek Judge Batten's disqualification based on his personal bias or prejudice concerning Plaintiff, the Court's actions since Plaintiff filed his Motion for Judicial Disqualification and/or Recusal on March 29, 2021 (DE 26), over 39 days ago, have now clearly evidenced Judge Batten's pervasive bias, animus and prejudice toward Plaintiff, which further warrants his disqualification and/or recusal in these proceedings.

12. To date, Judge Batten has inexplicably refused to address the Motion for Judicial Disqualification, and as a result of the Court's delay Plaintiff was compelled to submit a motion for expedited consideration of the motion for disqualification (DE 33), which was filed on April 22, 2021, 15 days ago.

13. Despite Plaintiff's repeated request for the Court to address the motion to disqualify and/or recuse Judge Batten under 28 U.S.C. §§ 144 and 455, which was timely filed, contained a verification as required, and was accompanied by a

certificate of counsel, the Court, rather than following the mandate of the recusal statutes and addressing whether the motion to disqualify was timely and legally sufficient, instead directed the Court's law clerk to request Defendants to respond and comment on Plaintiff's Motion for Judicial Disqualification.

14. Specifically, Judge Batten directed his law clerk, Katie Klimco, to send an email to Defendant's counsel, informing them that "Judge Batten would like to know when Defendants intend to file a response to the complaint and to Mr. Wood's pending motion to disqualify. If you can let me know, we would appreciate it." (See email attached hereto as Exhibit "A").

15. Judge Batten's request calling upon Defendants' counsel to express their views on the issue of disqualification, contravenes Eleventh Circuit precedent, demonstrating that Judge Batten's motives and impartiality might reasonably be questioned.

16. Judge Batten's actions and conduct make it abundantly clear that he seeks to avoid being called as a witness or to offer favorable testimony on behalf of Plaintiff, for whom he appears to harbor personal animus.

17. Judge Batten's pervasive bias with regard to Plaintiff is further evidenced by his continued refusal to address the motion for disqualification filed more than 39 days ago, while entering an Order denying Plaintiff's request to

reconsider a scheduling Order, that clearly contravenes the time periods prescribed by the Local Rules.

18. Notably, this Court's May 6, 2021 Order further evinces Judge Batten's pervasive bias, prejudice and animus by disingenuously asserting that "the purpose of the expedited schedule is to *accommodate* Wood's desire to move the case expeditiously and try to issue a ruling before May 14, as he indicated that date was important." To be sure, the only accommodation that Plaintiff Wood requested was a timely ruling on the motion for disqualification, so that the case would be assigned to another Judge so that Plaintiff can issue a subpoena to Judge Batten, and/or otherwise, timely appeal the denial of the motion for recusal by filing the appropriate writ in the Eleventh Circuit.

19. Judge Batten's actions in circumventing the fourteen (14) day time period prescribed by the local rules for submitting a reply and/or a response, and imposing a three (3) day time period on for a reply to the motion for preliminary injunction and motion for disqualification, is not accommodating; this unequal treatment is the antithesis of accommodation and further evinces his pervasive bias and animus toward Plaintiff.

## MEMORANDUM OF LAW

## STANDARD FOR RECUSAL AND/OR DISQUALIFICATION

Recusal of federal judges is governed by 28 U.S.C. § 455, which provides, in section 455(a), that a "judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Although 28 U.S.C. § 144 continues to provide for recusal upon affidavit submitted by a party, Congress rewrote § 455 in 1974 for the specific purpose of "broaden[ing] and clarify[ing] the grounds for judicial disqualification." *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 108 S.Ct. 2194, 2197, 100 L.Ed.2d 855 (1988). Under the new version of § 455, a judge is under an affirmative, self-enforcing obligation to recuse himself *sua sponte* whenever the proper grounds exist. Section 455 does away with the old "duty to sit" doctrine and requires judges to resolve any doubts they may have in favor of disqualification. *See United States v. Alabama,* 828 F.2d 1532, 1540 (11th Cir.1987), *cert. denied sub nom. Alabama State Univ. v. Auburn Univ.,* 487 U.S. 1210, 108 S.Ct. 2857, 101 L.Ed.2d 894 (1988).

"The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg,* 108 S.Ct. at 2205. Neither actual partiality, nor knowledge of the disqualifying circumstances on the part of the judge during the affected proceeding, are

prerequisites to disqualification under this section. The duty of recusal applies equally before, during, and after a judicial proceeding, whenever disqualifying circumstances become known to the judge. *See id.* at 2202–03. The standard for recusal under § 455(a) is " 'whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality.' " *United States v. Torkington,* 874 F.2d 1441, 1446 (11th Cir.1989) (quoting *Parker v. Connors Steel Co.,* 855 F.2d 1510, 1524 (11th Cir.1988), *cert. denied,* 490 U.S. 1066, 109 S.Ct. 2066, 104 L.Ed.2d 631 (1989)).

In this case, Plaintiff timely filed his motion for judicial disqualification under §§ 455 and 144, which contained an affidavit executed under penalty of perjury and was accompanied by a certificate of good faith. Despite Plaintiff's repeated requests that the Court address the motion, Judge Batten sat on the motion for 39 days, and instead of abiding by the requirements set forth in the recusal statutes, by addressing whether the motion to disqualify was timely and legally sufficient, directed his law clerk to email Defendants' counsel, specifically requesting to know when "Defendants intended to file a response to the complaint and to Mr. Wood's pending motion to disqualify." In *United States v. Kelly,* 888 F.2d 732 (11th Cir. 1989), the Eleventh Circuit held, "as a general rule, a federal

judge should reach his own determination [on recusal], without calling upon counsel to express their views .... The too frequent practice of advising counsel of a possible conflict and asking counsel to indicate their approval of a judge's remaining in a particular case is fraught with potential coercive elements which make this practice undesirable." *Id.* at 745-46. *See also, United States v. Khan*, 538 F. Supp 937 (E.D. NY 2007). Judge Batten's actions not only contravene Eleventh Circuit precedent, they clearly evince his pervasive bias, prejudice and animus toward Plaintiff, who simply seeks to call him as a material fact witness.

