IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| L. LIN WOOD, JR., | ) |
| | ) |
| *Plaintiff*, | ) |
| -vs- | ) |
| | ) Case No. 1:21-cv-01169-TCB |
| PAULA J. FREDERICK, et al., | ) |
| | ) |
| *Defendants.* | ) |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO REQUEST FOR PRELIMINARY INJUNCTION**

**COMES NOW** Plaintiff L. Lin Wood and in conformance with LR 7.1(C), files his Reply in support of his Motion for preliminary injunction (ECF 27), and in opposition to Defendants' Response in opposition (ECF No. 35), and states as follows.

**FACTUAL BACKGROUND**

1. Defendants, members of the State Bar of Georgia Disciplinary Board and/or Office of the General Counsel, accurately state that Plaintiff was provided a Notice of Investigation ("NOI") of a grievance on February 11, 2021, and required Plaintiff to undergo a psychiatric evaluation. [**Exhibit A**, Follow up letter to Notice of Investigation]. However, Defendants improperly rely on Bar Rule 4-221.1 as their *reason* to disclose almost 2,000 pages of records pertinent to Plaintiff, when they proffer "*while grievances are usually kept confidential at this point in the*

*proceedings, the State Bar is authorized to disclose information necessary to correct false or misleading public statements about otherwise confidential disciplinary matters.*" See Bar Rule 4-221.1. The State Bar members also state: "*[T]he Rule also allows the Office of the General Counsel or the SDB to reveal information that would otherwise be confidential when there is a charge of wrongful conduct against the SDB or any person connected with disciplinary proceedings.*"

2. Defendants try to avoid that the State Bar of Georgia, by and through Defendant Paula Frederick, published on January 29, 2021 – before the February 11, 2021 NOI – that "*it is investigating two complaints against Wood and has ordered him to undergo a psychiatric evaluation.*" [**Exhibit B**, The Atlanta Journal-Constitution 1/29/2021 article].[1]  The State Bar's Disciplinary Board and Office of General Counsel's violation of Plaintiff's due process right began in January 2021, before the instant lawsuit was filed, making the Defendants' entire responsive argument inapplicable. An excerpt from 1/29/2021 The Atlanta Journal-Constitution publication reads:

> *The State Bar's disciplinary board is investigating Wood under a rule that addresses lawyers' incapacity from mental illness,*

---

[1] https://www.ajc.com/news/pro-trump-attorney-lin-wood-refuses-bars-order-to-undergo-psychiatric-exam/C2CQFQMB7NGX7DRU7SXJEDP544/

*alcoholism or other substance abuse, said Paula Frederick, the Bar's general counsel.*

*The rule says that when the board determines a lawyer "may be impaired or incapacitated," it may order medical or psychiatric evaluations and treatment. "That's what has happened here," Frederick said.*

3.   Furthermore, the State Bar's General Counsel Paula Frederick published on February 1, 2021 in the ABA JOURNAL publication –<u>before</u> the February 11, 2021 Notice of Investigation [Exhibit A] – that "*Georgia Bar general counsel Paula Frederick told the Atlanta Journal-Constitution that Wood is being investigated under a rule that addresses lawyers' incapacity from mental illness, alcoholism or other substance abuse. <u>The rule authorizes the bar to order medical or psychiatric evaluations and treatment when a lawyer may be impaired or incapacitated</u>, she said.*"[2]   (Emphasis supplied.)   Said publication stated that "*The Georgia Bar confirmed to Reuters and the Atlanta Journal-Constitution that Wood had been asked to take the exam.*"

---

[2] https://www.abajournal.com/news/article/after-filing-election-suits-pro-trump-lawyer-l.-lin-wood-is-asked-to-undergo-mental-health-evaluation/

4. Thus, Defendants' position that the State Bar of Georgia "*found it necessary to invoke the exception of Rule 4-221.1 to provide the Court with information that would otherwise be confidential at this stage of a disciplinary investigation*" is utterly misleading.

