IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| L. LIN WOOD, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>PAULA J. FREDERICK, et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:21-cv-1169-TCB |

## **O R D E R**

Plaintiff L. Lin Wood, Jr. has sued the members of the Disciplinary Board of the State Bar of Georgia, who have initiated an investigation into his professional conduct and mental fitness to practice law. Wood contends that the investigation is based on his political views and lawsuits he filed challenging the results of the 2020 Presidential election. Two of those lawsuits were before this Court. In this action, Wood seeks declaratory and injunctive relief, contending that Defendants' actions violate his constitutional rights.

Based on the earlier lawsuits over which this Court presided, Wood has filed a motion [26] for judicial disqualification and/or recusal. He also has filed a motion [33] for expedited consideration of his motion for disqualification, contending that Defendant Chris Steinmetz intends to report on Wood's situation at the State Bar's May 14 meeting.

The Court will deny Wood's motion for disqualification or recusal. In large part, Wood's motion is based on his indication that he intends to call the undersigned as a witness to testify at a State Bar proceeding with respect to how Wood handled his earlier cases in this Court but cannot do so without recusal. However, information learned in court proceedings is not grounds for recusal. *See United States v. Bailey*, 175 F.3d 966, 969 (11th Cir. 1999).

Further, the Court agrees with Wood's assertion that it never sanctioned Wood for inappropriate or unprofessional conduct or otherwise took action or filed a complaint that would call Wood's professional conduct or mental stability into question based on Wood's 2020 cases in this Court. This obviates the need for the undersigned to testify as a witness.

Finally, nothing in the Court's handling of Wood's earlier cases would lead to impartiality, prejudice, or bias that would require recusal. The motion to expedite is denied as moot.

Wood's motions [26, 33] are denied.

IT IS SO ORDERED this 10th day of May, 2021.

_____
Timothy C. Batten, Sr.
United States District Judge