# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **L. LIN WOOD,** | |
| **Plaintiff,** | **CIVIL ACTION FILE** |
| **v.** | **NO.:  1:21-CV-01169-TCB** |
| **PAULA J. FREDERICK, CONNIE S. COOPER, JEFFREY R. HARRIS, CASEY CARTER SANTAS, PATRICIA F. AMMARI, KAYLA E. COOPER, ELIZABETH L. FITE, ELISSA B. HAYNES, MARGARET W. SIGMAN PUCCINI, SHERRY BOSTON, ELIZABETH POOL O'NEAL, DAVID F. RICHARDS, JENNIFER D. WARD, MICHAEL FULLER, SR., JENNIFER ELIZABETH DUNLAP, CHRISTIAN J. STEINMETZ, III, BRANDON L. PEAK, TOMIEKA DANIEL, CHRISTOPHER SUTTON CONNELLY, MELODY GLOUTON, and DAWN JONES,** | **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS** |
| **Defendants.** | |

## I.   FACTUAL BACKGROUND

### A. Procedural Posture

Plaintiff is a lawyer and a member of the State Bar of Georgia. Plaintiff is the subject of ongoing grievance proceedings. During the investigation of the grievance against Plaintiff, the State Bar requested that Plaintiff consent to a confidential, voluntary evaluation by a mental health professional, pursuant to Bar Rule 4-104. [**Dkt. 1**, p. 10] Plaintiff asked for and was granted an extension to March 15, 2021 to respond. [**Id.,** pp. 11-12] The extended deadline passed; Plaintiff failed to respond.

 Plaintiff filed this action asking the Court to rule that the request for voluntary mental health examination violated his constitutional rights. Plaintiff seeks damages and an order enjoining Defendants from requiring him to undergo a mental health examination. [**Id.,** pp. 37-38] Defendants moved to dismiss. [**Dkt. 34**] Plaintiff filed a response to Defendants' *Motion to Dismiss*. [**Dkts. 44 and 47-1**] For the reasons stated below, Plaintiff's claims should be dismissed in their entirety.

### B.  Plaintiff Disclosed the Request for Voluntary Mental Health Evaluation Before it was Discussed in the Press.

Plaintiff states that Defendants "made public" the request that Plaintiff undergo a consensual mental health evaluation. Plaintiff refers to a 1/29/21 article in the *Atlanta Journal-Constitution* [**Dkt. 44**, p. 9] and an article in the ABA Journal

on 2/1/21. [**Dkt. 43**, p.4] However, Plaintiff fails to mention that *he* posted about the

request on 1/26/21, days before the articles were published[1]:



Plaintiff also posted the State Bar's grievance and the roughly 1700 pages

supporting it.[2] Plaintiff cannot complain that his privacy was violated or that he

suffered harm due to the disclosure of this request when he was the one who

publicized it.

### C. Plaintiff Misstates the Factual Basis for the Investigation.

Plaintiff states that at the time Defendants made their request for Plaintiff to

---

[1] https://t.me/linwoodspeakstruth/208
[2] https://t.me/linwoodspeakstruth/625

undergo a consensual mental health evaluation "the only 'evidence' before the Defendants were the four, out-of-state grievances which relied exclusively as the basis of their complaints the comments posted to Plaintiff's personal social media." [**Dkt. 47-1**, p. 24] This is incorrect. The factual record was extensive at the time the request was made. The 1700 pages of evidence supporting the grievance [**Dkt. 35-2**] contains some of the evidence available to members of the Board. Several emails, text messages, and voice messages from Plaintiff himself were quoted in Defendants' previous filings; they will not be repeated here.

### D. Effect of Refusal to Consent to Voluntary Mental Health Evaluation

Plaintiff states that if he refused to consent to the voluntary mental health evaluation, "he is in jeopardy of this refusal alone serving as grounds for an emergency suspension of his law license." [**Dkt. 47-1**, p. 4] This is incorrect. A lawyer's license cannot be suspended for simply refusing to consent to a voluntary mental health evaluation. A lawyer's license can only be suspended after the process laid out in Rule 4-108, which requires an initial finding that the lawyer's conduct poses a substantial threat of harm to his client or the public, a hearing conducted by a special master, at which the lawyer can contest the evidentiary and legal basis of the claims against him, a recommendation by the special master that the lawyer's license be suspended, and the Georgia Supreme Court accepting the

[4]

recommendation and temporarily suspending the lawyer's license.

