IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**L. LIN WOOD,**

      **Plaintiff,**

**v.**

**PAULA J. FREDERICK, CONNIE
S. COOPER, JEFFREY R.
HARRIS, CASEY CARTER
SANTAS, PATRICIA F. AMMARI,
KAYLA E. COOPER, ELIZABETH
L. FITE, ELISSA B. HAYNES,
MARGARET W. SIGMAN
PUCCINI, SHERRY BOSTON,
ELIZABETH POOL O'NEAL,
DAVID F. RICHARDS, JENNIFER
D. WARD, MICHAEL FULLER,
SR., JENNIFER ELIZABETH
DUNLAP, CHRISTIAN J.
STEINMETZ, III, BRANDON L.
PEAK, TOMIEKA DANIEL,
CHRISTOPHER SUTTON
CONNELLY, MELODY
GLOUTON, and DAWN JONES,**

      **Defendants.**

**CIVIL ACTION FILE**

**NO.: 1:21-CV-01169-TCB**

**DEFENDANTS' INITIAL
DISCLOSURES**

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response. **Defendant Haynes's**

**name was misspelled in the caption of the Complaint. The correct spelling is reflected in the caption of this document. Defendants do not believe an amended summons and complaint is necessary to correct this mistake.**

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention. **Defendants do not make any such contention at this time.**

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading. **Defendants' actions in initiating a grievance and requesting a voluntary mental health evaluation were supported by ample evidence and were objectively reasonable. Defendants' actions were not intended to and should not have suppressed Plaintiff's political speech. Defendants' actions were not taken in retaliation for Plaintiff's political speech. Defendants do not assert any counterclaims or cross claims at present.**

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action. **This action should be dismissed as a matter of law for the reasons identified in Defendants'** *Motion to Dismiss***. This Court should**

dismiss this matter pursuant to the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37, 43, 91 S. Ct. 746, 750, 27 L. Ed. 2d 669 (1971). *See also, Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78, 134 S. Ct. 584, 591, 187 L. Ed. 2d 505 (2013); *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); *Butler v. Alabama Jud. Inquiry Comm'n*, 245 F.3d 1257, 1262 (11th Cir.); *Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1261 (11th Cir.1997); *Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985); *Cohran v. State Bar of Georgia*, 790 F. Supp. 1568, 1571 (N.D. Ga. 1992); *Henry v. Fla. Bar*, 701 F. App'x 878, 882 (11th Cir. 2017); *Choosing Just. Initiative v. Flippin*, No. 3:20-CV-00745, 2020 WL 6546008 (M.D. Tenn. Nov. 6, 2020); and *Chestnut v. Canady*, No. 20-12000, 2021 WL 1661215(11th Cir. Apr. 28, 2021).

This Court lacks subject matter jurisdiction over Plaintiff's claims. *See Wallace v. State Bar of Georgia*, 268 Ga. 166, 167, 486 S.E.2d 165, 167 (1997); *Arroyo v. Colbert*, No. 1:18-CV-00848-SCJ, 2018 WL 10510870 (N.D. Ga. Mar. 29, 2018); and Bar Rule 4–225.

Plaintiff's claims for monetary damages are barred by the doctrine of judicial immunity. *See Emory v. Peeler*, 756 F.2d 1547, 1553 (11th Cir. 1985) and Bar Rule 4-226.

3

Plaintiff's claims are barred by the doctrine of qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982); *Anderson v. Creighton*, 483 U.S. 635, 646, 107 S. Ct. 3034, 3042, 97 L. Ed. 2d 523 (1989); *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1266 (11th Cir. 2004); and *Pearson v. Callahan*, 555 U.S. 223, 237, 129 S. Ct. 808, 818, 172 L. Ed. 2d 565 (2009).

Plaintiff is not entitled to attorneys' fees. *See* 42 U.S.C. § 1988.

Plaintiff is not entitled to a preliminary or permanent injunction. *See State of Tex. v. Seatrain Int'l, S. A.*, 518 F.2d 175, 179 (5th Cir. 1975); *Sampson v. Murray*, 415 U.S. 61, 88, 94 S. Ct. 937, 952, 39 L. Ed. 2d 166 (1974); and *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 792, 95 S. Ct. 2004, 2016, 44 L. Ed. 2d 572 (1975).

The following Bar Rules outline the procedure for a disciplinary action and a voluntary mental health evaluation:

State Bar of Georgia Rule 4-104
State Bar of Georgia Rule 4-201
State Bar of Georgia Rule 4-202
State Bar of Georgia Rule 4-203
State Bar of Georgia Rule 4-204.4
State Bar of Georgia Rule 4-212
State Bar of Georgia Rule 4-213
State Bar of Georgia Rule 4-214
State Bar of Georgia Rule 4-215
State Bar of Georgia Rule 4-216
State Bar of Georgia Rule 4-218

**State Bar of Georgia Rule 4-221.2**
**State Bar of Georgia Rule 4-225**

**Defendants' actions have not violated Plaintiff's constitutional rights.** *See Laird v. Tatum*, **408 U.S. 1, 13–14, 92 S. Ct. 2318, 2325–26, 33 L. Ed. 2d 154 (1972);** *Mathews v. Eldridge*, **424 U.S. 319, 333, 96 S. Ct. 893, 902, 47 L. Ed. 2d 18 (1976);** *New York Times Co. v. Sullivan*, **376 U.S. 254, 280, 84 S. Ct. 710, 726, 11 L. Ed. 2d 686 (1964);** *Standing Comm. on Discipline of U.S. Dist. Ct. for Cent. Dist. of California v. Yagman*, **55 F.3d 1430, 1437 (9th Cir. 1995);** *In re Ruffalo*, **390 U.S. 544, 550, 88 S. Ct. 1222, 1226, 20 L. Ed. 2d 117 (1968); and** *Thompson v. Fla. Bar*, **526 F. Supp. 2d 1264, 1279 (S.D. Fla. 2007**).

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. **Defendants refer to the list attached as Exhibit A.**

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. **Defendants have not determined which, if any, expert witnesses they intend to call at the trial of this matter.**

(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. **Defendants refer to the list of documents attached as Exhibit B.**

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. **Defendants are not currently claiming damages in this matter, other than an award of attorney fees, should they be successful in the defense of this action.**

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability. **Defendants are not making such a contention at this time.**

(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. **Defendants refer to Exhibit C.**

This 2nd day of June, 2021.

**NALL & MILLER, LLP**

By:  /s/ *Robert L. Goldstucker*
**ROBERT L. GOLDSTUCKER**
Georgia State Bar No. 300475
**PATRICK N. ARNDT**
Georgia State Bar No.  139033

*Attorneys for Defendants*

235 Peachtree Street, N.E.
Suite 1500 – North Tower
Atlanta, Georgia  30303-1418
Phone:      (404) 522-2200
Facsimile:  (404) 522-2208
E-Mail:  bgoldstucker@nallmiller.com
parndt@nallmiller.com