IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| L. LIN WOOD,<br><br>     Plaintiff,<br><br>v.<br><br>PAULA J. FREDERICK, CONNIE S. COOPER, JEFFREY R. HARRIS, CASEY CARTER SANTAS, PATRICIA F. AMMARI, KAYLA E. COOPER, ELIZABETH L. FITE, ELISSA B. HAYNES, MARGARET W. SIGMAN PUCCINI, SHERRY BOSTON, ELIZABETH POOL O'NEAL, DAVID F. RICHARDS, JENNIFER D. WARD, MICHAEL FULLER, SR., JENNIFER ELIZABETH DUNLAP, CHRISTIAN J. STEINMETZ, III, BRANDON L. PEAK, TOMIEKA DANIEL, CHRISTOPHER SUTTON CONNELLY, MELODY GLOUTON, and DAWN JONES,<br><br>     Defendants. | CIVIL ACTION FILE<br><br>NO.: 1:21-CV-01169-TCB<br><br>JOINT PRELIMINARY REPORT AND DISCOVERY PLAN |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

1.  **Description of Case:**

    (a) Describe briefly the nature of this action.

**Plaintiff states**: L. Lin Wood is an attorney licensed to practice in the State of Georgia and has for almost forty-four years been a member in good standing of the State Bar of Georgia. This action seeks declaratory and injunctive relief pursuant to 42 U.S.C. § 1983, for violation of the Plaintiff's constitutional rights under the First and Fourteenth Amendments of the United States Constitution. Specifically, the Defendants, acting under color of state law, requested Plaintiff submit to a mental health examination by a medical doctor of their choosing without providing a factual basis for such request, and despite the absence of any complaint by any client regarding his conduct or competency as an attorney, including any allegation that he suffers from mental illness, cognitive impairment, alcohol abuse, or substance abuse impairing his competency in the practice of law.  Plaintiff further alleges that this arbitrary, capricious and coercive government action by the Defendants, acting under color of state law, is retaliatory and is motivated, in whole or in part, based on Plaintiff's exercise of his free speech rights as a private citizen on matters of inherent and national public concern and therefore protected under the First Amendment of the United States Constitution. Plaintiff also asserts that this governmental action constitutes an unwarranted invasion of his constitutional

right to privacy as protected by the First and Ninth Amendments of the United States Constitution. Plaintiff also seeks compensatory damages as to Paula J. Frederick, for the violation of Plaintiff's constitutional rights, and based on her improper and intentional violation of State Bar rules in publishing confidential matters regarding the disciplinary investigation, by which Plaintiff has suffered irreparable harm.

**Defendants state**: Plaintiff is a lawyer and a member of the Georgia State Bar. Plaintiff seeks injunctive and declaratory relief regarding a request made by the State Bar that Plaintiff undergo a mental health evaluation. Plaintiff also seeks compensatory damages.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Plaintiff states**: On February 11, 2021, the State Bar, at the direction of the State Disciplinary Board, and pursuant to Bar Rule 4-104, wrote to Plaintiff to request that he consent to a confidential evaluation by a mental health professional. Bar Rule 4-104 provides that a lawyer's refusal to participate in an evaluation recommended under the rule may be grounds for further

proceedings under Bar Rules, further subjecting Plaintiff to additional threats of disciplinary action, including the emergency suspension of his law license.

Moreover, before February 11, 2021, State Bar of Georgia General Counsel Paula J. Frederick had published to third parties, including a former lawyer of Plaintiff, and the media, that she had ordered the Plaintiff to undergo a mental health evaluation. Plaintiff sued to enjoin the State Bar of Georgia from continuing to infringe on his constitutional rights under the First, Fourth and Fourteenth Amendments of the United States Constitution while requiring that he undergo a mental health evaluation. Plaintiff has also requested declaratory relief declaring the actions of the Defendants to be in violation of the Plaintiff's rights as guaranteed by the First and Fourteenth Amendments of the United States Constitution.

