**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **L. LIN WOOD, JR.** | |
| **Plaintiff,** | |
| | **CIVIL ACTION FILE** |
| **v.** | |
| | **NO.:  1:21-CV-01169-TCB** |
| **PAULA J. FREDERICK, CONNIE S. COOPER, JEFFREY R. HARRIS, CASEY CARTER SANTAS, PATRICIA F. AMMARI, KAYLA E. COOPER, ELIZABETH L. FITE, ELISSA B. HAYNES, MARGARET W. SIGMAN PUCCINI, SHERRY BOSTON, ELIZABETH POOL O'NEAL, DAVID F. RICHARDS, JENNIFER D. WARD, MICHAEL FULLER, SR., JENNIFER ELIZABETH DUNLAP, CHRISTIAN J. STEINMETZ, III, BRANDON L. PEAK, TOMIEKA DANIEL, CHRISTOPHER SUTTON CONNELLY, MELODY GLOUTON, and DAWN JONES,** | **PLAINTIFF'S INITIAL DISCLOSURES** |
| **Defendants.** | |

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

**Factual Outline**.

1

**L. Lin Wood is an attorney licensed to practice in the State of Georgia and has for almost forty-four years been a member in good standing of the State Bar of Georgia. On February 11, 2021, the State Bar, at the direction of the State Disciplinary Board, and pursuant to Bar Rule 4-104, wrote to Plaintiff to request that he consent to a confidential evaluation by a mental health professional. Bar Rule 4-104 provides that a lawyer's refusal to participate in an evaluation recommended under the rule may be grounds for further proceedings under Bar Rules, further subjecting Plaintiff to additional threats of disciplinary action, including the emergency suspension of his law license. Moreover, before February 11, 2021, State Bar of Georgia General Counsel Paula J. Frederick had published to third parties, including a former lawyer of Plaintiff, and the media, that she had ordered the Plaintiff to undergo a mental health evaluation. Plaintiff sued to enjoin the State Bar of Georgia from continuing to infringe on his constitutional rights under the First, Fourth and Fourteenth Amendments of the United States Constitution while requiring that he undergo a mental health evaluation. Plaintiff has also requested declaratory relief declaring the actions of the Defendants to be in violation of the Plaintiff's rights as guaranteed by the First and Fourteenth Amendments of the United States Constitution.**

**<u>Statement of Legal Issues</u>.**

**This action seeks declaratory and injunctive relief pursuant to 42 U.S.C. § 1983,**

for violation of the Plaintiff's constitutional rights under the First and Fourteenth Amendments of the United States Constitution. Specifically, the Defendants, acting under color of state law, requested Plaintiff submit to a mental health examination by a medical doctor of their choosing without providing a factual basis for such request, and despite the absence of any complaint by any client regarding his conduct or competency as an attorney, including any allegation that he suffers from mental illness, cognitive impairment, alcohol abuse, or substance abuse impairing his competency in the practice of law. Plaintiff further alleges that this arbitrary, capricious and coercive government action by the Defendants, acting under color of state law, is retaliatory and is motivated, in whole or in part, based on Plaintiff's exercise of his free speech rights as a private citizen on matters of inherent and national public concern and therefore protected under the First Amendment of the United States Constitution. Plaintiff also asserts that this governmental action constitutes an unwarranted invasion of his constitutional right to privacy as protected by the First and Ninth Amendments of the United States Constitution. Plaintiff also seeks compensatory damages as to Paula J. Frederick, for the violation of Plaintiff's constitutional rights, and based on her improper and intentional violation of State Bar rules in publishing confidential matters regarding the disciplinary investigation, by which Plaintiff has suffered

**irreparable harm.**

(2)    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

**The following Bar Rules of the State Bar of Georgia pertain to disciplinary actions that may be imposed if an attorney fails or refuses to submit to a request to undergo a mental evaluation and the procedures for imposing such disciplinary action.**

