IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| L. LIN WOOD, <br><br> **Plaintiff,** <br><br> v. <br><br> PAULA J. FREDERICK, CONNIE S. COOPER, JEFFREY R. HARRIS, CASEY CARTER SANTAS, PATRICIA F. AMMARI, KAYLA E. COOPER, ELIZABETH L. FITE, ELISSA B. HAYNES, MARGARET W. SIGMAN PUCCINI, SHERRY BOSTON, ELIZABETH POOL O'NEAL, DAVID F. RICHARDS, JENNIFER D. WARD, MICHAEL FULLER, SR., JENNIFER ELIZABETH DUNLAP, CHRISTIAN J. STEINMETZ, III, BRANDON L. PEAK, TOMIEKA DANIEL, CHRISTOPHER SUTTON CONNELLY, MELODY GLOUTON, and DAWN JONES, <br><br> **Defendants.** | CIVIL ACTION FILE <br><br> NO.: 1:21-CV-01169-TCB <br><br> DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER |

Defendants file this emergency motion seeking a protective order. The need for a protective order and the need to have this motion heard on an expedited basis were occasioned by Plaintiff unilaterally noticing two depositions for six days from today. Defendants show the Court as follows:

1.    Plaintiff is a lawyer and a member of the State Bar of Georgia. Plaintiff is the subject of ongoing grievance proceedings. During the investigation of the grievance against Plaintiff, the State Bar requested that Plaintiff consent to a confidential, voluntary evaluation by a mental health professional, pursuant to Bar Rule 4-104. [**Dkt. 1**, p. 10] Plaintiff filed this action asking the Court to rule that the request for voluntary mental health examination violated his constitutional rights. Plaintiff seeks damages and an order enjoining Defendants from requiring him to undergo a mental health examination. [**Id.,** pp. 37-38] Plaintiff filed a *Motion for Preliminary Injunction* on March 29, 2021. [**Dkt. 29**] On March 29, 2021, Plaintiff moved for the disqualification or recusal of Judge Batten. [**Dkt. 26**]

2.    On May 3, 2021, Defendants moved to dismiss this action. [**Dkt. 34**] Plaintiff filed a response to Defendants' *Motion to Dismiss*. [**Dkts. 44 and 47-1**] Defendants filed their reply brief on May 12, 2021. [**Dkt. 52**]

3.    On May 10, 2021, the Court denied Plaintiff's *Motion for Recusal or Disqualification*. [**Dkt. 45**] Plaintiff filed an improper *Notice of Appeal* regarding this non-final order. [**Dkt. 46**] Defendants moved to dismiss this appeal on the grounds that an interlocutory appeal does not lie from the denial of a motion to disqualify the trial judge. [**Ex. A**] *See United States v. Gregory*, 656 F.2d 1132, 1136 (5th Cir. 1981). Disqualification questions are "fully reviewable on appeal from final

judgment. *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 961 (5th Cir. 1980). Defendants' *Motion to Dismiss* Wood's appeal is currently pending.

4. Plaintiff also filed a separate action in the 11th Circuit Court of Appeals seeking a writ of mandamus or prohibition relating to Judge Batten's denial of the disqualification motion. [**Ex. B**] The 11th Circuit dismissed this petition. [**Ex. C**]

5. Defendants' *Motion to Dismiss* and Plaintiff's *Motion for Preliminary Injunction* are fully briefed and ready to be decided. The Court set a hearing for both motions for May 13, 2021. [**Dkt. 38**]

6. Plaintiff moved the Court to reconsider the Order setting the hearing. [**Dkt. 39**] The Court denied that motion. [**Dkt. 40**] Three days before the hearing, Plaintiff moved for a continuance of the hearing, based on Plaintiff's speaking obligations and one of Plaintiff's attorneys testing positive for the COVD-19. [**Dkt. 50**] The Court granted that motion and postponed the hearing. [**Dkt. 51**] The hearing has not been rescheduled.

7. On May 18, 2021, Defendants filed a *Motion to Stay Discovery and Preliminary Obligations*. [**Dkt. 54**] Defendants sought relief from the obligation to file initial disclosures and a joint preliminary plan. Defendants also asked the Court to order that no party was obligated to appear for a deposition and that discovery be

stayed pending the resolution of Defendants' *Motion to Dismiss*.[1] [**Dkt. 54-1**, pp. 1-2]

8.  Since Defendants' *Motion to Dismiss* would, if granted, resolve all issues in this case, public and private resources would be preserved by delaying depositions and other discovery until after the Court rules on it.

