# No. 21-11649

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

L. LIN WOOD, JR.
       *Plaintiff-Appellant*,
v.
PAULA J. FREDERICK, et al.,
       *Defendants-Appellees*.

Appeal from the United States District Court for the Northern District of Georgia

## APPELLEES' MOTION TO DISMISS APPEAL

**ROBERT L. GOLDSTUCKER**
Georgia Bar No. 300475
**PATRICK N. ARNDT**
Georgia Bar No. 139033
**NALL & MILLER, LLP**
bgoldstucker@nallmiller.com
parndt@nallmiller.com
235 Peachtree Street, N.E.
North Tower, Suite 1500
Atlanta, Georgia 30303-1905
Phone: 404/ 522-2200
*Counsel for Defendants/Appellees*

Exhibit "A"

21-11649
L. Lin Wood, Jr. v. Paula J. Frederick, et al

# CERTIFICATE OF INTERESTED PERSONS
# AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Cir. R. 26.1-1, the following trial judges, attorneys, persons, associations of persons, firms, partnerships, and corporations are known to have an interest in the outcome of this case or appeal:

- Ammari, Patricia F. *Defendant/Appellee*
- Arndt, Patrick N. *Counsel for Defendants/Appellees*
- Batten, Sr., The Honorable Timothy C. *Trial Court Judge*
- Boston, Sherry. *Defendant/Appellee*
- Connelly, Christopher Sutton *Defendant/Appellee*
- Cooper, Connie S. *Defendant/Appellee*
- Cooper, Kayla E. *Defendant/Appellee*
- Crain, Larry L. *Counsel for Plaintiff/Appellant*
- Daniel, Tomieka *Defendant/Appellee*
- Dunlap, Jennifer Elizabeth *Defendant/Appellee*
- Fite, Elizabeth L. *Defendant/Appellee*
- Frederick, Paula J. *Defendant/Appellee*
- Fuller, Sr., Michael *Defendant/Appellee*
- Jones, Dawn *Defendant/Appellee*
- Glouton, Melody *Defendant/Appellee*

Case 1:21-cv-01169-TCB   Document 62-1   Filed 06/09/21   Page 3 of 11
USCA11 Case: 21-11649   Date Filed: 06/07/2021   Page: 3 of 11

21-11649
L. Lin Wood, Jr. v. Paula J. Frederick, et al

- Goldstucker, Robert L. *Counsel for Defendants/Appellees*

- Hanover Insurance Company, THG, *Insurer for Defendants*

- Harris, Jeffrey R. *Defendant/Appellee*

- Haynes, Elissa B. *Defendant/Appellee*

- Hiscox Insurance Company, HCXLF, *Insurer for Defendants/Appellees*

- O'Neal, Elizabeth Pool. *Defendant/Appellee*

- Peak, Brandon L. *Defendant/Appellee*

- Puccini, Margaret W. Sigman *Defendant/Appellee*

- Reyes, Ibrahim, *Counsel for Plaintiff/Appellant*

- Richards, David S. *Defendant/Appellee*

- Santas, Casey Carter. *Defendant/Appellee*

- Steinmetz, III, Christian J. *Defendant/Appellee*

- Ward, Jennifer D. *Defendant/Appellee*

- Wood, L. Lin *Plaintiff/Appellant*

> *s/Patrick N Arndt*
> PATRICK N. ARNDT

21-11649
L. Lin Wood, Jr. v. Paula J. Frederick, et al

## **CORPORATE DISCLOSURE**

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Defendants/Appellees make the following disclosures:

- For non-governmental corporate parties please list all parent corporations: None.

- For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock: None.

*s/Patrick N Arndt*
PATRICK N. ARNDT

## **MOTION TO DISMISS**

### I. INTRODUCTION

Plaintiff/Appellant L. Lin Wood ("Appellant") is a lawyer and a member of the Georgia State Bar. [**Doc. 1**, p. 2][1] The instant action arises out of disciplinary proceedings undertaken by the State Bar of Georgia against Appellant. On February 11, 2021, the State Bar sent Appellant a *Notice of Investigation* of a grievance. Appellant received a copy of the grievance, which included evidence and information totaling nearly 1700 pages. [**Doc. 31-1,** p. 14] The information included allegations in a verified complaint filed by Appellant's former colleagues in which they state that Plaintiff displayed "erratic, abusive, and unprofessional behavior." The former colleagues allege that Appellant physically attacked two of them on separate occasions and threatened to do so again. The information also included certain public statements made by Wood, as well as the revocation of his *pro hac vice* admission by a Delaware court. [**Doc. 34**, pp. 6-9] On February 11, 2021, the State Bar, at the direction of the State Disciplinary Board, and pursuant to Bar Rule 4-104, wrote to Appellant to request that consent to a confidential evaluation by a mental health professional. [**Doc. 1**, p. 10]

---

[1] To comply with 11th Cir. R. 28-5, undersigned counsel notes that, in this *Motion*, references are made to the document and page number for pleadings in the underlying case in the following format: Doc. 1, p. 2 refers to the second page of Document 1.

