# NO. 21-11649

---

# In The United States Court of Appeals For The Eleventh Circuit

---

**In re L. LIN WOOD, JR.,**

*Petitioner.*

---

On Petition For Writ of Mandamus or Prohibition from the
United States District Court For the Northern District of Georgia
CASE No. 1:21-cv-1169-TCB

---

## PETITION FOR WRIT OF MANDAMUS OR PROHIBITION

---

LARRY L. CRAIN, ESQ.
Crain Law Group, PLLC
5214 Maryland Way, Suite 402
Brentwood, TN 37027
Tel. 615-376-2600
Fax. 615-345-6009
larry@crainlaw.legal

IBRAHIM REYES, ESQ.
REYES LAWYERS, P.A.
236 Valencia Avenue
Coral Gables, FL 33134
Tel. 305-445-0011
Fax. 305-445-1181
ireyes@reyeslawyers.com

L. LIN WOOD, JR., ESQ.
L. LIN WOOD, P.C.
P. O. Box 52584
Atlanta, GA 30355
Tel. 404-891-1402
Fax. 404-506-9111
lwood@linwoodlaw.com

---

EXHIBIT "B"

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Petitioner files this Certificate of Interested Persons and Corporate Disclosure Statement, listing the parties and entities interested in this appeal, as required by 11th Cir. R. 26.1.

PATRICIA F. AMMARI – *Defendant*

PATRICK N. ARNDT – *Counsel for Defendants*

TIMOTHY C. BATTEN, JR. – *United States District Court Judge*

SHERRY BOSTON – *Defendant*

CASEY CARTER SANTAS – *Defendant*

KAYLA E. COOPER – *Defendant*

CONNIE S. COOPER – *Defendant*

LARRY L. CRAIN – *Counsel for Plaintiff*

TOMIEKA DANIEL – *Defendant*

JENNIFER ELIZABETH DUNLAP – *Defendant*

ELIZABETH L. FITE– *Defendant*

PAULA J. FREDERICK – *Defendant*

MICHAEL FULLER, SR. – *Defendant*

ROBERT L. GOLDSTUCKER – *Counsel for Defendants*

MELODY GOUTON – *Defendant*

C-1

JEFFREY R. HARRIS – *Defendant*

ELLISSA B. HAYNES – *Defendant*

DAWN JONES – *Defendant*

BRANDON L. PEAK– *Defendant*

ELIZABETH POOL O'NEAL – *Defendant*

IBRAHIM REYES – *Counsel for Plaintiff*

DAVID F. RICHARDS – *Defendant*

MARGARET W. SIGMAN PUCCINI – *Defendant*

CHRISTIAN J. STEINMETZ, III – *Defendant*

CHRISTOPHER SUTTON CONNELLY – *Defendant*

JENNIFER D. WARD – *Defendant*

L. LIN WOOD, JR. – *Plaintiff*

*/s/ Larry L. Crain, Esq.*
Larry L. Crain, Esq.

C-2

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS...........................................C-1

TABLE OF CONTENTS..........................................................................i

TABLE OF CITATIONS......................................................................ii

RELIEF SOUGHT.................................................................................1

THE ISSUES PRESENTED.....................................................................2

STATEMENT OF THE FACTS AND CASE...........................................2

REASONS WHY THE WRIT SHOULD ISSUE......................................8

    I.    The District Court Clearly Abused its Discretion in Denying
             Petitioner's Motion for Judicial Disqualification and/or Recusal
             Where the Judge Admittedly had Knowledge of his Status as a
             Material Fact Witness ..........................................................9

    II.    A Writ of Mandamus or Prohibition is Necessary to Prevent
            Irreparable Harm Which Cannot be Remedied in a Final Appeal ....15

CONCLUSION.................................................................................17

CERTIFICATE OF COMPLIANCE WITH FRAP 21 AND 32............................18

CERTIFICATE OF SERVICE...............................................................19

## TABLE OF CITATIONS

**CASES**                                                                      **PAGE**

*Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868 (2009)............................10

*Carey v. Piphus*, 435 U.S. 247 (1978) .................................................................9

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997).................16

*Citizens for Police Accountability Political Comm. v. Browning*,

    572 F.3d 1213 (11th Cir. 2009) ........................................................................17

*Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 924 (11th Cir. 1986).........16

*Davis v. Bd. Of School Com'rs of Mobile County*,

    517 F.2d 1044 (5th Cir. 1975) .......................................................................14

*Glover v. City of Pensacola*, 372 Fed. Appx. 952 (11th Cir. 2010)....................16

*In re Kensington Int'l. Ltd.*, 368 F.3d 289 (3rd Cir. 2004) .................................15

*In re Murchison*, 349 U.S. 133 (1955) .................................................................10

*In re Wainwright*, 678 F.2d 951 (11th Cir. 1982) .................................................8

*In re Wellcare Health Plans, Inc.*, 754 F.3d 1234 (11th Cir. 2014) ...................15

*Joint Anti-Fascist Committee v. McGrath*, 341 U.S. 123 (1951)........................9

*Klay v. United Healthgroup, Inc.*, 376 F.3d 1092 (11th Cir. 2004)....................17

*Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988)..........10, 12

*Liteky v. United States*, 510 U.S. 540 (1994) .....................................................11

## TABLE OF CITATIONS

**CASES**                                                                **PAGE**

*Marshall v. Jerrico*, Inc., 446 U.S. 238 (1980)..................................................10

*Matthews v. Eldridge*, 424 U.S. 319, 344 (1976)...................................................9

*Murray v. Scott*, 253 F.3d 1308 (11th Cir. 2001)................................................11

*Nepsk, Inc. v. Town of Houlton*, 283 F.3d 1, 7 (1st Cir. 2002) ...........................16

*Parker v. Connors Steel Co.*, 855 F.2d 1510 (11th Cir.1988)..............................10

*Pearson, et al. v. Kemp et al.*, 1:20-cv-4809-TCB (N.D. Ga. 2020) ..................2

*Potashnick v. Port City Const. Co.*, 609 F.2d 1101 (5th Cir. 1980) ...................11

*Reese v. Herbert*, 527 F.3d 1253 (11th Cir. 2008) ..............................................15

*United States v. Alabama*, 828 F.2d 1532 (11th Cir.1987) .................................11

*United States v. Bailey*, 175 F.3d 966 (11th Cir. 1999) .......................................13

*United States v. Feldman*, 983 F.2d 144 (9th Cir. 1992) .....................................11

*United States v. Grinnell Corp.*, 384 U.S. 563 (1966) ........................................14

*United States v. Kelly,* 888 F.2d 732 *(11th Cir. 1989)*..................................12, 15

*United States v. Torkington*, 874 F.2d 1441 (11th Cir.1989)..............................10

**STATUTES**

28 U.S.C. § 144 ..............................................................................5, 12, 14

# TABLE OF CITATIONS

**CASES**                                                              **PAGE**

28 U.S.C. § 455 ....................................................................5, 10, 12, 14

28 U.S.C. § 455(a)..................................................................10, 11

28 U.S.C. § 455(b)(1) .............................................................1, 2, 11

28 U.S.C. § 455(b)(5) ...........................................................1, 2, 11, 13

28 U.S.C. § 1651 .......................................................................1, 8

42 U.S.C. § 1983 .........................................................................3

**RULES**

Fed. R. App. P. 21 .......................................................................1

## RELIEF SOUGHT

Petitioner, L. Lin Wood, Jr, respectfully petitions this Court pursuant to the All Writs Act, 28 U.S.C. § 1651, and Rule 21 of the Federal Rules of Appellate Procedure, for a writ of mandamus or prohibition to set aside the May 10, 2021 Order denying judicial disqualification and restraining the Honorable Timothy C. Batten, Jr., United States District Court Judge for the Northern District of Georgia, from proceeding any further in the matter of *L. Lin Wood, Jr. v. Paula J. Frederick, et al.*, Case No. 1:21-cv-1169-TCB, and for an order re-assigning this case to another district court judge.

This Petition follows the denial of a timely-filed motion to disqualify (See DE 26, Appx. A) in which Petitioner Wood established that Judge Batten acquired personal, first-hand knowledge of evidentiary facts concerning the proceedings, which makes him a necessary and material witness for Petitioner in the instant matter and in any state disciplinary proceedings with regard to Petitioner. This Petition is premised on the federal disqualification/recusal statutes, the Code of Conduct for United States Judges and the ABA Model Code of Judicial Conduct, all of which require that a judge disqualify himself in circumstances in which he has personal knowledge of disputed evidentiary facts concerning the proceedings or is likely to be called as a material witness in the proceedings. See 28 U.S.C. § 455(b)(1) and (5)(iv).

