IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| L. LIN WOOD, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>PAULA J. FREDERICK, et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:21-cv-1169-TCB |

### **O R D E R**

### I.  Background

Plaintiff L. Lin Wood, Jr. is a lawyer and a member of the State Bar of Georgia. On February 11, 2021, the State Bar sent Wood a notice of investigation of a grievance against him. The State Bar sent Wood written correspondence requesting that, a part of the investigation, he consent to a confidential evaluation by a mental health professional.

On March 23, Wood filed this action against Defendants, all members or otherwise affiliated with the State Bar of Georgia, and most of whom are members of the State Bar's State Disciplinary Board.

He seeks—in relevant part—an injunction enjoining Defendants from "requir[ing] him to undergo a medical, mental, psychiatric, or psychological examination[;]" a declaration that Defendants' alleged "actions in requiring the Plaintiff to consent to a medical, mental, psychiatric or psychological examination to be a violation of his constitutional rights[;]" and compensatory damages "in excess of $75,000." [1] at 37–38.

Wood filed a motion [26] to disqualify and a motion [27] for a preliminary injunction. Defendants then filed a motion [34] to dismiss. The Court set the motion to dismiss and motion for a preliminary injunction for a hearing, then denied Wood's motion to disqualify. Before the hearing was held, Wood appealed the motion to disqualify. The Court then granted Wood's motion to stay.

On June 8, the Eleventh Circuit denied Wood's petition for a writ of mandamus and stated that no further action would be taken. The motion to dismiss is therefore ripe for review.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" This pleading standard does not require "detailed factual allegations," but it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1199 (11th Cir. 2012) (quoting *id.*). The Supreme Court has explained this standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Iqbal*, 556 U.S. at 678 (citation omitted) (quoting *Twombly*, 550 U.S. at 556); *see also Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324–25 (11th Cir. 2012).

Thus, a claim will survive a motion to dismiss only if the factual allegations in the complaint are "enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555–56 (citations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). While all well-pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff, *Powell v. Thomas*, 643 F.3d 1300, 1302 (11th Cir. 2011), the Court need not accept as true the plaintiff's legal conclusions, including those couched as factual allegations, *Iqbal*, 556 U.S. at 678. Thus, evaluation of a motion to dismiss requires two steps: (1) eliminate any allegations in the pleading that are merely legal conclusions, and (2) where there are well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

### III. Discussion

Defendants contend that this action should be dismissed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court noted that—with few exceptions—state courts should be free to try state cases without interference from the federal courts. Attorney disciplinary matters are the types of proceedings that give rise to *Younger* abstention. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982). Thus, the Court should abstain from hearing Wood's action if (1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide Wood with an adequate opportunity to raise his constitutional claims. *See id.* at 432. Because Wood appears to concede the second factor, the Court's analysis will focus on the first and third.

Clearly, there is a grievance proceeding in the State Bar against Wood. Wood argues that because he filed this action before there was a finding of probable cause against him, this factor is not satisfied. However, he cites no law to support his contention that a probable

5

cause finding is required for abstention or that abstention is not required during an investigatory phase of a proceeding. In fact, both law and logic dictate that abstention is appropriate during the investigatory phase. *See, e.g.*, *Parker v. Jud. Inquiry Comm'n of the State of Ala.*, 212 F. Supp. 3d 1171, 1179–82 (M.D. Ala. 2016).

Wood also argues that the first factor is not satisfied because he does not seek to enjoin the state disciplinary proceedings against him. However, his claim would effectively enjoin those proceedings, meaning that the *Younger* doctrine applies. *See Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1261–62 (11th Cir. 1997); *see also Henry v. Fla. Bar*, 701 F. App'x 878, 882 (11th Cir. 2017) ("The first factor is met when a state proceeding is ongoing and the relief sought by the plaintiff would interfere with the state proceeding. The plaintiff's requested relief can interfere with the state proceeding if it would disrupt the normal course of action in the state proceeding, even if the relief sought would not terminate an ongoing proceeding." (citations omitted)).

With respect to the third factor, Wood argues that there is no opportunity in a state forum for him to raise his constitutional concerns. However, Georgia Bar Rule 4-218 provides that he will have an opportunity to raise these concerns if probable cause is found and his disciplinary matter proceeds to public proceedings.[1]

Nor is the Court persuaded by Wood's argument that the bad-faith exception to *Younger* applies here. A proceeding is initiated in bad faith if it is brought without a reasonable expectation of obtaining a valid conviction. *Redner v. Citrus Cnty.*, 919 F.2d 646, 650 (11th Cir. 1990). Wood bears the burden with respect to this exception. *Juidice v. Vail*, 430 U.S. 327, 338 (1977). The bad faith exception requires a substantial allegation that shows actual bad faith. *See Younger*, 401 U.S. at 48. When a state bar has "ample evidence" of conduct warranting a proceeding before initiating a proceeding, that exception does not apply.

---

[1] *Berry v. Schmitt*, 688 F.3d 290 (6th Cir. 2012), on which Wood relies, is distinguishable. The relief sought would not have stopped ongoing state court proceedings and was decided based on *Rooker-Feldman*, not *Younger* abstention. And the Georgia Supreme Court's recent order denying Wood's request for a stay does not mean that court was denying it has jurisdiction over disciplinary matters. That order merely denied the particular relief Wood sought.

7

*Chestnut v. Canady*, No. 20-12000, 2021 WL 1661215, at *3 (11th Cir. Apr. 28, 2021). The Court concludes that Wood has not made a substantial allegation of bad faith that would overcome *Younger* abstention.

Wood's argument that he did not receive due process before the request for a mental health examination does not overcome *Younger* abstention. He cites no law to support the proposition that he has a property right not to be asked to consent to a mental health evaluation. And, as Defendants point out, he has been provided a notice of the claims against him and will have an opportunity to defend himself and raise any constitutional issues before any public discipline is imposed.

Any argument of a "chilling effect" on First Amendment rights does not suffice to overcome *Younger* abstention. *Butler v. Ala. Jud. Inquiry Comm'n*, 245 F.3d 1257, 1265 (11th Cir. 2001). And the fact that Wood disputes the allegations against him does not overcome *Younger* abstention. *Thompson v. Fla. Bar*, 526 F. Supp. 2d 1264, 1278 (S.D. Fla. 2007) (citing *Crenshaw v. Sup. Ct. of Ind.*, 170 F.3d 725, 729 (7th Cir. 1999)).

The Court is therefore required under *Younger* to abstain from hearing Wood's claims.

Even if it were not, the Court would lack subject-matter jurisdiction over Wood's claims because any case challenging the action or inaction of the State Bar or any person in connection with a disciplinary proceeding can be brought only before the Supreme Court of Georgia. *Arroyo v. Colbert*, No. 1:18-cv-848-SCJ, 2018 WL 10510870, at *2 (N.D. Ga. Mar. 29, 2018). Wood's claims are subject to dismissal for this additional reason.

## IV. Conclusion

For the foregoing reasons, Defendants' motion [34] to dismiss is granted. Wood's motion [27] for a preliminary injunction is denied as moot; the motion [54] to stay is also moot. The Clerk is directed to close this case.

IT IS SO ORDERED this 9th day of June, 2021.

_____
Timothy C. Batten, Sr.
Chief United States District Judge