Despite the district court's improper invitation of comment from Defendants' counsel on his disqualification, recusal under § 144 is nonetheless mandatory once, as here, a party submits a timely and sufficient affidavit and presents a certificate stating that the affidavit is made in good faith. See, *United States v. Balistrieri,* 779 F.2d 1191,1199 (7th Cir. 1985).

Although Defendants assert that a reasonable person, apprised of all relevant facts, would not have any doubt regarding Judge Batten's impartiality, on the contrary, any objective, disinterested, lay observer fully informed of the fact that Judge Batten will be called as a witness to testify in the instant proceedings, would undoubtedly question the propriety of Judge Batten presiding over a matter in which he will testify in the same proceedings as a material witness.

The Defendants further cite to *United States v. Bailey*, 175 F.3d 966 (11th Cir. 1999), for the proposition that nothing that a judge learns during the course of a judicial proceeding can form the basis for recusal, however, *Bailey* is inapposite, as the judge in *Bailey* was not a material witness in any subsequent proceeding, was not called upon to testify in any proceeding, and the court was not required to make a determination in that regard. Defendants reliance on district court opinions from the Eastern District of Pennsylvania and the Southern District of New York are also unavailing, as the district judge in *Blount Int'l, Ltd. v. Schuylkill Energy Res., Inc.*, No. Civ. A. 88—3886, 1990 WL 223053, at *4 (E.D. Pa. Dec. 21, 1990), noted that she knew "nothing about the issue or about settlement discussions between the parties that occurred outside her presence" … and "[b]ecause I have nothing material to testify about, the possibility that I will be called as a material witness in this case is nil." *Id*. at *4.  In *Tenzer v. Lewitinn*, 599 F. Supp. 973, 974 (S.D.N.Y. 1985), the district court clarified that the testimony sought did not involve his personal knowledge of disputed evidentiary facts, but rather, he was being called to offer expert opinion testimony regarding the matter of legal fees.

While a court's range of judgments and reactions to information that it obtains during the course of judicial proceedings is generally not sufficient to establish the bias or prejudice required by § 144 or § 455, disqualification is appropriate if the

11

bias or prejudice "stems from an extrajudicial source – i.e., from a source outside the judicial proceedings at hand – and results in an opinion on the merits of some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). Additionally, even in cases in which the source of the bias or prejudice was clearly the proceedings themselves, the "pervasive bias and prejudice exception" set forth in *Davis v. Bd. Of School Com'rs of Mobile County*, 517 F.2d 1044, 1051 (5th Cir. 1975), would render the extrajudicial source doctrine inapplicable. In the instant case, while Plaintiff initially sought Judge Batten's disqualification and/or recusal because he is going to be called as a material fact witness, his disqualification at this point is further warranted based on the fact that his impartiality might reasonably be questioned, as well as, on his actions and conduct evincing his pervasive bias and animus toward Plaintiff.

Litigants are entitled to have their cases decided by a judge who is not going to serve as a witness in the same proceedings, and who can approach the facts in a detached, objective fashion. It is clear from Judge Batten's actions that he is unable to do that in the instant case. See *Davis*, *supra*.

Furthermore, it is now apparent that the court's quasi *ex-parte* communications with Defendants' counsel were either improper or of such a nature

that the judge's impartiality might reasonably be questioned. See, *Kelly*, 888 F.2d at 745-46; *In Re Kensington Int'l, Ltd.*, 368 F.3d 289 (3rd Cir. 2004).

WHEREFORE, Plaintiff L. Lin Wood respectfully requests this Honorable Court enter an order disqualifying itself from any further proceedings in this matter.

Respectfully submitted,

**Crain Law Group, PLLC**

By: */s/ Larry L. Crain*
Larry L. Crain, Esq.
(Tenn. Supr. Crt. # 9040)
5214 Maryland Way, Suite 402
Brentwood, TN 37027
Tel. 615-376-2600
Fax. 615-345-6009
Email: Larry@crainlaw.legal

*Counsel for the Plaintiff*
*(Pro Hac Vice)*

*/s/ Ibrahim Reyes*
Ibrahim Reyes, Esq.
Florida Bar No. 581798
REYES LAWYERS, P.A.
236 Valencia Avenue
Coral Gables, FL 33134
Tel. 305-445-0011
Fax. 305-445-1181
Email: ireyes@reyeslawyers.com

*Counsel for the Plaintiff*
*(Pro Hac Vice)*

*/s/ L. Lin Wood, Jr.*
L. LIN WOOD, JR., Esq.
State Bar No. 774588
L. LIN WOOD, P.C.
P.O. Box 52584
Atlanta, GA 30355-0584
Tel. 404-572-6600
Fax. 404-506-9111
Email: lwood@linwoodlaw.com

*Counsel, Pro Se*

## CERTIFICATE OF COMPLIANCE

I CERTIFY that this document has been prepared in compliance with Local Rule 5.1C using 14-point Times New Roman font.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of May, 2021, the above motion was filed with the Court's electronic filing system that will provide notice to all parties.

By: /s/ Larry Crain