5. The State Bar of Georgia published Plaintiff L. Lin Wood's *alleged* incapacity due to mental illness, alcoholism or other substance abuse, based on four (4) Grievance Complaints, filed with the State Bar of Georgia by out-of-state filers from Chicago, IL (Paul Fine, Esquire), Eugene, OR (Stacy D. Smith Goldenberg), Hackensack, NJ (John V. Bellocchio) and Maumee, OH (Ted Kurt, Esquire).

6. Moreover, three members of the Supreme Court of the United States, Justices Thomas, Alito and Gorsuch, opined in their dissenting opinions in *Republican Party of Pennsylvania v. Veronica Degraffenreid, et al.*, 592 U. S. \_\_\_\_ (2021): "*We failed to settle this dispute before the election, and thus provide clear rules. Now we again fail to provide clear rules for future elections. The decision to leave election law hidden beneath a shroud of doubt is baffling. By doing nothing, we invite further confusion and erosion of voter confidence. Our fellow citizens deserve better and expect more of us. I respectfully dissent.*"

7. Noticeably, the State Bar of Georgia Office of the General Counsel published the following WARNING on its webpage: **IMPORTANT INFORMATION AND**

**INSTRUCTIONS, PLEASE READ BEFORE SENDING A GRIEVANCE**. [**Exhibit D**].  In said warning, the State Bar of Georgia states: "*There may be times when you feel that <u>the attorney did not represent you</u> in the best possible way and this resulted in an unfavorable outcome.*" [**Exhibit C**, State Bar's webpage WARNING].

We further find at Exhibit D: "*If you feel that your grievance may be the result of poor communication or a misunderstanding <u>between you and the attorney</u>, you should have an open talk with the attorney before you file a grievance.*" Again, the State Bar of Georgia implemented these requisites, but failed to follow them with respect to Plaintiff Wood.

8.    Defendant Paula Frederick and her co-Defendants used four unauthorized Grievance Complaints to initiate the Bar's "*comprehensive grievance addressing concerns similar to those in your submission, and an investigation is currently being conducted based upon that grievance.*"  [**Exhibit D composite**, February 17, 2021 letters to Grievance Complaint filers John V. Bellocchio (Hackensack, NJ), and Ted Kurt, Esquire ((Maumee, OH)], while dismissing their grievances.

9.    In plain terms, the State Bar of Georgia's Office of the General Counsel and its Disciplinary Board members used unauthorized Grievance Complaints from four non-clients of Plaintiff, despite the State Bar of Georgia WARNING [Exhibit D]

regarding their relationship and privity with a Georgia lawyer, as a pretext for the State Bar to question Plaintiff's mental health based on information obtained from a pending lawsuit, from a *sua sponte* Order from a judge in Delaware whose Order would also be critical of the dissenting opinion of three United States Supreme Court Justices in *Republican Party of Pennsylvania v. Veronica Degraffenreid, et al.*, 592 U. S. ____ (2021), and social media posts.

10. Defendants' invocation of Rule 4-221.1 to file of record what the State Bar's own rules require be kept confidential, <u>after</u> Defendants had disclosed and published confidential information about Plaintiff on January 29 and February 1, 2021 to The Atlanta Journal-Constitution, ABA JOURNAL, and Reuters, alleging Plaintiff is mentally insane, or is an alcoholic, or is a drug addict, lacks candor.

11. It is also telling that Defendants advance in their Response that the grievance is based in part on the following:

   1. *Wade, et al., v. Wood*, Fulton County Superior Court, Civil Action File Number 2020-cv-339937

   2. Revocation of *pro hac vice admission*

   3. Plaintiff's Public Statements.

12. Items 1 and 2 are not addressed within the Grievance Complaints filed by four out-of-state grievance filers, leaving item 3 as having commonality with the four

Grievance Complaints filed. Grievances about Plaintiff's social media posts do not have any relation to ongoing litigation between Plaintiff and three lawyers in *Wade, et al., v. Wood*, Fulton County Superior Court, Civil Action File Number 2020-cv-339937; nor with a judge in Delaware entering a *sua sponte* Order critical of Plaintiff's election integrity lawsuits.