## II.   ARGUMENT

### A. Motion to Dismiss

While the Court must accept the factual allegations of a complaint as true for

the purposes of ruling on a motion to dismiss, the Court is not "bound to accept as

true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). To survive a

motion to dismiss, a complaint

> "must contain sufficient factual matter, accepted as true, to state a claim
> to relief that is plausible on its face. A claim has facial plausibility when
> the plaintiff pleads factual content that allows the court to draw the
> reasonable inference that the defendant is liable for the misconduct
> alleged. The plausibility standard…asks for more than a sheer
> possibility that a defendant has acted unlawfully. Where a complaint
> pleads facts that are merely consistent with a defendant's liability, it
> stops short of the line between possibility and plausibility of entitlement
> to relief."
> *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868

(2009)(internal cites omitted).

### B. This Court Should Abstain from Intervening Pursuant to the *Younger* Doctrine.

Plaintiff's Complaint is a request for this Court to intervene in the ongoing

disciplinary proceedings currently pending against Plaintiff. As the United States

Supreme Court has held, "since the beginning of this country's history Congress has,

[5]

subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43, 91 S. Ct. 746, 750, 27 L. Ed. 2d 669 (1971). The United States Supreme Court has specifically held that an attorney disciplinary matter is the type of civil enforcement proceeding that gives rise to *Younger* abstention. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982).

Since this case is a civil enforcement proceeding subject to *Younger*, the Court must now apply three additional factors from the *Middlesex* case: (1) Whether state proceedings are currently pending; (2) whether the proceedings involve an important state interest; and (3) whether the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432-434 (1982).

Plaintiff appears to concede that the regulation of the practice of law is an important state interest, so the second factor is satisfied. Plaintiff argues that the first factor does not apply because there is no currently pending state proceeding. [**Dkt. 47-1**, pp. 13-14] Contrary to Plaintiff's allegation, there is a grievance proceeding currently pending against him. Plaintiff claims that since he filed this action before there was a finding of probable cause against him, there is no pending state proceeding against him. There is no logical reason that this Court would be obliged

[6]

to abstain after a probable cause finding but not during the investigatory phase. The State Bar is charged with investigating attorney misconduct; such investigations are state proceedings pursuant to *Younger*. In a similar case that involved judicial misconduct, a court ruled that *Younger* abstention was appropriate even though the investigation was ongoing and no complaint had been filed. *Parker v. Jud. Inquiry Comm'n of the State of Alabama*, 212 F. Supp. 3d 1171, 1177 (M.D. Ala. 2016).

Plaintiff further argues that this factor does not apply because he is not seeking to enjoin the state disciplinary proceedings against him. [**Dkt. 47-1**, pp. 13-14] To the contrary, a finding that the Defendants' actions are unconstitutional would have the effect of enjoining the state proceedings. The *Younger* doctrine applies to claims for declaratory judgment that would effectively enjoin state proceedings. *See Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1261 (11th Cir.1997). Further, the 11th Circuit has explicitly held that a plaintiff's request for relief need not terminate the state proceeding in order to satisfy this factor: "The first factor is met when a state proceeding is ongoing and the relief sought by the plaintiff would interfere with the state proceeding. The plaintiff's requested relief can interfere with the state proceeding if it would disrupt the normal course of action in the state proceeding, **even if the relief sought would not terminate an ongoing proceeding**." *Henry v. Fla. Bar*, 701 F. App'x 878, 882 (11th Cir. 2017)(emphasis

added). Plaintiff's request for injunctive, declaratory, and compensatory relief based on his allegations of unconstitutional conduct on the part of Defendants would certainly disrupt the normal course of action in the state proceeding.

Plaintiff claims that the third factor does not apply because there is no opportunity in a state forum for Plaintiff to raise his constitutional concerns. [**Dkt. 47-1**, pp. 13-14] In fact, he does have a forum to raise his constitutional concerns. While the Georgia Supreme Court declined to exercise its original jurisdiction over Plaintiff's claims at the time of its order last week, Plaintiff will have an opportunity to raise his constitutional and factual arguments if probable cause is found and his disciplinary matter proceeds to public proceedings. *See*, e.g. Ga. Bar Rule 4-218.