**Defendants state**: On February 11, 2021, the State Bar, at the direction of the State Disciplinary Board, and pursuant to Bar Rule 4-104, wrote to Plaintiff to request that he consent to a confidential evaluation by a mental health professional.

(c) The legal issues to be tried are as follows:

**Plaintiff states**: Plaintiffs filed suit to have this Court exercise jurisdiction over the constitutional claims raised in the complaint pursuant to Title 42 U.S.C. § 1983, and to request this Court enjoin Defendants from requiring Plaintiff submit to a mental health evaluation without a probable cause determination that Plaintiff suffers from any mental illness, cognitive impairment, alcohol abuse, or substance abuse issues impairing his competency in the practice of law.

The constitutional claims and issues to be tried include whether the State Disciplinary Board can utilize the disciplinary investigative process to silence and infringe upon Plaintiff's political free speech rights under the First Amendment by requesting that Plaintiff submit to a mental health evaluation, under the threat of further disciplinary action. To be clear, Plaintiff does not challenge the constitutionality of the disciplinary process of the State Bar of Georgia, but merely challenges the constitutionally of the disciplinary board's arbitrary and capricious request that he subject himself to a mental health evaluation, without first affording him substantive and procedural due process. The central issue to be tried is whether the disciplinary board, under the guise of a disciplinary investigation, has the authority to request a Georgia lawyer in

**good standing to submit to a mental health evaluation without a factual basis and where none of the lawyer's clients or former clients complained about the lawyer's competency in representing their interests or in the practice of law, but instead relied on grievances submitted by on four out-of-state complainants who requested Plaintiff be disciplined for his protected political free speech statements, posted on social media, favoring candidate Donald J. Trump. Plaintiff submits that there is no pending case or controversy, as the Supreme Court of Georgia dismissed Plaintiff's petition and declined to accept jurisdiction. Plaintiff further submits that he is being denied the opportunity to make and/or preserve any constitutional challenge. As Defendants' acknowledged, there is no due process opportunity for Plaintiff to be heard or to raise such claims during the disciplinary investigative process. Consequently, the *Younger* abstention doctrine upon which Defendants rely in their Motion to Dismiss is inapplicable in this case, as there is no pending action in which Plaintiff can seek redress for the ongoing violation of his constitutional rights.**

**Defendants state:** **Defendants have moved to dismiss this matter based on *Younger* abstention and other grounds. [Dkt. 34] Plaintiff can make and preserve any constitutional challenge within the confines of the disciplinary**

action. Should this matter proceed to trial on the merits, the issues to be tried include the constitutionality of the disciplinary process of the State Bar of Georgia, whether Defendants' request for Plaintiff to voluntarily undergo a mental health evaluation was reasonable and whether Plaintiff is entitled to monetary damages.

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

**Plaintiff states**: There is no pending related case in either the U.S. District Court or the Supreme Court of Georgia. There is a pending disciplinary investigation, however, no probable cause findings have yet been made, and there is currently pending in the Eleventh Circuit Court of Appeals, Case No. 21-11709, a Petition for Writ of Mandamus or Prohibition.

**Defendants state**: Plaintiff is the subject of a pending State Bar of Georgia grievance investigation. The investigation bears Georgia Supreme Court docket number S21Y1056; the case number was assigned when Plaintiff's counsel entered an appearance and filed motions to defend Plaintiff in the grievance investigation.

(2) Previously Adjudicated Related Case:

**Plaintiff states**: Plaintiff filed a *Petition* in the Georgia Supreme Court seeking a stay of the Bar disciplinary proceedings against him. The Supreme Court declined to exercise its original jurisdiction over Plaintiff's petition as it did not meet the "extremely rare" instances in which it would be appropriate for the Court to exercise original jurisdiction. Georgia Supreme Court Case Number S21O0897.

**Defendants state**: Plaintiff filed a *Petition* in the Georgia Supreme Court seeking a stay of the bar disciplinary proceedings against him. The Supreme Court declined, at this time, to exercise its original jurisdiction over Plaintiff's petition. Georgia Supreme Court Case number S21O0897.