> **State Bar of Georgia Rule 4-104**
> **State Bar of Georgia Rule 4-108**
> **State Bar of Georgia Rule 4-201**
> **State Bar of Georgia Rule 4-202**
> **State Bar of Georgia Rule 4-203**
> **State Bar of Georgia Rule 4-204.4**
> **State Bar of Georgia Rule 4-212**
> **State Bar of Georgia Rule 4-213**
> **State Bar of Georgia Rule 4-214**
> **State Bar of Georgia Rule 4-215**
> **State Bar of Georgia Rule 4-216**
> **State Bar of Georgia Rule 4-218**
> **State Bar of Georgia Rule 4-221.1**
> **State Bar of Georgia Rule 4-221.2**
> **State Bar of Georgia Rule 4-225**
> **28 U.S.C. § 1331**
> **28 U.S.C. § 1343(a)**
> **28 U.S.C. § 1332**
> **28 U.S.C. § 1391(b)**
> **42 U.S.C. § 1983**
> **42 U.S.C. § 1988**
> **U.S. Const. art. VI, cl. 2**

**U.S. Const. amend. I**
**U.S. Const. amend. IV**
**U.S. Const. amend. IX**
**U.S. Const. amend. XIV**
*Watts v. United States*, 394 U.S. 705 (1969)
*Brandenburg v. Ohio*, 395 U.S. 444 (1969)
*Pearson, et al. v. Kemp, et al*., 1:20-cv-48098, U.S. District Court for
the Northern District of Georgia
*Republican Party of Pennsylvania v. Degraffenreid*, 592 U.S. ____ (2021)
*Wade, et al. v. Wood,* Fulton County Superior Court Civil Action No.
2020CV339937
*Bryant v. Avado Brands, Inc*., 187 F.3d 1271, 1273 n. 1 (11th Cir. 1999)
*F.D.I.C. v. Blackwell,* 2012 WL 3230490
*Sinaltrainal v. Coca–Cola Co*., 578 F.3d 1252
*Middlesex County Ethics Comm. v. Garden State Bar Assoc*., 457 U.S. 423,
102 S.Ct.2515, 73 L.Ed.2d 116 (1982)
*Kugler v. Helfant*, 421 U.S. 117, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975)
*Berry v. Schmitt*, 688 F.3d 290 (6th Cir. 2012)
*Cohran v. State Bar of Georgia*, 790 F.Supp. 1568 (N.D. Ga. 1992)
*City of South Miami v. DeSantis*, 408 F.Supp.3d 1266, (S.D. Fla. 2019)
*In re LeDoux*, 288 Ga. 777, S.E.2d 88 (Ga.2011)
*Matter of Healy*, 308 Ga. 658, 842 S.E.2d 844 (2020)
*In re Pak*, 295 Ga. 458, 761 S.E.2d 82 (2014)
*In re Cullen,* 293 Ga. 782, 749 S.E.2d 741 (2013)
*In re Jaconetti,* 291 Ga. 772, 732 S.E.2d 447 (2012)
*In re Fair,* 288 Ga. 17, 701 S.E.2d 160 (2010)
*In re Knight*, 287 Ga. 466, 696 S.E.2d 662 (2010)
*In re Giallanza*, 287 Ga. 257, 695 S.E.2d 254, 254 (2010)
*In re Bagwell*, 286 Ga. 511, 689 S.E.2d 316 (2010)
*In re Moody*, 281 Ga. 608, 642 S.E.2d 17 (2007)
*In re Rand*, 279 Ga. 555, 616 S.E.2d 452 (2005)
*Simmons v. Bradshaw*, 879 F.3d 1157, 1162 (11th Cir. 2018)
*Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)
*Joyner v. City of Atlanta*, 2018 WL 1442931, (N.D. Ga. 2018)
*Alcocer v. Mills*, 906 F.3d 944 (11th Cir. 2018)

The Plaintiff asserts that the Defendants' actions requesting that he undergo a

mental health evaluation, without a factual or legal basis, and under the threat of

additional and further disciplinary action, was arbitrary, capricious and infringed upon Plaintiff's constitutional rights. The Defendants' actions are arbitrary and capricious because the request that Plaintiff undergo a mental health evaluation was made without a scintilla of evidence from anyone whom the Plaintiff has represented, or from any judge before whom Plaintiff has appeared, that he suffers from any mental or cognitive impairment. The Defendants' actions violated Plaintiff's constitutional due process rights by depriving him of, and declining to afford him a reasonable opportunity for a pre-determination hearing, or an opportunity to subpoena or cross-examine witnesses, or present any evidence to challenge the Disciplinary Boards' pre-determination that he should undergo a mental health evaluation. Plaintiff asserts that such actions resulted in a violation of his constitutionally protected rights under the Fourteenth Amendment of the United States Constitution.