9.  Plaintiff's response to Defendants' *Motion to Stay* was due June 1, 2021. LR 7.1(B). Plaintiff failed to file a response. The "[f]ailure to file a response shall indicate that there is no opposition to the motion." Pursuant to this Rule, Plaintiff indicated that he does not oppose delaying discovery and depositions until there is a ruling on Defendants' *Motion to Dismiss*.

10.  Additionally, LR 26.2 states that discovery does not commence until "thirty days after the appearance of the first defendant **by answer to the complaint**[.]"(Emphasis added). This information is also in the Preliminary Report and Discovery plan that the parties jointly presented to the Court. [**Dkt. 56**, p. 12] No defendant has filed an answer to the complaint. As such, discovery has not commenced, and depositions are premature.

---

[1] Since the parties have filed their initial disclosures and Joint Preliminary Report and Discovery Plan, the part of the *Motion to Stay* seeking relief from those obligations is now moot.

11. On June 8, 2021, Plaintiff sent undersigned counsel a *Notice of Deposition Pursuant to Fed. R. Civ. P. 30(B)(6)*. The *Notice* was addressed to Defendant Paula J. Frederick, an individual. [**Ex. D**, *Notice to Frederick*] Plaintiff also attempted to serve a subpoena for deposition to Judge Batten. [**Ex. E**, *Subpoena to Judge Batten*] Plaintiff filed a *Notice of Taking Depositions Pursuant to Fed. R. Civ. P. 30(B)(6)* regarding the Frederick and Judge Batten depositions. [**Dkt. 61**] As the Court is aware, 30(B)(6) depositions are a mechanism by which a party can seek testimony from a corporation or organization, not individuals like Judge Batten or Defendant Frederick. The filed notice also improperly references LR 30.1, which is a provision relating to expert, not fact, witnesses.

12. The depositions are set for June 15, 2021. Plaintiff did not confer with undersigned counsel before setting these depositions. This date does not give Defendant Frederick adequate time to prepare.

13. Pursuant to Rule 26(c), the Court may, for good cause, issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The Court can specify the terms upon which the discovery may be had, including the time and place of the discovery. Further, the Court has discretion to manage its own docket. This includes "broad discretion to stay discovery pending decision on a dispositive motion." *Panola Land Buyers Ass'n v.*

*Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985). Further, a district court has discretion to suspend discovery pending a ruling on facial challenges to a complaint. *Claiborne v. JPMorgan Chase Bank, N.A.*, No. 1:18-CV-5542-ELR-CCB, 2019 WL 11340064, at *1 (N.D. Ga. July 23, 2019).

14. Allowing these depositions to go forward as noticed will cause Defendants, particularly Defendant Frederick, to incur undue and potentially unnecessary burden and expense. As the Court is aware, Defendants' *Motion to Dismiss* was based, in part, on the defense of qualified immunity. The Supreme Court has held that "qualified immunity is "an immunity from suit rather than a mere defense to liability… **the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims' against government officials [will] be resolved prior to discovery**…we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009)(internal cites omitted)(emphasis added). The Court also held that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982).

15.  Despite Plaintiff's *Notice of Appeal*, the Court still has jurisdiction over this matter and is empowered to provide the requested relief. While the general rule may be that the filing of a notice of appeal divests the District Court of jurisdiction, a "notice of appeal from a nonappealable order should not divest the district court of jurisdiction... **The contrary rule leaves the court powerless to prevent intentional dilatory tactics, forecloses without remedy the nonappealing party's right to continuing trial court jurisdiction, and inhibits the smooth and efficient functioning of the judicial process**." United States v. Hitchmon, 602 F.2d 689, 694 (5th Cir. 1979)(emphasis added). A "premature notice of appeal" does not deprive the District Court of jurisdiction over a case. *Pinkston v. Univ. of S. Fla. Bd. of Trustees*, 715 F. App'x 877, 880 (11th Cir. 2017). *See also Euziere v. United States*, 266 F.2d 88, 91 (10th Cir.1959) ("An attempt to appeal a non-appealable order remains just that, an attempt. It is a nullity and does not invest the appellate court with jurisdiction, and consequently does not divest the trial court of its jurisdiction."). Pursuant to this line of cases, the Court need not wait for a resolution of Wood's appeal to rule on the instant motion, Defendants' *Motion to Dismiss* the *Complaint*, or Plaintiff's *Motion for Preliminary Injunction*.