1

Appellant filed the underlying action on March 23, 2021 against twenty-one defendants associated with the State Bar. [**Doc. 1**] Appellant seeks an order enjoining Defendants/Appellees ("Appellees") from "requir[ing] him to undergo a medical, mental, psychiatric, or psychological examination[.]" Appellant also seeks an Order declaring that Appellees alleged "actions in requiring [Appellant] to consent to a medical, mental, psychiatric or psychological examination to be a violation of his constitutional rights[.]"[2] Appellant also seeks compensatory damages. [**Doc. 1**, pp. 37-38]

On March 29, 2021, Appellant filed a *Motion for Judicial Disqualification and/or Recusal*. [**Doc. 26**] Appellant claims that District Court Judge Timothy C. Batten, Sr. should recuse himself or be disqualified because he presided over two cases in which Appellant served as a lawyer. [**Doc. 26**, p. 2] Appellant argues that an "objective person" would "have reason to doubt Judge Batten's impartiality." [**Id.,** p. 8] Appellant also stated his intention to call Judge Batten as a fact witness to testify that he did not sanction Appellant during the previous cases that Appellant had with him. [**Id.,** p. 9] Appellant sought expedited consideration of the motion. [**Doc. 33**]

---

[2] As discussed at length in Appellees' pleadings in the underlying case, neither Defendants nor the State Bar can "require" Appellant or anyone else to undergo a mental health evaluation. The examination is voluntary.

2

Appellees filed a short response to Appellant's *Motion*, in which they argued that no objective person would question Judge Batten's impartiality. Further, Appellees noted that information providing the basis for recusal must come from an extrajudicial source, and the only information mentioned in Appellant's *Motion* came from Judge Batten's role as a judge. [**Doc. 37**, p. 2]

On May 10, 2021, Judge Batten entered an order denying Appellant's *Motion*. Judge Batten stated that information learned in court proceedings was not grounds for recusal. Judge Batten also stated that he agreed that he never sanctioned Appellant for inappropriate or unprofessional conduct. As such, there was no need to call him as a witness, so there was no need for him to recuse himself. Finally, Judge Batten denied the motion to expedite consideration of the motion to disqualify as moot. [**Doc. 45**, p. 2]

Hours after this order was entered, Appellant filed the instant *Notice of Appeal*. [**Doc. 46**] Appellant seeks appellate review of the order denying his motion to disqualify Judge Batten, as well as the order denying his motion for expedited consideration of the motion. These orders are interlocutory and are not immediately appealable. As such, this appeal must be dismissed for lack of jurisdiction.

## II. ARGUMENT AND CITATION TO AUTHORITY

This Court has jurisdiction over appeals "from all final decisions of the district courts of the United States…except where a direct review may be had in the Supreme

3

Court." 28 U.S.C.A. § 1291. This Court also has jurisdiction over certain interlocutory orders, including orders relating to injunctions, receivers, and admiralty matters. 28 U.S.C.A. § 1292 (a). This Court may also choose to take up an interlocutory appeal when a district court judge enters an order stating that the order in question "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C.A. § 1292 (b). The trial court did not enter such an order in this case.

The order denying Appellant's motion to disqualify Judge Batten is not a final order. Nor does it fit into any of the exceptions for interlocutory appeals that may be heard before the entry of a final order. Since this Court lacks jurisdiction over this appeal, it must be dismissed. *See United States v. Gregory*, 656 F.2d 1132, 1136 (5th Cir. 1981)(An interlocutory appeal does not lie from "the denial of a motion to disqualify the trial judge[.]".) Disqualification questions are "fully reviewable on appeal from final judgment." *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 961 (5th Cir. 1980). As such, there is no need for this Court to take up this matter now.

### III. CONCLUSION

For the reasons stated above, Appellant's appeal should be dismissed.

Respectfully submitted this 7th day of June, 2021.

                                          **NALL & MILLER, LLP**

BY: */s/ Patrick N. Arndt*
**ROBERT L. GOLDSTUCKER**
Georgia Bar No. 300475
**PATRICK N. ARNDT**
Georgia Bar No. 139033

**Attorneys for Defendants/Appellees**

235 Peachtree Street, N.E.
North Tower, Suite 1500
Atlanta, Georgia 30303-1905
Phone:  404/ 522-2200
Fax:  404/522-2208
bgoldstucker@nallmiller.com
parndt@nallmiller.com

5

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

This document complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because it contains 851 words as counted by the word-processing system used to prepare the document. This document complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Federal Rules of Appellate Procedure 32(a)(6).

*s/Patrick N Arndt*

## CERTIFICATE OF SERVICE

I certify that on June 7, 2021 I electronically filed the foregoing *Defendants/Appellees' Motion to Dismiss* with the Clerk of the Court using the CM/ECF system, which I understand will automatically send an e-mail notification of such filing to the counsel of record for this matter.

*s/Patrick N Arndt*