1

**ISSUES PRESENTED**

Whether the district court abused its discretion in denying Petitioner's Motion for Judicial Disqualification, pursuant to 28 U.S.C. § 455(b)(1) and (5), where Judge Batten admittedly had knowledge that he would be called to testify as a material fact witness in the instant proceedings and in state disciplinary proceedings concerning Petitioner's professional conduct, mental acuity and mental fitness to practice law.

**STATEMENT OF THE FACTS AND CASE**

On February 5, 2021, the State Bar of Georgia's Disciplinary Board advised Petitioner of the initiation of a disciplinary investigation concerning information which the State Bar had received from four individuals outside the State of Georgia who alleged that Petitioner's exercise of his free speech rights as a private citizen on political issues of inherent public and national concern, was offensive, and suggested that Petitioner's conduct may have violated one or more of the Georgia Rules of Professional Conduct. Thereafter, the State Disciplinary Board ("SDB"), on their own, made a determination to initiate a grievance and order Petitioner to undergo a mental health evaluation, specifically referencing and calling into question Petitioner's participation in several 2020 election integrity cases, including the case of *Pearson, et al. v. Kemp et al.*, 1:20-cv-4809, a case filed in the United States District Court for the Northern District of Georgia, assigned to the Honorable Timothy C. Batten, Jr.

On March 23, 2021, Petitioner filed a three-count complaint seeking declaratory and injunctive relief pursuant to Title 42 U.S.C. § 1983, based on the State Disciplinary Board's violation of Petitioner's constitutional rights under the First, Fourth and Fourteenth Amendments of the United States Constitution. Petitioner's complaint simply sought to enjoin the SDB from requesting that Petitioner submit to an unwarranted and intrusive psychiatric evaluation, without so much as providing a factual or legal basis for such a request or affording Petitioner a due process opportunity to be heard prior to its determination.[1]  On March 25, 2021, Petitioner's complaint was assigned to the Honorable Timothy C. Batten, Sr., United States District Court Judge.

On March 29, 2021, Petitioner timely filed a motion for judicial disqualification and/or recusal in accordance with the Code of Conduct for United States Judges and the ABA Model Code of Judicial Conduct, based on the fact that Judge Batten had personal knowledge of disputed evidentiary facts, but more importantly, because Judge Batten would be called to testify as a material witness in the instant case, and in any disciplinary proceeding related to Petitioner's conduct in the *Pearson* case, which had been presided over by Judge Batten.

---

[1]  The SDB acknowledges that Petitioner is not afforded due process before it makes the determination to request Petitioner submit to a psychiatric examination, since it claims the required "determination" is not the result of an adjudicative proceeding.

The motion for disqualification specifically noted that the SDB, by calling into question Petitioner's conduct in the *Pearson* case, placed Judge Batten squarely in the center of the controversy by highlighting his personal, first-hand knowledge of Petitioner's conduct in the *Pearson* proceedings, thereby casting Judge Batten as a material witness in these proceedings, as well as in the State Bar disciplinary proceedings.

Petitioner's motion for disqualification noted that Canon 3:B(6) of the Code of Conduct for United States Judges provides that a "judge should take appropriate action upon receipt of reliable information indicating the likelihood that … a lawyer violated applicable rules of professional conduct."  Similarly, Petitioner's motion for disqualification set forth that Rule 2.15(D) of the American Bar Association's Model Code of Judicial Conduct also provides that "a judge who receives information indicating a substantial likelihood that a lawyer has committed a violation of the Rules of Professional Conduct *shall* take appropriate action." (emphasis supplied).

While the SDB claims that Petitioner violated the professional rules of conduct and/or exhibited mental instability based on his involvement and legal representation in the 2020 election related cases, including cases before Judge Batten, at no time during or subsequent to those election related cases did Judge Batten sanction Petitioner for inappropriate or unprofessional conduct or otherwise

take any action or file any complaint to call Petitioner's professional conduct or mental stability into question.[2] Without question, Judge Batten personally observed Petitioner's professional conduct, demeanor and mental fitness in those proceedings, and thus, has personal first-hand knowledge of evidentiary facts tend to make it likely that he will be a material witness in these proceedings.

Although Petitioner did not initially seek Judge Batten's disqualification based on his personal bias, animus, or prejudice concerning Petitioner, the judge's actions since Petitioner filed his Motion for Judicial Disqualification and/or Recusal on March 29, 2021, clearly evidence Judge Batten's pervasive bias, animus and prejudice toward Petitioner, which provides an additional basis in support of the request for disqualification and/or recusal.

Despite Petitioner's repeated request that the Court address the motion to disqualify and/or recuse Judge Batten, which had been timely filed pursuant to 28 U.S.C. §§ 144 and 455, contained a verification, and certificate of counsel as required, the Court rather than following the mandate of the disqualification statutes to address the timeliness and sufficiency of the motion, instead directed the Court's law clerk to request defense counsel to respond and comment on Petitioner's motion for judicial disqualification. Specifically, Judge Batten directed his law clerk, Katie

---

[2]   While Judge Batten agrees with the veracity of Petitioner's assertions set forth in his motion for disqualification, Judge Batten nevertheless, inexplicably concludes that this acknowledgement "obviates the need" for him to testify.

5

Klimco, to send an email to defense counsel, informing them that "Judge Batten would like to know when Defendants intend to file a response to the complaint and to Mr. Wood's pending motion to disqualify. If you can let me know, we would appreciate it." (See Email Appx. B).

Judge Batten's request calling upon defense counsel to express their views on the issue of disqualification was not only improper, it was in contravention of this Court's precedent, which at a minimum demonstrates that Judge Batten's impartiality might reasonably be questioned.

Judge Batten's pervasive bias and animus with regard to Petitioner was further evidenced by his continued refusal to address the motion for disqualification for over forty (40) days, while entering a scheduling Order that clearly contravenes the time periods prescribed by the local rules for the Northern District of Georgia. Specifically, the Court's Order circumvented the fourteen (14) day time period prescribed by the local rules and merely afforded Petitioner three (3) days within which to file his reply briefs in support of his motion for preliminary injunction and his motion for disqualification, and six (6) days within which to serve his response, responsive memorandum, affidavits, and any other responsive material. The Court's May 6, 2021 Order (See DE 40, Appx. C) further evinces Judge Batten's pervasive bias, prejudice and animus wherein Judge Batten disingenuously noted that "the purpose of the expedited schedule is to accommodate Wood's desire to move the

case ...."[3]  As Petitioner's pleadings noted, the only accommodation requested was for the Court to timely rule on the motion for disqualification that had been pending for over forty (40) days, so that the case could be assigned to another judge and Petitioner could issue a subpoena to Judge Batten, or otherwise, timely submit an appeal to this Court. (See DE 42, Appx. D).

On May 10, 2021, Judge Batten entered an Order denying Petitioner's motion for judicial disqualification and/or recusal based on a misapprehension and/or misunderstanding of the factual and legal basis requiring his disqualification. Although Judge Batten's Order acknowledges and agrees with Petitioner that he never sanctioned Petitioner for inappropriate or unprofessional conduct or otherwise took action or filed a complaint that would call Petitioner's professional conduct or mental stability into question, and thus is clearly a material witness in this proceeding, the Order is premised on the mistaken belief or assumption that Petitioner merely sought to call Judge Batten as a witness in the State Bar proceedings, and/or that the information learned in court proceedings are not grounds for recusal, even if he were to be called as a material fact witness in the instant proceedings. (See DE 45, Appx. E)

---

[3]  Judge Batten's actions in shortening the time for Petitioner to reply and/or respond to various motions from 14 to 3 and 6 days, respectively, is not accommodating; but rather this unequal treatment is the antithesis of accommodation, which further demonstrates the judge's pervasive bias, animus and prejudice toward Petitioner.

Without question, Petitioner's motion for judicial disqualification, as well as his reply to defendants' response to his motion for judicial disqualification unequivocally apprised Judge Batten that given his personal first-hand knowledge of disputed evidentiary matters relative to these proceedings, he would be called to testify as a material fact witness, irrespective of his personal bias, animus or disdain with regard to Petitioner.