13.   Judge Karsnitz opined in his Order that "*the Georgia case was textbook frivolous litigation.*" [**Exhibit E**, 1/11/2021 Order in *Carter Page v. OATH INC.*, C.A. No. S20C-07-030 CAK]. However, a review of the two cases in which Plaintiff litigated the November 3, 2020 General Election in Georgia, *Pearson v. Kemp*, 1:20-cv-4809-TCB and *Wood v. Raffensperger*, 1:20-cv-05155-TCB, did not reveal that any of the defendants, or the presiding judge, considered the lawsuits "<u>textbook frivolous litigation</u>", as none filed a Rule 11 motion, and the presiding judge on both cases, the Hon. Timothy C. Batten, did not invoke the Code of Conduct for United States Judges, nor did he report Plaintiff to the State Bar of Georgia.

14.   For instance, in *Pearson v. Kemp*, 1:20-cv-4809-TCB, Defendant, Georgia Governor Kemp, advanced: "*The truth is that the 2020 general election was, according to the federal agency tasked with overseeing election security, "the most secure in history.*" However, on March 25, 2021, Georgia Governor Brian Kemp, the Defendant in that case only two months earlier, signed into law SB 202 to ensure

<u>election integrity</u>. [**Exhibit F**, March 26, 2021 media release by the Office of the Governor], imposing new election integrity measures to what his own lawyers called "the most secure [general election] in history" two months earlier.

15. Likewise, Plaintiff filed *Wood v. Raffensperger*, 1:20-cv-05155-TCB, in which none of the defendants filed a Rule 11 motion against Plaintiff. In said matter, Plaintiff Wood argued that "*three aspects of Defendants' election scheme unconstitutionally contravene the Georgia legislature's prescribed election procedures: 1. signature verification for absentee ballots; 2. processing of absentee ballots prior to January 5; and 3. installation of ballot drop boxes.*" SB 202, an election integrity bill signed into law on March 25, 2021 in Georgia, addressed these very same issues.

16. Judge Karsnitz's ruling did not foresee that both parties to the Georgia litigation, which he labeled "textbook frivolous litigation" on January 11, 2021, would be in agreement that election integrity reform was justified by March 25, 2021, and election reform is now a fact in the State of Georgia.

17. The State Bar of Georgia, nonetheless, relied and continues to rely on such Order to request that Plaintiff Wood submit to a mental health examination.

18. Four unauthorized Grievance Complaints, a Delaware Order bursting with a judge's personal opinions about Plaintiff Wood's election integrity cases in Georgia,

and an ongoing disputed matter between former law office occupants, where none of the parties have testified at deposition or trial, led the State Bar of Georgia to request that Plaintiff submit to a psychiatric evaluation.

19. To add, the State Bar informed the world, through the ABA JOURNAL, Reuters and The Atlanta Journal-Constitution, that Plaintiff is mentally ill, impaired, and incompetent, <u>before</u> this litigation ensued.

20. For Defendants to suggest in their Response that Plaintiff has the right to due process throughout the grievance process, and thus does not require that injunctive relief be provided, is illusory and irrisory. The State Bar of Georgia had already violated Plaintiff's right to due process and his right to privacy many times in 2021, as shown, before Plaintiff filed the instant lawsuit.

## ARGUMENT AND MEMORANDUM OF LAW

Defendants advance three arguments in the Response, identified as A through C, to have the Court deny Plaintiff's request for injunctive relief.