Plaintiff also cites the *Berry* case from the 6th circuit for the position that the *Younger* abstention doctrine should not apply. *Berry v. Schmitt*, 688 F.3d 290, 299 (6th Cir. 2012). *Berry* is clearly distinguishable. As Plaintiff concedes, there was no ongoing state court proceeding in *Berry*; as such, it was decided pursuant to the *Rooker-Feldman* doctrine rather than the *Younger* doctrine. The relief sought by the plaintiff in *Berry* would not have stopped an ongoing state court matter. Indeed, in a recent Tennessee case, a district court declined to intervene, pursuant to *Younger*, in a case brought by an attorney concerning his disciplinary action. The Court specifically held that the *Berry* holding did not apply because the *Berry* case did not

involve an ongoing investigation. *Choosing Just. Initiative v. Flippin*, No. 3:20-CV-00745, 2020 WL 6546008, at \*5 (M.D. Tenn. Nov. 6, 2020). The *Berry* case provides no basis for the Court to intervene in this matter.

Plaintiff also states that *Younger* abstention should not apply due to Defendants' alleged bad faith. [**Dkt. 47-1**, pp. 14-15] However, when a state bar has "ample evidence" of conduct warranting a proceeding before initiating a proceeding, the bad faith exception to *Younger* does not apply. *Chestnut v. Canady*, No. 20-12000, 2021 WL 1661215, at \*3 (11th Cir. Apr. 28, 2021). As discussed at length, the investigation, request for voluntary mental health evaluation, and grievance are all amply supported by the evidence, much of which was written or spoken by Plaintiff himself. Plaintiff's bad faith argument fails.

Plaintiff's claim that he has not been afforded due process prior to the request for consensual mental health evaluation does not defeat *Younger* abstention. As an initial matter, Plaintiff fails to cite any authority for the position that he has a property right in not being asked to consent to a voluntary mental health evaluation. Further, as a matter of federal due process, attorneys are not entitled to broad discovery in disciplinary actions. The United States Supreme Court held that an attorney is entitled to "fair notice of the charge" and an opportunity to be heard. *In re Ruffalo*, 390 U.S. 544, 550, 88 S. Ct. 1222, 1226, 20 L. Ed. 2d 117 (1968). Plaintiff

has been provided a notice of the claims against him and will have an opportunity to defend himself and raise and preserve any constitutional issues before any public discipline is imposed. There is no due process violation; there is no reason for this Court to intervene.

Similarly, Plaintiff's argument that the request for voluntary mental health examination violates his 1st Amendment rights is unavailing. The alleged existence of a "chilling effect" of 1st Amendment rights is insufficient to overcome *Younger* abstention. *Butler v. Alabama Jud. Inquiry Comm'n*, 245 F.3d 1257, 1265 (11th Cir.), *certified question answered*, 802 So. 2d 207 (Ala. 2001).

Finally, Plaintiff states that the factual allegations from three of his former colleagues "are disputed and denied[.]" Plaintiff states that since the allegations are disputed, they "thus prove nothing." [**Dkt. 47-1**, p. 6] First, the disciplinary panel had more than "factual allegations." The disciplinary panel had access to emails and text messages authored by Plaintiff and voice mail messages left by Plaintiff. At a minimum, any reasonable person upon reviewing those would have concern about Plaintiff's behavior. Further, it is not uncommon that attorneys will deny the allegations made against them in grievance. The purpose of the investigation is to determine the veracity of the allegations against a lawyer. An "attorney involved in disciplinary proceedings cannot avoid *Younger/Middlesex* abstention by the simple

expedient of maintaining (under oath or not) that the disciplinary charges against him lack merit." *Thompson v. Fla. Bar*, 526 F. Supp. 2d 1264, 1278 (S.D. Fla. 2007).

## C.  This Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Claims.

The Supreme Court of Georgia is the <u>only</u> Court with subject-matter jurisdiction over suits involving the State Bar and its agents in connection with a disciplinary action. *Wallace v. State Bar of Georgia*, 268 Ga. 166, 167, 486 S.E.2d 165, 167 (1997)(citing Rule 4–225).