2. This case is complex because it possesses one or more of the features listed below (please check):

_X_   (1)   Unusually large number of parties

  ____ (2) Unusually large number of claims or defenses
  ____ (3) Factual issues are exceptionally complex
  ____ (4) Greater than normal volume of evidence
  ____ (5) Extended discovery period is needed
  ____ (6) Problems locating or preserving evidence
  ____ (7) Pending parallel investigations or action by government
  ____ (8) Multiple use of experts
  ____ (9) Need for discovery outside United States boundaries
  ____ (10) Existence of highly technical issues and proof
  ____ (11) Unusually complex discovery of electronically stored information

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff: **Ibrahim Reyes, Larry L. Crain, and L. Lin Wood, Jr. (*pro se*)**

Defendants: **Robert L. Goldstucker and Patrick N. Arndt**

4. **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

**Plaintiff states: Plaintiff invoked this Court's jurisdiction, and Plaintiff's constitutional claims are only pending before this Court.**

**Defendants state: Defendants contest this Court's jurisdiction for the reasons outlined in its *Motion to Dismiss* [Dkt. 34].**

5. **Parties to This Action:**

  (a) The following persons are necessary parties who have not been joined:

**No such parties are known at this time.**

(b) The following persons are improperly joined as parties

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: **Defendant Haynes's name was misspelled in the caption of the Complaint. The correct spelling is reflected in the caption of this document.**

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

**The parties do not currently anticipate any amendments to the pleadings.**

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) Motions to Compel: before the close of fact discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) Summary Judgment Motions: within thirty days after the close of all discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony: *Daubert* motions must be filed within thirty days after the close of all discovery.

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**Defendants filed and served their initial disclosures on June 2, 2021. Plaintiff has no objections to serving his initial disclosures in accordance with Fed.R.Civ.P. 26(a)(1)(B).**

**9.    Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**The parties do not request such a conference at this time.**

**10.  Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**From Plaintiff:**

**A.  Depositions of the following Defendants and fact witnesses relating to the causes of action set forth in the complaint.**
  **(1) Paula J. Frederick**
  **(2) Christian J. Steinmetz, III**
  **(3) Hon. Timothy C. Batten, Jr.**
  **(4) Connie S. Cooper**
  **(5) Jeffrey R. Harris**
  **(6) Casey Carter Santas**
  **(7) Patricia F. Ammari**
  **(8) Kayla E. Cooper**
  **(9) Elizabeth L. Fite**
  **(10) Elissa B. Haynes**
  **(11) Margaret W. Sigman Puccini**
  **(12) Sherry Boston**
  **(13) Elizabeth Pool O'Neal**
  **(14) David F. Richards**

    **(15) Jennifer D. Ward**
    **(16) Michael Fuller, Sr.**
    **(17) Jennifer Elizabeth Dunlap**
    **(18) Brandon L. Peak**
    **(19) Tomieka Daniel**
    **(20) Christopher Sutton Connelly**
    **(21) Melody Glouton**
    **(22) Dawn Jones**
    **(23) Nicole Wade**
    **(24) Jonathan Grunberg**
    **(25) Taylor Wilson**
    **(26) Adrienne D. Nash**
    **(27) John V. Bellocchio**
    **(28) Ted Kurt**
    **(29) Paul Fine**
    **(30) Stacy Smith-Goldenberg**

**Plaintiff reserves the right to amend the list of fact witnesses.**

**From Defendant:**

**A. Depositions of Plaintiff and fact witnesses, as they become known through discovery, relating to plaintiff's contentions set forth in his complaint.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**Defendants request an eight-month discovery period. Plaintiff requests an eight-month discovery period "at a minimum."**

**11. Discovery Limitation and Discovery of Electronically-Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**At this time, the parties do not believe any changes are necessary.**

(b) Is any party seeking discovery of electronically stored information?