Notably, under State Bar of Georgia Rule 4-104, the mere failure or refusal by the Plaintiff to accede to the Defendants' pre-determination that he undergo a mental health examination by a medical doctor of the Defendants' choosing, in the absence of any evidence supporting this directive may *itself* serve as a basis for a probable cause finding by the State Disciplinary Board. The State of Georgia has effectively conditioned the Plaintiff's ability to assert any

**constitutional challenge, by alleging that any such challenge can eventually be raised in a later proceeding, that may or may not come to fruition.**

**The Defendants' actions were retaliatory against the Plaintiff and motivated by frivolous grievances by individuals opposed to his political expressions and his exercise of his basic free speech rights as protected under *Watts v. United States*, 394 U.S. 705 (1969) and *Brandenburg v. Ohio*, 395 U.S. 444 (1969).**

**In this case the Plaintiff has pled plausible claims under the First and Fourteenth Amendments, that the actions of the Defendants were carried out with deliberate indifference for his clearly established constitutional rights and in retaliation for his expression of his protected free speech and without any adequate remedy for redress of his due process rights. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §§ 1331and 1343(a). In addition, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy is in excess of $75,000.00 exclusive of interest and costs, and this action is between citizens of different states.**

(3)  Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**See attached Exhibit A to Plaintiff's Initial Disclosures.**

(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

**At this early stage of this proceeding, the Plaintiff has not yet identified which expert witnesses may be needed.**

(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**See attached Exhibit B containing a list and descriptions of such documents, data compilations or other electronically stored information.**

(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary

8

material available for inspection and copying as under Fed.R.Civ.P. 34.

**The Plaintiff is seeking nominal damages as a consequence of the Defendants' intentional actions to deprive the Plaintiff of his constitutional rights he has suffered, and compensatory damages for humiliation, embarrassment, injury to reputation and other injuries, for which he is entitled to compensatory damage in an amount to be determined by the jury.**

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**Plaintiff is not in possession of, and is unaware of the existence of, any insurance policy under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.**

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.

**Plaintiff is unaware of any person or entity that is entitled to any subrogation interest in any cause of action asserted in the complaint.**

June 3, 2021.

Respectfully submitted,

By: */s/ Larry L. Crain*
    Larry L. Crain, Esq.
    Crain Law Group, PLLC
    (Tenn. Supr. Crt. # 9040)
    5214 Maryland Way, Suite 402
    Brentwood, TN 37027
    Tel. 615-376-2600
    Fax. 615-345-6009
    Email: Larry@crainlaw.legal

    Counsel for the Plaintiff
    *(Pro Hac Vice)*

By: */s/ Ibrahim Reyes*
    Ibrahim Reyes, Esq.
    Florida Bar No. 581798
    REYES LAWYERS, P.A.
    236 Valencia Avenue
    Coral Gables, FL 33134
    Tel. 305-445-0011
    Fax. 305-445-1181
    Email: ireyes@reyeslawyers.com

    Counsel for the Plaintiff
    *(Pro Hac Vice)*

By: */s/ L. Lin Wood, Jr.*
    L. LIN WOOD, JR., Esq.
    State Bar No. 774588
    L. LIN WOOD, P.C.
    P.O. Box 52584
    Atlanta, GA 30355-0584
    Tel. 404-572-6600
    Fax. 404-506-9111
    Email: lwood@linwoodlaw.com

    *Counsel, Pro Se*

## CERTIFICATE OF COMPLIANCE

I CERTIFY that this document has been prepared in compliance with Local Rule 5.1C using 14-point Times New Roman font.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of June, 2021, the above Plaintiff's Initial Disclosures were filed with the Court's electronic filing system that will provide notice to all parties.

By: */s/ Larry Crain*