15.  Despite Plaintiff's *Notice of Appeal*, the Court still has jurisdiction over this matter and is empowered to provide the requested relief. While the general rule may be that the filing of a notice of appeal divests the District Court of jurisdiction, a "notice of appeal from a nonappealable order should not divest the district court of jurisdiction... **The contrary rule leaves the court powerless to prevent intentional dilatory tactics, forecloses without remedy the nonappealing party's right to continuing trial court jurisdiction, and inhibits the smooth and efficient functioning of the judicial process**." United States v. Hitchmon, 602 F.2d 689, 694 (5th Cir. 1979)(emphasis added). A "premature notice of appeal" does not deprive the District Court of jurisdiction over a case. *Pinkston v. Univ. of S. Fla. Bd. of Trustees*, 715 F. App'x 877, 880 (11th Cir. 2017). *See also Euziere v. United States*, 266 F.2d 88, 91 (10th Cir.1959) ("An attempt to appeal a non-appealable order remains just that, an attempt. It is a nullity and does not invest the appellate court with jurisdiction, and consequently does not divest the trial court of its jurisdiction."). Pursuant to this line of cases, the Court need not wait for a resolution of Wood's appeal to rule on the instant motion, Defendants' *Motion to Dismiss* the *Complaint*, or Plaintiff's *Motion for Preliminary Injunction*.

16. Pursuant to LR 7.2(B), Defendants respectfully request expedited consideration of this *Motion*. Expedited consideration is necessary since the depositions are less than a week away.

17. Undersigned counsel hereby certifies that he has conferred with opposing counsel in good faith to try to resolve this dispute. This morning, Robert L. Goldstucker, counsel for Defendants, spoke with Ibrahim Reyes, counsel for Plaintiff, via telephone. Goldstucker stated that depositions were premature since discovery had not yet begun and does not begin until 30 days after an answer is filed. Reyes's position is that discovery has commenced by virtue of the court signing an order granting an eight-month discovery period. Reyes offered to reschedule Defendant Frederick's deposition if Goldstucker would provide a date certain for it to be rescheduled. Goldstucker stated he was unable to provide a date certain, because the date that discovery will begin is unknown, since it depends both on the timing of and the substance of the Court's ruling on Defendants' *Motion to Dismiss*. As such, the parties were unable to resolve this dispute.

18. Defendants respectfully request that the Court enter an Order stating that no party has any discovery obligations and that no depositions will be held until thirty days after a Defendant files an *Answer*. This is essentially the relief sought by

Defendants' *Motion to Stay*, which was unopposed. A proposed order is attached as **Exhibit F**.

Respectfully submitted this 9th day of June 2021.

                           **NALL & MILLER, LLP**

                    By: /s/ *Robert L. Goldstucker*
                        **ROBERT L. GOLDSTUCKER**
                        Georgia State Bar No. 300475
                        **PATRICK N. ARNDT**
                        Georgia State Bar No. 139033
                        **Attorneys for Defendants**

235 Peachtree Street, N.E.
Suite 1500 – North Tower
Atlanta, Georgia 30303-1418
Phone:     (404) 522-2200
Facsimile: (404) 522-2208
bgoldstucker@nallmiller.com
parndt@nallmiller.com

## **CERTIFICATE OF SERVICE AND OF COMPLIANCE WITH LOCAL RULE 5.1**

I hereby certify that on June 9, 2021, a true and correct copy of this document was filed with the Court via the CM/ECF system. All attorneys identified with the Court for electronic service on record in this case were served by electronic transmission in accordance with the CM/ECF system, including the following counsel of record:

Larry L. Crain, Esq.
Crain Law Group, PLLC
5214 Maryland Way
Suite 402
Brentwood, TN 37027
Email:  larry@crainlaw.legal

Ibrahim Reyes, Esq.
Reyes Lawyers, P.A.
236 Valencia Avenue
Coral Gables, FL 33134
Email:  ireyes@reyeslawyers.com

L. Lin Wood, Jr., Esq.
L. Lin Wood, P.C.
P.O. Box 52584
Atlanta, GA 30355-0584
Email:  lwood@linwoodlaw.com

I further certify that I have prepared this document in 14-point Times New Roman font.

                                                      */s/ Robert L. Goldstucker*