## REASONS WHY THE WRIT SHOULD ISSUE

Once a judge refuses to enter an order of recusal after a basis for the judge's mandatory disqualification is shown, mandamus or prohibition is both an appropriate and necessary remedy. Mandamus or prohibition will lie even though the court technically has jurisdiction over the proceeding where there is no other adequate remedy to prevent a judge from acting in a cause with respect to which the judge is disqualified to act by reason of a conflict of interest, bias, or prejudice.

This Court is authorized to issue a writ of mandamus or prohibition pursuant to 28 U.S.C. § 1651(a), the All Writs Act.  A writ of mandamus or prohibition, under the All Writs Act, requires a showing of "exceptional circumstances amounting to a judicial usurpation of power" and is reserved for extraordinary cases in which "the right to relief is clear and undisputable" and the regular judicial review process is inadequate to address petitioner's claim. See *In re Wainwright*, 678 F.2d 951, 953 (11th Cir. 1982).  As set out below, these requirements are satisfied here.

8

I.    **The District Court Clearly Abused its Discretion in Denying Petitioner's Motion for Judicial Disqualification and/or Recusal Where the Judge Admittedly had Knowledge of his Status as a Material Fact Witness.**

The district court clearly abused its discretion in denying Petitioner's motion for judicial disqualification and/or recusal, where Judge Batten acknowledged that he has personal, first-hand knowledge of disputed evidentiary facts, that likely makes him a material fact witness in the instant proceedings. Notwithstanding this acknowledgment, Judge Batten refused to disqualify himself by inexplicably concluding that this concession somehow obviates the need for him to testify as a witness.

The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases. This requirement of neutrality in adjudicative proceedings safeguards the two central concerns of procedural due process, the prevention of unjustified or mistaken deprivations and the promotion of participation and dialogue by affected individuals in the decision-making process. *See Carey v. Piphus*, 435 U.S. 247, 259-262 (1978). The neutrality requirement helps guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law. *See Matthews v. Eldridge*, 424 U.S. 319, 344 (1976). At the same time, it preserves both the appearance and reality of fairness, 'generating the feeling, so important to a popular government, that justice has been done,' *Joint Anti-Fascist Committee v. McGrath*, 341 U.S. 123, 172

9

(1951)(Frankfurter, J., concurring), by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him. *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980).

It is axiomatic that a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Congress rewrote § 455 in 1974 for the specific purpose of broadening and clarifying the grounds for judicial disqualification. "The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988). The standard for recusal under § 455(a) is " 'whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality.'" *United States v. Torkington*, 874 F.2d 1441, 1446 (11th Cir.1989) (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir.1988) (emphasizing that the test is whether a "lay observer," and not one "trained in the law," would reasonably question the judge's impartiality). Under this standard, all doubts must be "resolved in favor of recusal." *Id.* Further, "objective standards may also require recusal whether or not actual bias exists or can be proved." *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 886 (2009)(citing *In re*

*Murchison*, 349 U.S. 133, 136 (1955), for the proposition that "[d]ue process 'may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties.'"). Thus, § 455(a) "clearly mandates ... a judge err on the side of caution and disqualify himself in a questionable case." *Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1112 (5th Cir. 1980).  When a district judge considers recusal, he must consider his potential conflict with regard to the overall case, not just his potential conflict for each separate issue or each stage of the litigation. See *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001) (quoting *United States v. Feldman*, 983 F.2d 144, 145 (9th Cir. 1992).

Section 455(a)'s disqualification requirement "expand[s] the protection" of the specifically required disqualification scenarios of § 455(b). *Liteky v. United States*, 510 U.S. 540, 552 (1994).  Section 455(b) established a number of bright line rules for disqualification. For instance, subsection (b)(1) requires disqualification where the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts; while subsection (b)(5)(iv) requires disqualification when a judge is likely to be a material witness in the proceeding. Under these provisions, recusal is mandatory because "the potential for conflicts of interest are readily apparent." *See United States v. Alabama*, 828 F.2d 1532, 1541 (11th Cir.1987).

11

Moreover, under the new version of § 455, a judge is under an affirmative, self-enforcing obligation to recuse himself *sua sponte* whenever the proper grounds exist. Section 455 does away with the old "duty to sit" doctrine and requires judges to resolve any doubts they may have in favor of disqualification. *United States v. Alabama*, 828 F.2d at 1540. Neither actual partiality, nor knowledge of the disqualifying circumstances on the part of the judge during the affected proceeding, are prerequisites to disqualification under this section. The duty of recusal applies equally before, during, and after a judicial proceeding, whenever disqualifying circumstances become known to the judge. See *Liljeberg,* 108 S. Ct. 2202-03.

In this case, Petitioner timely filed his motion for judicial disqualification under §§ 455 and 144, which contained an affidavit executed under penalty of perjury and was accompanied by a certificate of good faith. Despite Petitioner's repeated requests that the Court address the motion, Judge Batten sat on the motion for 40 days, and instead of abiding by the requirements set forth in the recusal statutes by addressing whether the motion to disqualify was timely and legally sufficient, instead directed his law clerk to email Defendants' counsel, specifically requesting to know when "Defendants intended to file a response to the complaint and to Mr. Wood's pending motion to disqualify."

In *United States v. Kelly*, 888 F.2d 732 (11th Cir. 1989), this Court held, "as a general rule, a federal judge should reach his own determination [on recusal],

12

without calling upon counsel to express their views .... The too frequent practice of advising counsel of a possible conflict and asking counsel to indicate their approval of a judge's remaining in a particular case is fraught with potential coercive elements which make this practice undesirable." *Id.* at 745-46.   Judge Batten's actions not only contravene Eleventh Circuit precedent, they clearly evince his pervasive bias, prejudice and animus toward Petitioner, who simply seeks to call him as a material fact witness.

Based on the district court's improper invitation of comment, SDB's counsel without addressing the federal disqualification statutes which mandates the disqualification of a judge who has knowledge that he will be a material witness in the proceedings, cited to *United States v. Bailey*, 175 F.3d 966 (11th Cir. 1999) for the proposition that nothing that a judge learns during the course of a judicial proceeding can form the basis for recusal. Consequently, the Court's Order, without addressing Judge Batten's status as a material fact witness, relied on *Bailey*, when the court concluded that information learned in court proceedings is not grounds for recusal. However, *Bailey* is inapposite, as the judge in *Bailey* was neither a material witness in any proceeding, nor did Bailey ever indicate that he intended to call the trial judge to testify in any proceeding, or otherwise move for disqualification pursuant to the mandatory recusal provision in § 455(b)(5)(iv), as occurred in this case.

13

Petitioner's pleadings documented that he has a well-founded, reasonable fear that Judge Batten's conflicts of interest and ultimate desire to avoid testifying will deprive him of his right to receive a fair hearing and/or determination with respect to his causes of action. In this regard, any objective, disinterested, lay observer fully informed of the fact that Judge Batten will be called as a witness to testify in the instant proceedings, would undoubtedly question the propriety of Judge Batten presiding over a matter in which he will concomitantly serve as both the judge and a witness.

While a court's range of judgments and reactions to information that it obtains during the course of judicial proceedings is generally not sufficient to establish the bias or prejudice required by § 144 or § 455, disqualification is appropriate if the bias or prejudice "stems from an extrajudicial source – i.e., from a source outside the judicial proceedings at hand – and results in an opinion on the merits of some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).  Additionally, even in cases in which the source of the bias or prejudice was clearly the proceedings themselves, the "pervasive bias and prejudice exception" set forth in *Davis v. Bd. Of School Com'rs of Mobile County*, 517 F.2d 1044, 1051 (5th Cir. 1975), would render the extrajudicial source doctrine inapplicable.  In the instant case, while Petitioner initially sought Judge Batten's disqualification and/or recusal because he is going to

14

be called as a material fact witness, his disqualification at this point is further warranted based on the fact that his impartiality might reasonably be questioned, as well as, on his actions and conduct evincing his pervasive bias and animus toward Petitioner.

Litigants are entitled to have their cases decided by a judge who is not going to serve as a witness in the same proceedings, and who can approach the facts in a detached, objective fashion. It is clear from Judge Batten's actions that he is unable to do that in the instant case. See *Davis*, *supra*.