**A.   Plaintiff Misstates Key Facts Regarding the Request for Voluntary Mental Health Examination and the Disciplinary Process.**

Defendants insist that the State Bar's investigative arm does not have authority to require a lawyer to undergo a mental health evaluation, which the State Bar emphasizes is <u>consensual</u> in nature. However, a review of Exhibit A, the NOI

letter, states: "*Bar Rule 4-104 provides that <u>a lawyer's refusal to participate in an evaluation recommended under the rule may be grounds for further proceedings under Bar Rules</u>.  <u>If you decline to cooperate</u> <u>I will convey that decision to the State Disciplinary Board so</u> <u>that they may decide how to proceed.</u>*"  (Emphasis supplied.) This message is not a request; it is a warning. No reasonable and unbiased person would interpret such message as a request for a consensual mental health evaluation with no risk of adverse consequences.

Additionally, Defendant Paula Frederick published: *<u>The rule authorizes the bar to order medical or psychiatric evaluations and treatment when a lawyer may be impaired or incapacitated</u>, she said.*"³   (Emphasis supplied.)   [**Exhibit G**, February 1, 2021 ABA JOURNAL article]. Defendant Paula Frederick, in no uncertain terms, comments on her initiation of an investigation before the NOI is sent to Plaintiff Wood, and in her comments uses mandatory, not consensual, language. It is not in question that Defendant Paula Frederick told the ABA JOURNAL that she has the authority to order the psychiatric evaluation of Plaintiff Wood, irrespective of what she may now claim in a Response.  In short, Plaintiff Wood did not misstate anything; rather, the State Bar wishes to avoid this Court

---

³ https://www.abajournal.com/news/article/after-filing-election-suits-pro-trump-lawyer-l.-lin-wood-is-asked-to-undergo-mental-health-evaluation/

knowing its own violations of its own rules governing its investigation of a Georgia lawyer, Plaintiff Wood. Defendants also state two different outcomes with regard to due process. In its Motion to dismiss (ECF 34), Defendants state at Page 5: "*The request for consensual evaluation is part of the investigation into the grievance. It is not an adjudicative proceeding itself, so there is no due process opportunity to be heard before the request is made.*" However, in their Response in Opposition to Plaintiff's Request for Preliminary Injunction (ECF 35), Defendants advance, at Pages 11-12, that Plaintiff Wood's due process rights will be respected throughout the disciplinary proceedings. Both cannot be true, demanding that injunctive relief be granted.

## B. The Court Should Decline To Intervene Based on the *Younger* Abstention Doctrine.

The *Younger* abstention doctrine is inapplicable herein. *Younger v. Harris*, 401 U.S. 37 (1971) stands for the proposition that only if the defendant (it was a criminal case) will face irreparable harm, should a federal court intervene in proceedings that are already underway in state court. Defendants argued in their Response, relying on *Cohran v. State Bar of Georgia*, 790 F. Supp. 1568 (N.D. Ga. 1992), that "*The District Court held that, since Cohran had a chance to raise his constitutional claims before the Georgia Supreme Court, the District Court had no

*need to intervene."* Id.  Notably, the *Younger* Court, in one of the concurring opinions with the majority opinion, rules that: "*A federal court that is contemplating intervening in a civil proceeding in a state court might consider different factors. This decision applies only to criminal prosecutions in state court.*" Id.

To wit, Plaintiff Wood is not a defendant in a criminal prosecution in state court anywhere in the world.

Additionally, Younger stands for the proposition that "*the normal course of a state criminal prosecution cannot be blocked on the basis of fears of prosecution that are merely speculative.*" Id. In the instant case, it is not speculative that the State Bar of Georgia required Plaintiff Wood to submit to a psychiatric evaluation, a very invasive process intended to harass and smear Plaintiff.