The Northern District of Georgia recently affirmed this principle, citing *Wallace* in holding that while "the State Bar of Georgia is a legal entity capable of suing and being sued, **any case challenging the action or inaction of the State Bar or any person in connection with a disciplinary proceeding can only be brought before the Supreme Court of Georgia**." Arroyo v. Colbert, No. 1:18-CV-00848-SCJ, 2018 WL 10510870, at *2 (N.D. Ga. Mar. 29, 2018)(emphasis added).

In a previous pleading, Plaintiff admitted that the Georgia Supreme Court has exclusive jurisdiction over his claims. Plaintiff, citing Rule 4-225, affirmed that exclusive jurisdiction over cases involving individuals associated with Bar disciplinary matters is in the Georgia Supreme Court. [**Dkt. 34-7**, p. 2]

The Northern District of Georgia ruled in *Cohran* that the federal courts lack jurisdiction over these matters. *Cohran v. State Bar of Georgia*, 790 F. Supp. 1568,

[11]

1574 (N.D. Ga. 1992). Plaintiff states that *Cohran* did not "rely on GA BAR Rule 4-225 as a basis for denying subject matter jurisdiction." [**Dkt. 47-1**, p. 21] Plaintiff neglects to mention that the *Cohran* court explicitly rejected the plaintiff's constitutional challenge to Rule 4-225:

> "Plaintiff claims this rule is unconstitutional because it bears no rational relation to any legitimate state interest. The court disagrees. It is well established that the states have a strong interest in regulating the practice of law. Rule 4–225 does not deprive plaintiff of an opportunity to present his case. It merely specifies the forum for challenging actions of the State Bar. **The rule is not constitutionally suspect**."

*Cohran* at 1574 (N.D. Ga. 1992)(emphasis added).

As the Court is aware, Plaintiff filed a petition in the Georgia Supreme Court seeking a stay of the disciplinary proceedings. On May 3, 2021, the Georgia Supreme Court dismissed Plaintiff's *Petition*, declining to exercise its original jurisdiction to take up Plaintiff's request for a stay of the disciplinary proceedings at this time. [**Dkt. 34-8**] Contrary to Plaintiff's argument, the Georgia Supreme Court is not, by this order, denying that it has jurisdiction over disciplinary matters. It is simply denying Plaintiff's extraordinary request to stay the proceedings against him. As discussed above, if probable cause is found and this matter proceeds to public disciplinary proceedings, Plaintiff will be able to make constitutional and factual arguments to the Georgia Supreme Court before any public discipline is imposed.

**D.**     **Plaintiff's Claims for Monetary Damages are Barred by Judicial Immunity**

The exercise of discretion to discipline an attorney or to decline to do so is analogous to the decision of a judicial officer. *See Emory v. Peeler*, 756 F.2d 1547, 1553 (11th Cir. 1985). As such, Defendants are entitled to judicial immunity. Plaintiff's claims for money damages fail as a matter of law. *Id.*

**E. Plaintiff is Not Entitled to an Injunction**

Plaintiff seeks preliminary and permanent injunctions to enjoin Defendants from "violating Plaintiff's constitutional rights…to require that he undergo a medical, mental, psychiatric, or psychological examination[.]" [**Dkt. 1**, pp. 37-38] Plaintiff also filed a separate *Motion for Preliminary Injunction*. [**Dkt. 29**] Defendants filed a separate response regarding that *Motion*. [**Dkt. 35**]

Plaintiff is not entitled to an injunction. Neither Defendants nor anyone else associated with the State Bar can "require" Plaintiff to undergo a mental health evaluation. Rather, the State Bar can only request that a lawyer consent to an evaluation. Plaintiff's law license will not be suspended or revoked without Plaintiff receiving full due process pursuant to the Bar Rules. There simply is no immediate threat to Plaintiff. There are no grounds for an injunction. Plaintiff can raise his concerns involving his constitutional rights in the disciplinary process.