Yes: X

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**The parties will endeavor to reach a mutual agreement.**

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**The parties will endeavor to reach a mutual agreement.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**The parties do not request such an order at this time.**

13. **Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on May 14, 2021, and that they participated in settlement discussions pursuant to that Rule. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff: Lead counsel (signature): **/s/ Larry L. Crain**

For Defendant: Lead counsel (signature): **/s/ Robert L. Goldstucker**

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

( ) A possibility of settlement before discovery.

( ) A possibility of settlement after discovery.

( ) A possibility of settlement, but a conference with the judge is needed.

(X) No possibility of settlement.

(c) Counsel ( ) do or (x) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is to be determined.

(d) The following specific problems have created a hindrance to settlement of this case. **Plaintiff states: Defendant Paula J. Frederick has acted differently in relation to her co-defendants, which Plaintiff finds this distinguishing factor to be a specific problem, as the co-defendants and Paula J. Frederick are differently situated, do not have aligned interests, and may need separate legal representation.**

**Defendants state**: Defendants disagree with Plaintiff's assertions in response to this section.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

**The parties do not consent to having this case tried before a magistrate judge of this Court.**


June 2, 2021

**NALL & MILLER, LLP**

By: /s/ *Patrick N. Arndt*
**ROBERT L. GOLDSTUCKER**
Georgia State Bar No. 300475
**PATRICK N. ARNDT**
Georgia State Bar No. 139033
bgoldstucker@nallmiller.com
parndt@nallmiller.com
235 Peachtree Street, N.E.
Suite 1500 – North Tower
Atlanta, Georgia 30303-1418
Phone: (404) 522-2200
Facsimile: (404) 522-2208
*Attorneys for Defendants*


/s/ *Ibrahim Reyes*
Ibrahim Reyes, Esq.
Florida Bar No. 581798
REYES LAWYERS, P.A.

236 Valencia Avenue
Coral Gables, FL 33134
Tel. 305-445-0011
Fax. 305-445-1181
Email: ireyes@reyeslawyers.com
***Counsel for the Plaintiff***

*/s/ Larry L. Crain*
Larry L. Crain, Esq.
Crain Law Group, PLLC
(Tenn. Supr. Crt. # 9040)
5214 Maryland Way, Suite 402
Brentwood, TN 37027
Tel. 615-376-2600
Fax. 615-345-6009
Email: Larry@crainlaw.legal
***Counsel for the Plaintiff***

*/s/ L. Lin Wood, Jr.*
L. LIN WOOD, JR., Esq.
State Bar No. 774588
P.O. Box 52584
Atlanta, GA 30355-0584
Tel. 404-891-1402
Fax. 404-506-9111
Email: lwood@linwoodlaw.com
***Counsel, Pro Se***

## **CERTIFICATE OF SERVICE AND OF COMPLIANCE**

I hereby certify on June 2, 2021, that a true and correct copy of the foregoing was served electronically by operation of the Court's electronic filing system to the attorneys named below. I also certify that, pursuant to Local Rule 7.1 (D), this paper complies with page limitations and font and point requirements. This paper has been prepared using Times New Roman 14-point font.

*Via E-serve*

Larry L. Crain, Esq.
Crain Law Group, PLLC
5214 Maryland Way
Suite 402
Brentwood, TN 37027

Ibrahim Reyes, Esq.
Reyes Lawyers, P.A.
236 Valencia Avenue
Coral Gables, FL 33134

L. Lin Wood, Jr., Esq.
L. Lin Wood, P.C.
P.O. Box 52584
Atlanta, GA 30355-0584

Robert L. Goldstucker, Esq. and Patrick N. Arndt, Esq.
Nall & Miller LLP
235 Peachtree Street, N.E.
Suite 1500 – North Tower
Atlanta, Georgia 30303-1418


/s/ *Patrick N. Arndt*
**PATRICK N. ARNDT**

/s/ *Ibrahim Reyes*
**IBRAHIM REYES**