Furthermore, it is now apparent that the court's quasi *ex-parte* communications with SDB's counsel were either improper or of such a nature that the judge's impartiality might reasonably be questioned. See, *Kelly*, 888 F.2d at 745-46; *In re Kensington Int'l. Ltd.*, 368 F.3d 289 (3rd Cir. 2004).

## II.    A Writ of Mandamus or Prohibition is Necessary to Prevent Irreparable Harm Which Cannot be Remedied in a Final Appeal.

Mandamus or prohibition is appropriate in those rare cases in which the issuance of an order presents a question about the limits of judicial power, poses a risk of irreparable harm to the petitioner, and is plainly erroneous, and the case for mandamus or prohibition is particularly compelling where the order poses an elemental question of judicial authority. See *In re Wellcare Health Plans, Inc.*, 754 F.3d 1234 (11th Cir. 2014). Moreover, this Court has the authority to compel the district court to adhere to the terms of its own Local Rules. See *Reese v. Herbert*,

527 F.3d 1253 (11th Cir. 2008). While trial courts have some discretion to maintain

control over its docket and flexibility in interpreting and applying their own local

rules, that discretion is neither unfettered nor unbridled. See *Chudasama v. Mazda*

*Motor Corp.*, 123 F.3d 1353, 1366-67 (11th Cir. 1997).  For example, that discretion

does not extend to instances where the court's departure from its rules unfairly

jeopardizes the substantial rights of the parties. See  *Cohen v. Carnival Cruise Lines,*

*Inc.*, 782 F.2d 923, 924 (11th Cir. 1986) ("[E]ven though local rules are valid and

binding on the parties, their enforcement must be tempered with due consideration

of the circumstances."). In addition, a district court cannot enforce its local rules in

a manner that conflicts with the Federal Rules of Civil Procedure. See *Nepsk, Inc. v.*

*Town of Houlton*, 283 F.3d 1, 7 (1st Cir. 2002).

    In this case, the district court not only abused its discretion in ultimately

denying the motion for judicial disqualification, but also unreasonably and

improperly abused its discretion by entering orders shortening the time periods

prescribed by the local rules, for Petitioner to submit his reply and/or response to the

opposing parties' pleadings.  In *Glover v. City of Pensacola*, 372 Fed. Appx. 952,

954-55 (11th Cir. 2010), this Court noted that the district court "by changing

plaintiffs' response deadline from 20 days to 14 days after the time to respond had

begun to run and by doing so unclearly, the district court created confusion. The

district court not only moved the due date after the time to respond had begun to run

but did so in a footnote that could be interpreted in two different ways." *Id.*

"A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Citizens for Police Accountability Political Comm. v. Browning*, 572 F.3d 1213, 1216-17 (11th Cir. 2009).  In addition, "an abuse of discretion occurs if the district court imposes some harm, disadvantage, or restriction upon someone that is unnecessarily broad or does not result in any offsetting gain to anyone else or society at large." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004). Despite Judge Batten's conflicts of interest and with knowledge that he would be called to testify as a material witness in these proceedings, without addressing the motion for disqualification, entered orders shortening the time periods prescribed by the local rules and Federal Rules of Civil Procedure in an effort to harm, disadvantage, restrict and jeopardize Petitioner's substantial rights, further demonstrating Judge Batten's pervasive bias, animus and prejudice toward Petitioner, which warrants the extraordinary relief requested.

## CONCLUSION

Based on the foregoing reasons, Petitioner L. LIN WOOD, JR. respectfully requests that this Honorable Court issue the writ of mandamus or prohibition, vacate

17

the May 10, 2021 Order and direct that the case be assigned to another judge sitting

in the Northern District of Georgia.

Respectfully submitted,

By: */s/ Larry L. Crain*
Larry L. Crain, Esq.
(Tenn. Supr. Crt. # 9040)
5214 Maryland Way, Suite 402
Brentwood, TN 37027
Tel. 615-376-2600
Fax. 615-345-6009
Email: Larry@crainlaw.legal

/s/ *Ibrahim Reyes, Esq.*
Ibrahim Reyes, Esq.
Florida Bar No. 581798
REYES LAWYERS, P.A.
236 Valencia Avenue
Coral Gables, FL 33134
Tel. 305-445-0011
Fax. 305-445-1181
Email: ireyes@reyeslawyers.com

*/s/ L. Lin Wood, Jr.*
L. LIN WOOD, JR., Esq.
State Bar No. 774588
P. O. Box 52584
Atlanta, GA 30309
Tel. 404-891-1402
Fax. 404-506-9111
Email: lwood@linwoodlaw.com

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this petition complies with the word limitation

requirements of Fed. R. App. P. 21(d)(1) because the petition contains 4,086 words,

18

excluding the parts of the documented exempted by Fed. R. App. P. 32(f), and it complies with the typeface requirements of Fed. R. App. P. 32(a)(5) because it was prepared in a proportionally spaced typeface using Microsoft Word 2016 in Times New Roman 14 point font.

*/s/ Larry L. Crain, Esq.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of May 2021, I electronically filed the foregoing Petition for Writ of Mandamus or Prohibition through the Court's CM/ECF system, which will send a Notice of Electronic Filing to all participants who are registered CM/ECF users in this matter.

*/s/ Larry L. Crain, Esq.*

19

# APPENDIX A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **L. LIN WOOD, JR.,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -vs- | ) | **Case No. 1-21-cv-01169 TCB** |
| | ) | |
| **PAULA J. FREDERICK,** *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |

## PLAINTIFF'S MOTION FOR JUDICIAL DISQUALIFICATION AND/OR RECUSAL

COMES NOW the Plaintiff, L. LIN WOOD, JR., by and through undersigned counsel, and pursuant to Title 28 U.S.C. § 144 and 28 U.S.C. § 455, moves for the disqualification and/or recusal of the district court judge assigned to this case, the Honorable Timothy C. Batten, Jr., and for a stay of the case pending the resolution of this Motion. As grounds in support of this Motion, Plaintiff states the following:

### BACKGROUND

1.      On November 25, 2020, Plaintiff Wood appeared as co-counsel in a complaint filed by Presidential Electors from Georgia, which sought to enjoin the certification of Georgia's 2020 Presidential Election results based on irregularities and vulnerabilities in Georgia's election machines.

2.      On November 27, 2020, the Presidential Electors' complaint, Case No. 20-cv-4809, was assigned to the Honorable Timothy C. Batten, Jr., U.S. District Court Judge.

3.      On Sunday, November 29, 2020 Plaintiff appeared before Judge Batten via Zoom and argued the Presidential Electors' motion for a temporary restraining order, which the Court granted in part.

4.      On December 18, 2020, Plaintiff Wood filed a separate and unrelated complaint in the United States District Court for the Northern District of Georgia seeking declaratory and injunctive relief pertaining to the senatorial run-off election which had been scheduled for January 5, 2021.

5.      On December 19, 2020, the unrelated complaint in Case No. 20-cv-5155 was also assigned to the Honorable Timothy C. Batten, Jr., U.S. District Court Judge.

6.      On December 28, 2020, Judge Batten, without reaching the merits of the claims set forth in the complaint, entered an Order dismissing the claims based on the Court's determination that Mr. Wood lacked standing to pursue the claims.

7.      On February 5, 2021, the Defendants, individually and collectively, as members of the Disciplinary Board of the State Bar of Georgia notified Plaintiff that they had initiated an investigation concerning his professional conduct and mental fitness to practice law, based on statements attributed to him on social media, as well

as his participation in numerous lawsuits challenging aspects of the 2020 elections, including at least one lawsuit litigated before Judge Batten.

8.      On March 23, 2021, Plaintiff Wood filed the instant action seeking declaratory and injunctive relief pursuant to Title 42 U.S.C. § 1983, based on a violation of the Plaintiff's constitutional rights under the First, Fourth and Fourteenth Amendments of the United States Constitution [DE 1].

9.      On March 25, 2021, the Plaintiff's complaint was assigned to the Honorable Timothy C. Batten, Sr., U.S. District Court Judge.

10.     Plaintiff submits that in accordance with the Code of Conduct for United States Judges and the ABA Model Code of Judicial Conduct, Judge Batten's recusal and/or disqualification is mandated in this instance because Judge Batten has personal knowledge of disputed facts concerning the instant proceedings and because he is expected to serve as a material witness in this case.