Lastly on this issue, Plaintiff Wood filed a Petition for Stay of the State Bar of Georgia investigation pending a ruling on its propriety, in the matter *L. Lin Wood, Jr. v. State Bar of Georgia*, Case No. S21O0897. The Supreme Court of Georgia dismissed it on May 3, 2021 on the basis that the Court only exercises original jurisdiction in "extremely rare" instances.  [**Exhibit H**, Order of dismissal] Hence, Plaintiff raised his constitutional issues in state court and the state court refused to consider them. Consequently, there are no pending state court proceedings, thus not

permitting a federal court with jurisdiction to accept the matter and still conform with the rulings in *Cohran* and *Younger*.

**B.     Plaintiff Fails to Satisfy any of the Criteria for Preliminary Injunctive Relief.**

A preliminary injunction is granted when (1) the plaintiff is likely to succeed on the merits of his or her claims; (2) the plaintiff would suffer irreparable harm in the absence of an injunction; (3) the harm suffered by the plaintiff absent an injunction would exceed the harm that the injunction would cause the defendant; and (4) an injunction would not disserve the public interest. See *Lebron v. Sec'y, Fla. Dep't of Children and Families*, 710 F.3d 1202, 1206 (11th Cir. 2013).

Plaintiff Wood is likely to succeed on the merits of his claims. These constitutional rights violations are not part and parcel of the State Bar's investigation, and can only be addressed by the District Court. Secondly, Plaintiff Wood will suffer harm in the absence of an injunction. The State Bar of Georgia has already violated Plaintiff's right to due process and right to privacy, which has harmed Plaintiff's name, image and likeness. The State Bar's Office of the General Counsel interviews in late January-early February with The Atlanta Journal-Constitution, ABA JOURNAL and Reuters, <u>before</u> this action began and <u>before</u> Plaintiff Wood received the State Bar's NOI, are clear due process violations.

13

Surely, injunctive relief will protect Plaintiff Wood from further harm and prejudice. Thirdly, granting injunctive relief will not harm the Defendants and disserve the public interest. The State Bar of Georgia still has the opportunity to address Plaintiff's alleged misconduct as a lawyer.

## CONCLUSION

For the reasons stated, Plaintiff's Motion for preliminary injunctive relief should be granted.

Respectfully submitted this 7th day of May, 2021.

>By: */s/ Larry L. Crain*
>Larry L. Crain, Esq.
>(Tenn. Supr. Crt. #9040)
>CRAIN LAW GROUP, PLLC
>5214 Maryland Way, Suite 402
>Brentwood, TN 37027
>Tel. 615-376-2600
>Fax. 615-345-6009
>Email: Larry@crainlaw.legal
>
>*Counsel for the Plaintiff*
>*(Pro Hac Vice)*
>
>By: */s/ Ibrahim Reyes*
>Ibrahim Reyes, Esquire
>Florida Bar No. 581798
>REYES LAWYERS, P.A.
>236 Valencia Avenue
>Coral Gables, FL 33134
>Tel. 305-445-0011
>Fax: 305-445-1181
>Email: ireyes@reyeslawyers.com

*Counsel for the Plaintiff*
*(Pro Hac Vice)*

By: */s/ L. Lin Wood, Jr*
L. Lin Wood, Jr., Esq.
State Bar No. 774588
L. LIN WOOD, P.C.
P.O. Box 52584
Atlanta, GA 30355-0584
Tel. 404-891-1402
Fax. 404-506-9111
Email: lwood@linwoodlaw.com
*Counsel, Pro Se*

## CERTIFICATE OF SERVICE AND OF COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that on May 7th, 2021, a true and correct copy of this document was filed with the Court via the CM/ECF system. All attorneys identified with the Court for electronic service on record in this case were served by electronic transmission in accordance with the CM/ECF system, including the following counsel of record:

Robert L. Goldstucker
Patrick N. Arndt
NALL & MILLER, LLP
235 Peachtree Street, N.E.
Suite 1500 – North Tower
Atlanta, Georgia 30303-1418
Phone: (404) 522-2200
Facsimile: (404) 522-2208

I further certify that I have prepared this document in 14-point Times New Roman font.

*/s/ Ibrahim Reyes*