[13]

**F. Plaintiff's Claims Are Barred by Qualified Immunity**

Pursuant to the doctrine of qualified immunity, a state official can have no liability for a discretionary act that "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982). Qualified immunity applies to §1983 cases. *Id.* Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *White v. Pauly*, 137 S. Ct. 548, 551, 196 L. Ed. 2d 463 (2017)(internal cites omitted). Disposition of a claim at this stage is appropriate when qualified immunity defense is raised, since, as the Supreme Court has held, "[u]nnecessary litigation of constitutional issues also wastes the parties' resources. **Qualified immunity is an immunity from suit rather than a mere defense to liability**." *Pearson v. Callahan*, 555 U.S. 223, 237, 129 S. Ct. 808, 818, 172 L. Ed. 2d 565 (2009)(emphasis added).

Plaintiff argues that qualified immunity does not apply because the Court must take the allegations of the verified complaint as true, including the allegation that "Defendants' actions in ordering him to submit to a mental examination are substantially motivated as a response to Plaintiff's exercise of constitutionally protected conduct." [**Dkt. 47-1**, p. 24] As an initial matter, Defendants did not and cannot "order" Plaintiff to be evaluated by a mental health professional. Further, this

Court need not accept the Plaintiff's legal conclusions as true. Instead, the Court must evaluate Defendants' actions based on the "objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Pearson v. Callahan*, 555 U.S. 223, 244, 129 S. Ct. 808, 822, 172 L. Ed. 2d 565 (2009)(internal cites omitted). In order to be subject to suit, officials must have first been on notice that their conduct was unlawful. *Id.*

Defendants' actions in requesting that Plaintiff consent to a voluntary mental health evaluation were based on a substantial factual record. The request was made pursuant to established Bar rules and procedures. The actions were objectively reasonable and within their scope of authority. Even an indulgent reading of Plaintiff's Complaint reveals no facts that would support a finding that Defendants were "on notice" that any of their conduct could be construed as unlawful. To the contrary, Defendants' conduct was reasonable by any objective standard. Defendants are entitled to qualified immunity.

## G.    Discipline Pursuant to Bar Rule 4-104

Plaintiff argues that it is unprecedented for the Bar to request a lawyer to undergo a voluntary mental health examination based on information obtained from non-clients. [**Dkt. 47-1**, pp. 18-20] Plaintiff does not state a constitutional claim simply because his fact pattern is unusual. Information from any credible source can

form the basis of a grievance investigation. *See* Bar Rule 4-202. Further, Plaintiff fails to allege facts sufficient to prove a claim of selective enforcement. *United States v. Smith*, 231 F.3d 800, 810 (11th Cir. 2000). Even if Plaintiff could allege such facts, claims of selective prosecution are insufficient to show bad faith or harassment to avoid the application of the *Younger* Doctrine. *Thompson v. Fla. Bar*, 526 F. Supp. 2d 1264, 1279 (S.D. Fla. 2007) *See also Cohran v. State Bar of Georgia*, 790 F. Supp. 1568, 1573 (N.D. Ga. 1992).

## III.   CONCLUSION

For the reasons stated above and in Defendants' previous filings, Plaintiff's action should be dismissed in its entirety.

May 12, 2021.

**NALL & MILLER, LLP**
By: /s/ *Patrick N. Arndt*
**ROBERT L. GOLDSTUCKER**
Georgia State Bar No. 300475
**PATRICK N. ARNDT**
Georgia State Bar No.  139033
**Attorneys for Defendants**

235 Peachtree Street, N.E.
Suite 1500 – North Tower
Atlanta, Georgia  30303-1418
Phone:     (404) 522-2200
Facsimile:  (404) 522-2208
bgoldstucker@nallmiller.com
parndt@nallmiller.com

## CERTIFICATE OF SERVICE AND OF COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that on May 12, 2021 a true and correct copy of this document was filed with the Court via the CM/ECF system. All attorneys identified with the Court for electronic service on record in this case were served by electronic transmission in accordance with the CM/ECF system, including the following counsel of record:

Larry L. Crain, Esq.
Crain Law Group, PLLC
5214 Maryland Way
Suite 402
Brentwood, TN 37027

Ibrahim Reyes, Esq.
Reyes Lawyers, P.A.
236 Valencia Avenue
Coral Gables, FL 33134

L. Lin Wood, Jr., Esq.
L. Lin Wood, P.C.
P.O. Box 52584
Atlanta, GA 30355-0584

I further certify that I have prepared this document in 14 point Times New Roman font.

*/s/ Patrick N. Arndt*

[17]

894726v.6