11.     Plaintiff avers that Canon 3: B(6) of the Code of Conduct for United States Judges provides that "a judge should take appropriate action upon receipt of reliable information indicating the likelihood that … a lawyer violated applicable rules of professional conduct."

12.     Similarly, Rule 2.15(D) of the American Bar Association's Model Code of Judicial Conduct sets forth that "a judge who receives information

3

indicating a substantial likelihood that a lawyer has committed a violation of the
Rules of Professional Conduct *shall* take appropriate action."

13.     While Defendants contend that Plaintiff violated the professional rules
of conduct and/or exhibited mental instability based on his involvement and legal
representation in the 2020 election related cases, at no time during or subsequent to
the 2020 election related cases, did Judge Batten sanction Plaintiff for inappropriate
or unprofessional conduct or otherwise take any action or file any complaint to call
Plaintiff's professional conduct or mental stability into question.

## MEMORANDUM OF LAW

## I.     GENERAL PRONOUNCEMENTS REGARDING RECUSAL AND/OR DISQUALIFICATION OF A JUDGE

"Canon 2 [of the Code of Conduct for United States Judges] tells judges to
'avoid impropriety and the appearance of impropriety in all activities,' on the bench
and off." *Dinkins v. Leavitt*, 2008 U.S. App. Lexis 22847, *14 (11th Cir. 2008)
(citations omitted). The Code of Conduct for United States Judges and case law
make clear that judges should avoid even the appearance of impropriety. *Liljeberg
v. Health Services Corp.*, 488 U.S. 847 (1988). "The guarantee to the [parties and
counsel] of a totally fair and impartial tribunal, and the protection of the integrity
and dignity of the judicial process from any hint of appearance of bias is the

4

palladium of our judicial system." *United States v. Alabama*, 828 F.2d 1532, 1539 (11ᵗʰ Cir. 1987).

Canon 3 prescribes the circumstances which warrant the disqualification of a United States Judge. In pertinent part, subsection (C) provides that: (1) a judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which (a) the judge has a personal bias or prejudice concerning a party, *or personal knowledge of disputed evidentiary facts concerning the proceeding…*; and (d) the judge or the judge's spouse … is (iv) to the judge's knowledge *likely to be a material witness in the proceeding….* (emphasis added). To ensure that the courts remain above reproach, Congress, consistent with the Code of Conduct, passed statutory provisions governing the disqualification of federal judges. The relevant statutes are 28 U.S.C. §§ 144 and 455.

## II.   LEGAL PRINCIPLES AND STATUTES GOVERNING RECUSAL AND/OR DISQUALIFICATION OF A JUDGE.

### A.   28 U.S.C. § 455

Title 28 U.S.C. § 455 provides, in pertinent part:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, *or personal knowledge of disputed evidentiary facts concerning the proceeding...*

In applying § 455(a), the Eleventh Circuit has repeatedly stated:

The test for determining whether a judge's impartiality might reasonably be questioned is an objective one and requires asking whether a disinterested observer fully informed of the facts would entertain a significant doubt as to the judge's impartiality.

*Biven Gardens Office v. Barnett Banks of Florida,* 140 F.3d 898, 912 (11th Cir. 1998)

(citing *Diversified Numismatics, Inc. v. City of Orlando*, 949 F.2d 382, 385 (11th Cir. 1991) and *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)). The intent underlying § 455(a) is "to promote public confidence in the integrity of the judicial process" and "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg,*488 U.S. at 860; see also *Parker*, 855 F.2d at 1523.

Moreover, in light of the intent of the statute, disqualification should be granted under § 455(a) where a judge would harbor any doubt concerning whether disqualification is appropriate. *Parker*, 855 F.2d at 1524 (citing *United States v. Alabama,* 828 F.2d at 1540). Neither actual partiality, nor knowledge of the disqualifying circumstances on the part of the judge during the affected proceeding, are prerequisites to disqualification under § 455(a). See *United States v. Torkington*, 874 F.2d 1441, 1446 (11th Cir. 1989).

6

Because § 455(a) focuses on the appearance of impartiality, as opposed to the existence in fact of any bias or prejudice, the statute does not give a judge discretion as to whether to recuse himself. See *United States v. Cerceda,* 161 F.3d 652 (11th Cir. 1998). Rather, the statute instructs the judge to disqualify himself if the public may perceive his rulings, as being affected. *United States v. Kelly,* 888 F.2d 732, 744-45 (11th Cir. 1988). Thus, "a judge faced with a potential ground for disqualification ought to consider how his participation in a given case looks to the average person on the street." *Potashnick v. Port City Construction Co.,* 609 F.2d 1101, 1111 (5th Cir.), *cert. denied,* 449 U.S. 820 (1980). Consequently, § 455(a) requires judges to resolve any doubts they may have as to whether they should hear a case in favor of disqualification. *Id.*

## B. 28 U.S.C. § 144

Section 144 provides:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Where a litigant submits a sufficient affidavit and certificate, recusal is mandatory: the presiding judge may take no further action in the litigant's case. *United States v. Alabama*, 828 F.2d at 1540. Moreover, the district court must take as true all the facts stated in the affidavit. *Id.; Berger v. United States,* 255 U.S. 22, 36 (1921) ("The section withdraws from the presiding judge a decision upon the truth of the matters alleged"). *Id.* To warrant disqualification the affidavit "must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Id.* at 33-34.

Given the factual circumstances present in this case, any objective, reasonable person would, under the circumstances, have reason to doubt Judge Batten's impartiality. Accordingly, disqualification is mandated under § 455(a).

For the same reasons disqualification and/or recusal is mandated under § 455(a), it is also mandated under § 455(b)(1) and (5), because Judge Batten has personal knowledge of disputed evidentiary facts concerning the proceedings and is likely to serve as a material witness in these proceedings. Specifically, Judge Batten had the opportunity to witness and observe Plaintiff's professional conduct and mental acuity with respect to, and during his representation of the plaintiffs in the 2020 election cases assigned to him and referenced by Defendants in the Disciplinary Board's investigation. To be sure, both the Code of Conduct for United States Judges and the ABA Model Code of Judicial Conduct, in no uncertain terms,

8

mandates that if a judge observes that a lawyer is mentally unfit or is committing a violation of the Rules of Professional Conduct, the judge *shall* take appropriate action and inform the appropriate authority. (emphasis added).

At no time did Judge Batten take issue with Plaintiff Wood's mental acuity or professional conduct in relation to the two 2020 related election cases assigned to him, and Plaintiff seeks to call Judge Batten as a material witness in that regard.

For all these reasons, Judge Batten's disqualification and/or recusal is mandatory under § 455 (a) and (b)(1) and (5).

## III.   THE PROCEEDINGS IN THIS MATTER SHOULD BE STAYED PENDING RESOLUTION OF THIS MOTION

District courts enjoy broad discretion to stay proceedings. *Sessions v. Barclays Bank Delaware,* 276 F. Supp.3d 1349 (N.D. Ga. 2017). District "courts have inherent power to manage their dockets and stay proceedings." *Id; Allstate Insurance Co. v. Electrolux Homeproducts, Inc.,* 2019 WL 7494445 *1 (S.D. Ga. 2019) (citing *Clinton v. Jones,* 520 U.S. 681, 708 (1997). Stays are appropriate to promote judicial economy. *Id.* Stays are warranted until the issue of disqualification is resolved. See *Hermann v. Gutterguard, 2008* U.S. Dist. Lexis 22786 (N.D. Ga. 2008).

Plaintiff seeks through his Motion to have this matter re-assigned to a different Judge based both upon the fact that the district Judge has personal knowledge of disputed evidentiary facts and is a material witness in these

proceedings, thus his impartiality could reasonably be questioned. Hence, it would

be inappropriate and a waste of judicial resources to proceed in this matter until the

present Motion is decided. Furthermore, both basic fairness and judicial

economy would be served by staying this action until the resolution of the

instant Motion. *See Hermann v. Gutterguard,* 2008 U.S. Dist. Lexis 22786 (N.D.

Ga. 2008).

For these reasons, Defendants request that a stay of proceedings be entered in

this matter pending resolution of this Motion.

WHEREFORE, Plaintiff L. Lin Wood respectfully requests this Honorable

Court enter an order disqualifying itself from any further proceedings in this matter.

STATE OF GEORGIA
COUNTY OF FULTON

I, L. LIN WOOD, pursuant to 28 U.S.C. § 144, having been duly sworn do

hereby state that the foregoing facts are true and correct and that I have a reasonable

fear that I will not receive a fair hearing or trial because of the prejudice, bias, and/or

appearance of partiality by this Court, as stated above.

_____
L. LIN WOOD

SWORN TO AND SUBSCRIBED before me this __29__ day of March 2021.

10

My commission expires:
3/4/2025

Notary Public, State of Georgia

## CERTIFICATE OF COUNSEL OF RECORD

The undersigned hereby certify that this Motion and the statements therein

are made in good faith.

Respectfully submitted,

**Crain Law Group, PLLC**

By: */s/ Larry L. Crain*
Larry L. Crain, Esq.
(Tenn. Supr. Crt. # 9040)
5214 Maryland Way, Suite 402
Brentwood, TN 37027
Tel. 615-376-2600
Fax. 615-345-6009
Email: Larry@crainlaw.legal

*Counsel for the Plaintiff*
*(Pro Hac Vice Pending)*

*/s/ Ibrahim Reyes*
Ibrahim Reyes, Esq.
Florida Bar No. 581798
REYES LAWYERS, P.A.
236 Valencia Avenue
Coral Gables, FL 33134
Tel. 305-445-0011
Fax. 305-445-1181
Email: ireyes@reyeslawyers.com

*Counsel for the Plaintiff*
*(Pro Hac Vice Pending)*

11

*/s/ L. Lin Wood, Jr.*
L. Lin Wood, Jr., Esq.
State Bar No. 774588
L. LIN WOOD, P.C.
P.O. Box 52584
Atlanta, GA 30355-0584
Tel. 404-891-1402
Fax. 404-506-9111
Email: lwood@linwoodlaw.com

*Counsel, Pro Se*

## CERTIFICATE OF COMPLIANCE

I CERTIFY that this document has been prepared in compliance with Local

Rule 5.1C using 14-point Times New Roman font.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above motion was

served upon the following individuals via the Court's ECF-filing system and via U.S.

Mail upon the following individuals:

Paula J. Frederick
798 Boulevard SE
Atlanta, Georgia 30312

Connie S. Cooper
105 Nature's Court
Pooler, Georgia 31322

Jeffrey R. Harris
410 E. Broughton Street
Savannah, Georgia 31401

12

Casey Carter Santas
P.O. Box 1591
Duluth, GA 30096

Patricia F. Ammari
3535 Roswell Road
Suite 23
Marietta, Georgia 30062

Kayla E. Cooper
Building 3000
535 Telfair Street
Augusta, Georgia 30901

Elizabeth L. Fite
4355 Cobb Parkway
Suite J 564
Atlanta, Georgia 30339

Elissa B. Haynes
303 Peachtree Street NE
Suite 3500
Atlanta, Georgia 30308

Margaret W. Sigman Puccini
P.O. Box 2139
Savannah, Georgia 31402

Sherry Boston
556 N. McDonough Street
Suite 700
Decatur, Georgia 30030

Elizabeth Pool O'Neal
P.O. Box 767
Griffin, Georgia 30224

David F. Richards
772 Masters Drive
Stone Mountain, Georgia 30087

13

Jennifer D. Ward
P.O. Box 191074
Atlanta, Georgia 31119

Michael Fuller, Sr.
1266 S. Jackson Springs Road
Macon, Georgia 31211

Jennifer Elizabeth Dunlap
1332 Wynnton Road
Columbus, Georgia 31906

Christian J. Steinmetz, III
P.O. Box 10085
Savannah, Georgia 31412

Brandon L. Peak
P.O. Box 2766
Columbus, Georgia 31902

Tomieka Daniel
241 Third Street
Macon, Georgia 31202

Christopher Sutton Connelly
P.O. Box 370
Summerville, Georgia 30747

Melody Glouton
One Sugarloaf Center
1960 Satellite Boulevard
Suite 4000
Duluth, Georgia 30097

Dawn M. Jones
1230 Peachtree Street, NE
Suite 1900
Atlanta, Georgia 30309

By: /s/ Larry Crain

14

# APPENDIX B

From: Katie Klimko <Katie_Klimko@gand.uscourts.gov>
Sent: Monday, May 3, 2021 10:02 AM
To: Ibrahim Reyes <ireyes@reyeslawyers.com>; larry_csafirm.com <larry@csafirm.com>; lwood@linwoodlaw.com; bgoldstucker@nallmiller.com; parndt@nallmiller.com
Subject: 21-cv-01169-TCB Wood v. Frederick et al

Hi counsel,

Judge Batten would like to know when Defendants intend to file a response to the complaint and to Mr. Wood's pending motion to disqualify. If you can let me know, we would appreciate it.

Thank you!

Best,

**Katie Klimko**
Law Clerk, Hon. Timothy C. Batten, Sr.
United States District Court
Northern District of Georgia
404-215-1420
Katie_Klimko@gand.uscourts.gov


From: Patrick N. Arndt <PArndt@nallmiller.com>
Sent: Monday, May 3, 2021 10:18 AM
To: Katie Klimko <Katie_Klimko@gand.uscourts.gov>; Ibrahim Reyes <ireyes@reyeslawyers.com>; larry_csafirm.com <larry@csafirm.com>; lwood@linwoodlaw.com; Bob L. Goldstucker <BGoldstucker@nallmiller.com>
Subject: RE: 21-cv-01169-TCB Wood v. Frederick et al

Good morning Ms. Klimko,

Defendants are filing the following documents today:

1. Defendants' *Motion to Dismiss* in response to the *Complaint*;
2. Defendants' *Response* to Mr. Wood's *Motion for Preliminary Injunction*; and
3. Defendants' *Response* to Mr. Wood's *Motion to Disqualify.*

Please let me know if you have any questions.

Thanks,
PNA
Patrick N. Arndt, Esq.
Nall & Miller, LLP
parndt@nallmiller.com
678.608.1713 (d)
404.522.2200 (o)
235 Peachtree St NE
North Tower
Suite 1500
Atlanta, GA 30303

# APPENDIX C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

L. LIN WOOD, JR.,

     Plaintiff,

v.

PAULA J. FREDERICK, et al.,

     Defendants.

CIVIL ACTION FILE

NO. 1:21-cv-1169-TCB

## O R D E R

Plaintiff Lin Wood has filed a motion [39] for reconsideration on the expedited briefing and hearing schedule. The purpose of the expedited schedule is to accommodate *Wood's* desire to move the case expeditiously and try to issue a ruling before May 14, as he indicated that that date was important. *See* [33] at 3 (referring to a letter indicating that Wood's situation would be discussed at the State Bar of Georgia's May 14 meeting and stating that "time is of the essence for Plaintiff L. Lin Wood, Jr., or he will be severely prejudiced in his ability

to set a hearing on his motion for preliminary injunction prior to the threatened further action by the State Disciplinary Board").

And the Court has the authority and discretion to expedite deadlines for briefing when necessary, as is the case here. Wood's motion for reconsideration is therefore denied.

IT IS SO ORDERED this 6th day of May, 2021.

Timothy C. Batten, Sr.
United States District Judge

2

# APPENDIX D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

L. LIN WOOD, JR.,

    Plaintiff,

    v.                        CASE NO. 1:21-CV-1169-TCB

PAULA J. FREDERICK, et. al.,

    Defendants.

_____/

**REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**MOTION FOR JUDICIAL DISQUALIFICATION AND/OR RECUSAL**

    COMES NOW the Plaintiff, L. LIN WOOD, JR., by and through undersigned

counsel, pursuant to LR 7.1(C) and submits his reply to Defendants' Response to

Plaintiff's Motion for Disqualification and/or Recusal [DE 26], and consistent with

the facts and arguments set forth in Plaintiff's initial motion, Plaintiff reiterates and

replies as follows:

**FACTUAL BACKGROUND**

    1.    On February 5, 2021, Defendants communicated with Plaintiff

regarding the initiation of an investigation concerning information which they had

received from four individuals outside the State of Georgia who alleged that

Plaintiff's exercise of his free speech as a private citizen on political issues of

inherent public and national concern, was nevertheless offensive, and suggested that

Plaintiff may have violated one or more of the Georgia Rules of Professional Conduct. Thereafter, Defendants on their own, without notice to, or an opportunity for Plaintiff to be heard, made a determination to initiate a grievance, specifically referencing and calling into question, Plaintiff's participation in several 2020 election integrity cases, including the case of *Pearson, et al. v. Kemp et al.*, 1:20-cv-4809, a case filed in the United States District Court for the Northern District of Georgia, assigned to the Honorable Timothy C. Batten, Jr.

2.    Defendants notified Plaintiff that their investigation concerned his professional conduct and made a determination to investigate his mental fitness to practice law, and among other things, called into question his conduct, as co-counsel for plaintiffs, in that case before Judge Batten.

3.    Defendants actions in relying on, and referencing Plaintiff's conduct in the *Pearson* case, thrust Judge Batten into the spotlight as a material witness, as he presided over the proceedings in question, and had a first-hand opportunity to witness and assess Plaintiff's professional conduct, mental acuity, and mental fitness to practice law.

4.    Defendants' grievance communication further evidences the materiality of Judge Batten's testimony, as the Defendants referenced Plaintiff

2

Wood's appearance and conduct in the November 29, 2020 Zoom hearing held before Judge Batten in the *Pearson* case.

5.     While Defendants are constrained to concede that Judge Batten has personal knowledge of disputed evidentiary facts concerning the proceedings and first-hand knowledge of Plaintiff Wood's professional conduct, demeanor and mental fitness in those proceedings, which are material issues directly related to the disciplinary proceedings in the State Bar, and to the causes of action in the instant case, the Defendants nevertheless conflate the basis upon which Plaintiff seeks the disqualification and/or recusal of Judge Batten.

6.     Although 28 U.S.C. § 455(b)(1) provides that a judge shall disqualify himself in circumstances where he has a personal bias or prejudice concerning a party, or *personal knowledge of disputed evidentiary facts concerning the proceeding*, Plaintiff's motion merely sought disqualification based on the fact that Judge Batten will be called as a material fact witness, as a result of his having personal knowledge of disputed evidentiary facts related to Plaintiff's professional conduct and mental fitness in the proceedings before him.

7.     In that regard, Judge Batten's disqualification is mandated by § 455(b)(5)(iv), which provides that a judge shall disqualify himself where he is likely to be a material witness in the proceeding. To be sure, Judge Batten will not be called

3

as a character witness, as he has clearly demonstrated a pervasive bias and personal animus with regard to Plaintiff Wood, but rather, Judge Batten will most certainly be called as a fact witness, who despite his apparent dislike and/or disdain for Plaintiff Wood, did not have any occasion to sanction Plaintiff for unprofessional or unethical conduct, nor question his mental acuity.

8.     Judge Batten will be called upon to testify that he is cognizant of his obligations under the Code of Conduct for United States Judges, and the professional rules of conduct, and that he did not have any occasion to take any action against Plaintiff regarding his professional conduct, nor did he file any complaint with the State Bar, disciplinary board, or otherwise call Plaintiff's mental fitness into question.

9.     Consistent with the requirements imposed by the Code of Conduct for United States Judges, Rule 2.15(D) of the American Bar Association's Model Code of Judicial Conduct sets forth that "a judge who receives information indicating a substantial likelihood that a lawyer has committed a violation of the Rules of Professional Conduct *shall* take appropriate action." Judge Batten will be called upon to testify that he did not initiate any action in this regard and that there was no basis for him to do so.

4

10.     Contrary to Defendants' contention, Plaintiff does not seek to disqualify and/or recuse Judge Batten merely because he previously served as a judge in a case where Plaintiff appeared, he seeks his disqualification because Judge Batten, without question, will be called to testify as a material fact witness, both in these proceedings and in any State Bar of Georgia disciplinary proceedings involving the Plaintiff.

11.     While Plaintiff did not initially seek Judge Batten's disqualification based on his personal bias or prejudice concerning Plaintiff, the Court's actions since Plaintiff filed his Motion for Judicial Disqualification and/or Recusal on March 29, 2021 (DE 26), over 39 days ago, have now clearly evidenced Judge Batten's pervasive bias, animus and prejudice toward Plaintiff, which further warrants his disqualification and/or recusal in these proceedings.

12.     To date, Judge Batten has inexplicably refused to address the Motion for Judicial Disqualification, and as a result of the Court's delay Plaintiff was compelled to submit a motion for expedited consideration of the motion for disqualification (DE 33), which was filed on April 22, 2021, 15 days ago.

13.     Despite Plaintiff's repeated request for the Court to address the motion to disqualify and/or recuse Judge Batten under 28 U.S.C. §§ 144 and 455, which was timely filed, contained a verification as required, and was accompanied by a

5

certificate of counsel, the Court, rather than following the mandate of the recusal statutes and addressing whether the motion to disqualify was timely and legally sufficient, instead directed the Court's law clerk to request Defendants to respond and comment on Plaintiff's Motion for Judicial Disqualification.

14.     Specifically, Judge Batten directed his law clerk, Katie Klimco, to send an email to Defendant's counsel, informing them that "Judge Batten would like to know when Defendants intend to file a response to the complaint and to Mr. Wood's pending motion to disqualify. If you can let me know, we would appreciate it." (See email attached hereto as Exhibit "A").

15.     Judge Batten's request calling upon Defendants' counsel to express their views on the issue of disqualification, contravenes Eleventh Circuit precedent, demonstrating that Judge Batten's motives and impartiality might reasonably be questioned.

16.     Judge Batten's actions and conduct make it abundantly clear that he seeks to avoid being called as a witness or to offer favorable testimony on behalf of Plaintiff, for whom he appears to harbor personal animus.

17.     Judge Batten's pervasive bias with regard to Plaintiff is further evidenced by his continued refusal to address the motion for disqualification filed more than 39 days ago, while entering an Order denying Plaintiff's request to

6

reconsider a scheduling Order, that clearly contravenes the time periods prescribed by the Local Rules.

18.     Notably, this Court's May 6, 2021 Order further evinces Judge Batten's pervasive bias, prejudice and animus by disingenuously asserting that "the purpose of the expedited schedule is to *accommodate* Wood's desire to move the case expeditiously and try to issue a ruling before May 14, as he indicated that date was important." To be sure, the only accommodation that Plaintiff Wood requested was a timely ruling on the motion for disqualification, so that the case would be assigned to another Judge so that Plaintiff can issue a subpoena to Judge Batten, and/or otherwise, timely appeal the denial of the motion for recusal by filing the appropriate writ in the Eleventh Circuit.

19.     Judge Batten's actions in circumventing the fourteen (14) day time period prescribed by the local rules for submitting a reply and/or a response, and imposing a three (3) day time period on for a reply to the motion for preliminary injunction and motion for disqualification, is not accommodating; this unequal treatment is the antithesis of accommodation and further evinces his pervasive bias and animus toward Plaintiff.

## MEMORANDUM OF LAW

## STANDARD FOR RECUSAL AND/OR DISQUALIFICATION

Recusal of federal judges is governed by 28 U.S.C. § 455, which provides, in section 455(a), that a "judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Although 28 U.S.C. § 144 continues to provide for recusal upon affidavit submitted by a party, Congress rewrote § 455 in 1974 for the specific purpose of "broaden[ing] and clarify[ing] the grounds for judicial disqualification." *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 108 S.Ct. 2194, 2197, 100 L.Ed.2d 855 (1988). Under the new version of § 455, a judge is under an affirmative, self-enforcing obligation to recuse himself *sua sponte* whenever the proper grounds exist. Section 455 does away with the old "duty to sit" doctrine and requires judges to resolve any doubts they may have in favor of disqualification. *See United States v. Alabama,* 828 F.2d 1532, 1540 (11th Cir.1987), *cert. denied sub nom. Alabama State Univ. v. Auburn Univ.,* 487 U.S. 1210, 108 S.Ct. 2857, 101 L.Ed.2d 894 (1988).

"The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg,* 108 S.Ct. at 2205. Neither actual partiality, nor knowledge of the disqualifying circumstances on the part of the judge during the affected proceeding, are

8

prerequisites to disqualification under this section. The duty of recusal applies equally before, during, and after a judicial proceeding, whenever disqualifying circumstances become known to the judge. *See id.* at 2202–03. The standard for recusal under § 455(a) is " 'whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality.' " *United States v. Torkington,* 874 F.2d 1441, 1446 (11th Cir.1989) (quoting *Parker v. Connors Steel Co.,* 855 F.2d 1510, 1524 (11th Cir.1988), *cert. denied,* 490 U.S. 1066, 109 S.Ct. 2066, 104 L.Ed.2d 631 (1989)).

In this case, Plaintiff timely filed his motion for judicial disqualification under §§ 455 and 144, which contained an affidavit executed under penalty of perjury and was accompanied by a certificate of good faith. Despite Plaintiff's repeated requests that the Court address the motion, Judge Batten sat on the motion for 39 days, and instead of abiding by the requirements set forth in the recusal statutes, by addressing whether the motion to disqualify was timely and legally sufficient, directed his law clerk to email Defendants' counsel, specifically requesting to know when "Defendants intended to file a response to the complaint and to Mr. Wood's pending motion to disqualify." In *United States v. Kelly,* 888 F.2d 732 (11th Cir. 1989), the Eleventh Circuit held, "as a general rule, a federal

9

judge should reach his own determination [on recusal], without calling upon counsel to express their views .... The too frequent practice of advising counsel of a possible conflict and asking counsel to indicate their approval of a judge's remaining in a particular case is fraught with potential coercive elements which make this practice undesirable." *Id.* at 745-46. *See also, United States v. Khan*, 538 F. Supp 937 (E.D. NY 2007). Judge Batten's actions not only contravene Eleventh Circuit precedent, they clearly evince his pervasive bias, prejudice and animus toward Plaintiff, who simply seeks to call him as a material fact witness.

Despite the district court's improper invitation of comment from Defendants' counsel on his disqualification, recusal under § 144 is nonetheless mandatory once, as here, a party submits a timely and sufficient affidavit and presents a certificate stating that the affidavit is made in good faith. See, *United States v. Balistrieri,* 779 F.2d 1191,1199 (7th Cir. 1985).

Although Defendants assert that a reasonable person, apprised of all relevant facts, would not have any doubt regarding Judge Batten's impartiality, on the contrary, any objective, disinterested, lay observer fully informed of the fact that Judge Batten will be called as a witness to testify in the instant proceedings, would undoubtedly question the propriety of Judge Batten presiding over a matter in which he will testify in the same proceedings as a material witness.

The Defendants further cite to *United States v. Bailey*, 175 F.3d 966 (11th Cir. 1999), for the proposition that nothing that a judge learns during the course of a judicial proceeding can form the basis for recusal, however, *Bailey* is inapposite, as the judge in *Bailey* was not a material witness in any subsequent proceeding, was not called upon to testify in any proceeding, and the court was not required to make a determination in that regard. Defendants reliance on district court opinions from the Eastern District of Pennsylvania and the Southern District of New York are also unavailing, as the district judge in *Blount Int'l, Ltd. v. Schuylkill Energy Res., Inc.*, No. Civ. A. 88—3886, 1990 WL 223053, at *4 (E.D. Pa. Dec. 21, 1990), noted that she knew "nothing about the issue or about settlement discussions between the parties that occurred outside her presence" … and "[b]ecause I have nothing material to testify about, the possibility that I will be called as a material witness in this case is nil." *Id.* at *4.  In *Tenzer v. Lewitinn*, 599 F. Supp. 973, 974 (S.D.N.Y. 1985), the district court clarified that the testimony sought did not involve his personal knowledge of disputed evidentiary facts, but rather, he was being called to offer expert opinion testimony regarding the matter of legal fees.

While a court's range of judgments and reactions to information that it obtains during the course of judicial proceedings is generally not sufficient to establish the bias or prejudice required by § 144 or § 455, disqualification is appropriate if the

11

bias or prejudice "stems from an extrajudicial source – i.e., from a source outside the judicial proceedings at hand – and results in an opinion on the merits of some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).  Additionally, even in cases in which the source of the bias or prejudice was clearly the proceedings themselves, the "pervasive bias and prejudice exception" set forth in *Davis v. Bd. Of School Com'rs of Mobile County*, 517 F.2d 1044, 1051 (5th Cir. 1975), would render the extrajudicial source doctrine inapplicable.  In the instant case, while Plaintiff initially sought Judge Batten's disqualification and/or recusal because he is going to be called as a material fact witness, his disqualification at this point is further warranted based on the fact that his impartiality might reasonably be questioned, as well as, on his actions and conduct evincing his pervasive bias and animus toward Plaintiff.

Litigants are entitled to have their cases decided by a judge who is not going to serve as a witness in the same proceedings, and who can approach the facts in a detached, objective fashion. It is clear from Judge Batten's actions that he is unable to do that in the instant case. See *Davis*, *supra*.

Furthermore, it is now apparent that the court's quasi *ex-parte* communications with Defendants' counsel were either improper or of such a nature

12

that the judge's impartiality might reasonably be questioned. See, *Kelly*, 888 F.2d at

745-46; *In Re Kensington Int'l, Ltd.*, 368 F.3d 289 (3rd Cir. 2004).

WHEREFORE, Plaintiff L. Lin Wood respectfully requests this Honorable

Court enter an order disqualifying itself from any further proceedings in this matter.

Respectfully submitted,

**Crain Law Group, PLLC**

By: */s/ Larry L. Crain*
Larry L. Crain, Esq.
(Tenn. Supr. Crt. # 9040)
5214 Maryland Way, Suite 402
Brentwood, TN 37027
Tel. 615-376-2600
Fax. 615-345-6009
Email: Larry@crainlaw.legal

*Counsel for the Plaintiff*
*(Pro Hac Vice)*

*/s/ Ibrahim Reyes*
Ibrahim Reyes, Esq.
Florida Bar No. 581798
REYES LAWYERS, P.A.
236 Valencia Avenue
Coral Gables, FL 33134
Tel. 305-445-0011
Fax. 305-445-1181
Email: ireyes@reyeslawyers.com

*Counsel for the Plaintiff*
*(Pro Hac Vice)*

13

_/s/ L. Lin Wood, Jr._
L. LIN WOOD, JR., Esq.
State Bar No. 774588
L. LIN WOOD, P.C.
P.O. Box 52584
Atlanta, GA 30355-0584
Tel. 404-572-6600
Fax. 404-506-9111
Email: lwood@linwoodlaw.com

_Counsel, Pro Se_

## CERTIFICATE OF COMPLIANCE

I CERTIFY that this document has been prepared in compliance with Local Rule 5.1C using 14-point Times New Roman font.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of May, 2021, the above motion was filed with the Court's electronic filing system that will provide notice to all parties.

By: /s/ Larry Crain

14

# APPENDIX E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

L. LIN WOOD, JR.,

     Plaintiff,

v.

PAULA J. FREDERICK, et al.,

     Defendants.

CIVIL ACTION FILE

NO. 1:21-cv-1169-TCB

## O R D E R

Plaintiff L. Lin Wood, Jr. has sued the members of the Disciplinary Board of the State Bar of Georgia, who have initiated an investigation into his professional conduct and mental fitness to practice law. Wood contends that the investigation is based on his political views and lawsuits he filed challenging the results of the 2020 Presidential election. Two of those lawsuits were before this Court. In this action, Wood seeks declaratory and injunctive relief, contending that Defendants' actions violate his constitutional rights.

Based on the earlier lawsuits over which this Court presided, Wood has filed a motion [26] for judicial disqualification and/or recusal. He also has filed a motion [33] for expedited consideration of his motion for disqualification, contending that Defendant Chris Steinmetz intends to report on Wood's situation at the State Bar's May 14 meeting.

The Court will deny Wood's motion for disqualification or recusal. In large part, Wood's motion is based on his indication that he intends to call the undersigned as a witness to testify at a State Bar proceeding with respect to how Wood handled his earlier cases in this Court but cannot do so without recusal. However, information learned in court proceedings is not grounds for recusal. *See United States v. Bailey*, 175 F.3d 966, 969 (11th Cir. 1999).

Further, the Court agrees with Wood's assertion that it never sanctioned Wood for inappropriate or unprofessional conduct or otherwise took action or filed a complaint that would call Wood's professional conduct or mental stability into question based on Wood's 2020 cases in this Court. This obviates the need for the undersigned to testify as a witness.

2

Finally, nothing in the Court's handling of Wood's earlier cases would lead to impartiality, prejudice, or bias that would require recusal. The motion to expedite is denied as moot.

Wood's motions [26, 33] are denied.

IT IS SO ORDERED this 10th day of May, 2021.

Timothy C. Batten, Sr.
United States District Judge

3