[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 21-12238

Non-Argument Calendar

————————————————

L. LIN WOOD,

Plaintiff-Appellant,

*versus*

PAULA J. FREDERICK,
CONNIE S. COOPER,
JEFFREY R. HARRIS,
CASEY CARTER SANTAS,
PATRICIA F. AMMARI, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

D.C. Docket No. 1:21-cv-01169-TCB

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff–Appellant L. Lin Wood, Jr. ("Wood") appeals an order denying his motion for a preliminary injunction and granting Defendants–Appellees' ("Appellees") motion to dismiss his complaint. On July 27, 2021, Appellees filed a motion to dismiss this appeal due to res judicata. On August 24, 2021, a motions panel carried that motion with the case. Because we reject Wood's appeal on the merits in Part II of this opinion, we assume *arguendo*, without actually deciding, that res judicata does not bar Wood's appeal. Accordingly, Appellees' motion to dismiss is **DENIED**. On the merits, Wood raises two arguments. First, the district court abused its discretion by denying Wood's motion for judicial disqualification or recusal. Second, the district court incorrectly concluded that *Younger* abstention[1] required dismissal

_____

[1] *Younger v. Harris*, 401 U.S. 37, 43–45, 91 S. Ct. 746, 750–51 (1971).

of Wood's complaint.  After addressing Appellees' motion to dismiss Wood's appeal, we will turn to the merits.

## I.

In February 2021, the State Bar of Georgia ("the State Bar") sent Wood a notice of investigation concerning a grievance against him.  Pursuant to that investigation, it requested that Wood consent to a confidential medical evaluation by a mental health professional.  On March 23, Wood filed the complaint underlying this appeal against Appellees, who are, according to the complaint, all members of the State Bar's Disciplinary Board. Wood alleged that the State Bar's request that he submit to a mental health evaluation violated several of his rights under the U.S. Constitution, so he sued under 42 U.S.C. § 1983.  He requested three forms of relief: (1) an injunction to "restrain" the Appellees "from the continued violation of his" constitutional rights, (2) a declaratory judgment that the Appellees' actions violated his constitutional rights, and (3) compensatory damages.  On March 29, 2021, Wood filed a motion for a preliminary injunction to restrain Appellees "from imposing any disciplinary action or otherwise taking any adverse action against [him] by virtue of his failure or refusal to undergo a mental evaluation or examination."

That same day, Wood also filed a motion for judicial disqualification or recusal, arguing that the district judge had personal knowledge of disputed facts and would be called to testify as a material witness in his case against Appellees.  On May 10, 2021, the court denied that motion, and Wood filed a notice of appeal.

That appeal was docketed and assigned the case number 21-11649 ("First Appeal"). Wood says that he attempted to file a petition for writ of mandamus or prohibition on May 20, but he was unable to do so. He contends that he filed that petition as a new filing based on advice from this Court's clerk's office with the understanding that it would be merged with his First Appeal. However, his petition for writ of mandamus or prohibition was assigned the case number 21-11709. We denied that petition on June 8.

On June 2, the Clerk of Court directed Wood to file a completed Civil Appeal Statement and a motion to file that statement out of time in his First Appeal within 14 days. Wood filed a motion for leave to file his Civil Appeal Statement out of time on June 3. This motion suggested that his failure to file a Civil Appeal Statement was caused by his confusion over the multiple case numbers (21-11649 and 21-11709) that had been assigned. On June 15, we granted that motion, and his Civil Appeal Statement was docketed in his First Appeal (No. 21-11649) that day. The Civil Appeal Statement said that the issue on appeal was Wood's petition for mandamus or prohibition to restrain the district judge from presiding over his suit against Appellees.

On June 9—the day after we denied Wood's petition for mandamus or prohibition—the district court granted Appellees' motion to dismiss Wood's complaint and denied Wood's motion for a preliminary injunction. The district court determined that *Younger* abstention precluded Wood's § 1983 suit to enjoin the

State Bar's ongoing investigation into him.  *Younger*, 401 U.S. at 43–45, 91 S. Ct. at 750–51.  On that same day, June 9, 2021, Wood filed an amended notice of appeal to amend his May 10 notice of appeal (No. 21-11649) to include the district court's order denying his motion for preliminary injunction and granting Appellees' motion to dismiss.  The amended notice of appeal specified appeal case number "21-11649"—*i.e.*, Wood's First Appeal—and it was docketed in the First Appeal on June 9.

On July 2, the Clerk of Court notified the parties that Wood's June 9, 2021 amended notice of appeal had been docketed and assigned to case number 21-12238 ("Second Appeal").  On July 7, we dismissed Wood's First Appeal (No. 21-11649) "for want of prosecution because . . . Wood has failed to file an appellant's brief within the time fixed by the rules."  On July 21, 2021, we issued a briefing notice in the Second Appeal.

On July 27, 2021, Appellees filed a motion to dismiss the Second Appeal due to res judicata.  In that motion, they argue that this Court's dismissal of the First Appeal for want of prosecution was a final adjudication on the merits that encompassed Wood's appeal of the district court's order denying his motion for a preliminary injunction and granting Appellees' motion to dismiss the complaint.  They contend that "the same cause of action [was] involved in both" appeals, *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999), because the amended notice of appeal was filed in both Wood's First Appeal and his Second Appeal.  In response, Wood argues that the orders specified in the

amended notice of appeal were not addressed in the First Appeal and that the Clerk of Court made clear that the amended notice of appeal was properly docketed in the Second Appeal.  In reply, Appellees note that the amended notice of appeal was docketed in the First Appeal on June 9, almost a month before this Court dismissed the First Appeal for want of prosecution.  Accordingly, they argue that the orders specified in the amended notice of appeal were properly before this Court in the First Appeal, so our dismissal of that appeal requires dismissal of the Second Appeal.

Because, in Part II of this opinion, we reject on the merits both of Wood's challenges—*i.e.,* his challenge to the district court's refusal to recuse and his challenge to the district court's dismissal of his complaint based on *Younger* abstention—we can assume *arguendo*, without actually deciding, that the doctrine of res judicata does not bar Wood's challenges to the district court's recusal and *Younger* rulings.[2]

---

[2] The procedural history here is complicated and confusing as a result of several attempts by Wood to file amended notices of appeal, but which our clerk's office docketed as new appeals with new appeal number designations. And with regard to Wood's last (June 9, 2021) amended notice of appeal, the clerk's office docketed it both in the First Appeal (No. 21-11649) and in the instant appeal (No. 21-12238).  Under these circumstances, there is at least a reasonable argument that Wood reasonably believed that both the recusal issue and the *Younger* issue were lodged as part of the instant appeal (No. 21-12238), thus explaining his failure to file briefs in the earlier appeal.  In any event, because we reject Wood's claims on the merits, we need not rule definitively on the res judicata issue.

## II.

This appeal raises two merits issues.  First, whether the district judge should have recused or disqualified himself from this case.   Second, whether the district court incorrectly dismissed Wood's complaint based on *Younger* abstention.  We will address each issue in turn.

### A.        Judicial Recusal or Disqualification

Wood filed a motion for judicial disqualification or recusal pursuant to 28 U.S.C. §§ 144, 455.  He argued that, because the district judge had presided over two of Wood's previous suits concerning federal elections, the judge was "expected to serve as a material witness" in his § 1983 suit against Appellees because he had "personal knowledge of disputed facts concerning the instant proceedings."  In an email to the parties, one of the district judge's clerks asked Appellees when they "intend[ed] to file a response . . . to Mr. Wood's pending motion to disqualify."  Appellees filed their response, arguing that Wood's evidence was "insufficient to support disqualification or recusal."  The district judge denied Wood's motion for the following reasons:

> Wood's motion is based on his indication that he intends to call the undersigned as a witness to testify at a State Bar proceeding with respect to how Wood handled his earlier cases in this Court but cannot do so without recusal.  However, information learned in court proceedings is not grounds for recusal.

8                         Opinion of the Court                    21-12238

Further, the Court . . . never sanctioned Wood for inappropriate or unprofessional conduct or otherwise took action or filed a complaint that would call Wood's professional conduct or mental stability into question based on Wood's 2020 cases in this Court. This obviates the need for the undersigned to testify as a witness.

Finally, nothing in the Court's handling of Wood's earlier cases would lead to []partiality, prejudice, or bias that would require recusal.

We review a district judge's refusal to recuse under 28 U.S.C. §§ 144, 455 for abuse of discretion. *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). This means "we will affirm a district judge's refusal to recuse himself unless we conclude that the impropriety is clear and one which would be recognized by all objective, reasonable persons." *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999). Section 144 says, "Whenever a party . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein . . . ." Section 455 requires recusal in the following circumstances:

(a)     Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b)     He shall also disqualify himself . . . :

 (1) Where he has a personal bias or preju-
dice concerning a party, or personal
knowledge of disputed evidentiary facts
concerning the proceeding; . . .

 (5) He or his spouse, or a person within
the third degree of relationship to ei-
ther of them, or the spouse of such a
person: . . .

  (iv) Is to the judge's knowledge like-
ly to be a material witness in the
proceeding.

Put simply, under § 455(a), a judge should recuse "when there is
an appearance of impropriety," and, under § 455(b), a judge
should recuse "when any of the specific circumstances set forth in
that subsection exist." *United States v. Patti*, 337 F.3d 1317, 1321
(11th Cir. 2003).

On appeal, Wood argues that he timely filed his motion
and affidavit for judicial recusal per § 144 and that the district
judge was required to recuse under § 455(a), (b)(1), and (b)(5)(iv).
We disagree.

First, under § 144, Wood needed to submit a "sufficient af-
fidavit" that "state[d] the facts and the reasons for the belief that
bias or prejudice exists." We "strictly scrutinize[]" these affidavits
for "sufficiency" "[b]ecause of the disruption and delay of the ju-
dicial processes that can be caused by the disqualification of a trial
judge." *United States v. Womack*, 454 F.2d 1337, 1341 (5th Cir.

1972).  Wood's affidavit is not sufficient because "an allegation of bias sufficient to require recusal must demonstrate that the alleged bias is personal as opposed to judicial in nature." *United States v. Sims*, 845 F.2d 1564 (11th Cir. 1988).  In other words, "[t]he alleged bias 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *United States v. Meester*, 762 F.2d 867, 884 (11th Cir. 1985) (quoting *United States v. Clark*, 605 F.2d 939, 942 (5th Cir. 1979)).

Wood's affidavit states only that the district judge presided over two of his prior challenges to federal elections: in the first case, the judge granted in part Wood's request for a temporary restraining order, and, in the second case, he dismissed Wood's claim for lack of standing.  In neither case did the district judge "sanction [Wood] for inappropriate or unprofessional conduct or otherwise take any action or file any complaint to call [Wood's] professional conduct or mental stability into question."  These facts concern the district judge's knowledge of Wood that he gained in his judicial capacity: Wood has not alleged that the district judge harbors personal bias against him born of an extrajudicial source.

One exception to the "extrajudicial source" rule "exists where 'such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party.'" *Meester*, 762 F.2d at 885 (quoting *Davis v. Bd. of Sch. Comm'rs*, 517 F.2d 1044, 1051 (5th Cir. 1975)).  Wood clearly has not shown

pervasive bias. He even seems to acknowledge as much in his re-
ply brief: "[Wood] did not move to disqualify [the district judge]
based on any adverse ruling or his delay in ruling on matters, but
rather, because [he] would be called as a material fact witness to
testify that . . . Wood had not in any way violated the rules of pro-
fessional conduct . . . ." Based on the foregoing, we cannot con-
clude that the district judge abused his discretion by refusing to
recuse under § 144.

Second, under § 455(a), a district judge must "disqualify
himself in any proceeding in which his impartiality might reason-
ably be questioned." Under this "objective standard," Wood
must show that "an objective, disinterested, lay observer fully in-
formed of the facts underlying the grounds on which recusal was
sought would entertain a significant doubt about the judge's im-
partiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th
Cir. 1988); *see also Wu v. Thomas*, 996 F.2d 271, 275 (11th Cir.
1993) (affirming a judge's refusal to recuse because "no reasonable
observer would assume that [the judge] had extra-judicial
knowledge of this case or otherwise question [his] impartiality").
As with § 144, the alleged bias "must stem from extrajudicial
sources, unless the judge's acts demonstrate 'such pervasive bias
and prejudice that it unfairly prejudices one of the parties.'" *Bai-
ley*, 175 F.3d at 968 (quoting *United States v. Ramos*, 933 F.2d
968, 973 (11th Cir. 1991)). And, as noted, Wood has not alleged
that the district judge's bias stems from any extrajudicial sources.
His opening brief argues that the judge's behavior in the underly-

ing case shows "pervasive bias, animus and prejudice toward [Wood]," but, as evidence, he points to certain scheduling orders that affected him and Appellees equally.[3]  Even assuming that certain case management orders by the district court asymmetrically disadvantaged Wood, such actions cannot reasonably call into doubt the judge's impartiality.  *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004).  Wood's affidavit says that he has a "reasonable fear that [he] will not receive a fair hearing or trial," but that conclusory assertion does not warrant recusal.  *See Giles v. Garwood*, 853 F.2d 876 (11th Cir. 1988) ("A judge should not recuse himself based upon unsupported, irrational, or tenuous allegations.").

---

[3] Wood also argues that the district judge improperly solicited Appellees' opinion regarding whether he should recuse.  The case he cites is easily distinguished.  There, the district judge "expressed profound doubts about the propriety of continuing to sit on the case" and "he expressed near certainty that he should disqualify himself," but he did not do so after "delegat[ing] . . . the recusal decision to the parties."  *United States v. Kelly*, 888 F.2d 732, 745–46 (11th Cir. 1989).  We held that it was "inappropriate under the circumstances of th[e] case" for the district judge to solicit the parties' consent to his continued participation because doing so was coercive.  *Id.*  Here, the district judge has not sought the parties' consent to his participation in the case.  Rather, his clerk merely asked Appellees when they "intend[ed] to file a response" to Wood's recusal motion.  Nothing in the district judge's order denying the motion for recusal suggests that he did not "reach his own determination" on recusal.  *Kelly*, 888 F.2d at 745 (quoting *Matter of Nat'l Union Fire Ins. Co.*, 839 F.2d 1226, 1231 (7th Cir. 1988)).

Third, under § 455(b)(1) and (b)(5)(iv), a judge must recuse himself "[w]here he has . . . personal knowledge of disputed evidentiary facts concerning the proceeding" or when he is "likely to be a material witness in the proceeding." But, as with §§ 144 and 455(a), the judge's personal knowledge of the disputed evidentiary fact must have been gained extrajudicially. *Bailey*, 175 F.3d at 969 (citing *United States v. Page*, 828 F.2d 1476, 1481 (10th Cir. 1987)). And, as stated, the judge here gained knowledge in his judicial capacity of Wood's professional fitness. Moreover, the district judge acknowledged that he "never sanctioned Wood for inappropriate or unprofessional conduct or otherwise took action or filed a complaint that would call Wood's professional conduct or mental stability into question," so his testimony as a material witness in a proceeding likely will not be necessary. *See, e.g.*, *United States v. Scrushy*, 721 F.3d 1288, 1304 (11th Cir. 2013) ("Because [the judge] resolved the factual dispute in [the defendant's] favor . . . the authenticity of the emails was no longer at issue, and [the judge] was not likely to be a material witness in any proceeding.").

For the foregoing reasons, we cannot conclude that the district judge abused his discretion by not recusing or disqualifying himself pursuant to 28 U.S.C. §§ 144, 455. Given that the district judge only had knowledge of Wood drawn from his experience has a judge, and because he did not exhibit pervasive bias towards Wood in the instant case, no reasonable observer could conclude that the district judge was biased.

14                    Opinion of the Court                    21-12238

B.    *Younger* Abstention

The district court granted Appellees' motion to dismiss Wood's complaint and denied Wood's request for a preliminary injunction because *Younger* abstention required that it not interfere with the State Bar's investigation into Wood.   *Younger* abstention dictates that federal courts should abstain from interfering in certain state proceedings if (1) the state proceedings are "ongoing," (2) they "implicate important state interests," and (3) "there [is] an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 2521 (1982).   The U.S. Supreme Court has held that state bar disciplinary proceedings conducted under the jurisdiction of a state supreme court are "of a character to warrant federal-court deference" and that states have "an extremely important interest in maintaining and assuring the professional conduct of the attorneys [they] license[]." *Id.* at 434, 102 S. Ct. at 2522.

The district court determined that each factor had been satisfied: (1) "there is a grievance proceeding in the State Bar against Wood," (2) "Wood appears to concede the second factor," and (3) "Georgia Bar Rule 4-218 provides that he will have an opportunity to raise [his constitutional] concerns if probable cause is found and his disciplinary matter proceeds to public proceedings." We review a district court's application of *Younger* abstention for abuse of discretion.   *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003).

On appeal, Wood challenges the first and third *Younger* abstention factors.  First, he argues that (a) no state disciplinary proceeding is ongoing because the State Bar is in its investigatory phrase and has not filed a formal complaint and (b) the relief he seeks under § 1983 would not interfere with the State Bar's investigation.  Neither argument is true.  While the Supreme Court of Georgia declined to exercise its original jurisdiction to halt the State Bar's investigation into Wood, see *Wood v. State Bar of Georgia*, No. S21O0897, an ongoing State Bar investigation is still pending in the Supreme Court of Georgia.  *See In the Matter of L. Lin Wood, Jr.*, No. S21Y1056.  Wood responds that the State Bar "has not yet made a determination as to the existence of probable cause that [he] violated a rule of professional conduct, nor has a referral to the Georgia Supreme Court for public disciplinary proceedings been initiated."  But he cites no caselaw to support his assertion that the State Bar's investigation is not an ongoing proceeding under *Younger* until it has found probable cause.  *Cf. Parker v. Jud. Inquiry Comm'n*, 212 F. Supp. 3d 1171, 1179–82 (M.D. Ala. 2016) (deciding that an investigation into a justice by Alabama's state body charged with investigating violations of the Judicial Canons was an "ongoing" state proceeding protected by *Younger* even though no formal complaint had been filed).  Accordingly, we cannot conclude that the district court abused its discretion by concluding that a state proceeding was "ongoing."

Wood also argues that his sought-after relief would not interfere with the State Bar's investigation.  The first factor for

*Younger* "requires that the federal relief the plaintiffs seek would interfere with those proceedings, and that if it would not interfere . . . , then the federal court has no basis for abstaining." *31 Foster Children*, 329 F.3d at 1275. The district court concluded that Wood's "claim would effectively enjoin" the State Bar's disciplinary proceedings against Wood, so the first factor was satisfied. Wood disagrees, arguing that he "is not asking to enjoin any disciplinary investigation or incipient disciplinary proceeding"; "[r]ather, [he] merely seeks to enjoin the [State Bar's] mandate that he subject himself to a mental health examination." His complaint suggests otherwise: it sought an injunction to "restrain" Appellees "from the continued violation of [Wood's] protected privacy rights" and a declaratory judgment that Appellees' actions were "a violation of [his] rights as guaranteed by the First, Ninth and Fourteenth Amendment of the United States Constitution." He also sought compensatory damages for the "humiliation, embarrassment, injury to reputation and other injuries" he has suffered. In our view, this relief would clearly "interfere" with the State Bar's investigation into Wood as he is seeking an injunction to bar them from, broadly speaking, infringing upon several of his constitutional rights. *See 31 Foster Children*, 329 F.3d at 1276 ("The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required.").[4]

_____

[4] Wood argues that the standard for *Younger*'s first factor is more stringent:

Next, Wood challenges the third *Younger* factor, arguing that no forum exists for him to challenge the State Bar's determination that he should undergo a mental health examination. He notes that he attempted to raise his constitutional claims, but that the Supreme Court of Georgia declined to exercise original jurisdiction over his request for a stay of the disciplinary proceedings. These arguments ignore Georgia State Bar Rule 4-218, which provides that Wood will have an opportunity to raise his constitutional arguments if the State Bar recommends disciplinary action. As noted, the Supreme Court of Georgia only declined to exercise its original jurisdiction over Wood's request for a stay, but he will be able to raise his constitutional arguments before that court if it subjects him to any discipline. *See Wallace v. State Bar of Ga.*, 486 S.E.2d 165, 167 (Ga. 1997) ("[N]o court save the Supreme Court of Georgia has jurisdiction of a cause of action whereby a party seeks to challenge the action or inaction of the State Bar or any person in connection with a disciplinary proceeding."); *Cohran v. State Bar of Ga.*, 790 F. Supp. 1568, 1571 (N.D. Ga. 1992) ("[P]laintiff had opportunity to, and in fact did, raise his constitutional challenges to the state proceeding before the Geor-

---

"abstention is not triggered unless the federal relief would create an *undue* interference with state proceedings." *See Wexler v. Lepore*, 385 F.3d 1336, 1341 (11th Cir. 2004) ("[W]ithout showing an *undue* interference on state proceedings, abstention is not permitted."). Even under this standard, we cannot say that the district court abused its discretion by finding that Wood's sought-after relief would interfere with the State Bar's ongoing proceeding.

gia Supreme Court."). Accordingly, Wood has not shown that he lacks an adequate opportunity to raise his constitutional claims before being subjected to discipline by the State Bar. *See Middlesex Cnty. Ethics Comm.*, 457 U.S. at 431, 102 S. Ct. at 2521 ("Minimal respect for the state processes . . . precludes any *presumption* that the state courts will not safeguard federal constitutional rights.").[5]

Wood also contends that the State Bar's bad faith means *Younger* abstention should not apply. *See Middlesex Cnty. Ethics Comm.*, 457 U.S. at 435, 102 S. Ct. at 2523 ("[S]o long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain."). He cites four allegations from his complaint which, he thinks, show bad faith: (1) the State Bar did not respond to his requests for evidence that justifies the State Bar's "insistence on a medical examination," (2) it made public the fact that it asked Wood to submit to a medical examination, (3) it requested the examination based solely upon politically motivated complaints, and (4) it requested the examination "as a form of retaliation against Mr. Wood for the exercise of his protected free speech rights." It is Wood's burden to allege facts necessary to

---

[5] Wood points to a Sixth Circuit opinion for support. *Berry v. Schmitt*, 688 F.3d 290 (6th Cir. 2012). Because this opinion concerns the *Rooker-Feldman* doctrine, rather than *Younger* abstention, it lacks persuasive force in this case.

show that the bad faith exception to *Younger* abstention applies, *Juidice v. Vail*, 430 U.S. 327, 338, 97 S. Ct. 1211, 1218–19 (1977), and he has failed to do so.

Bad faith, in this context, would mean that the State Bar initiated its investigation into Wood without a reasonable expectation of imposing discipline. *Cf. Redner v. Citrus Cnty.*, 919 F.2d 646, 650 (11th Cir. 1990) ("A prosecution is undertaken in bad faith when 'a prosecution has been brought without a reasonable expectation of obtaining a valid conviction.'" (quoting *Kugler v. Helfant*, 421 U.S. 117, 126 n.6, 95 S. Ct. 1524, 1531 n.6 (1975))). Wood's first three allegations do not show that the State Bar had no reasonable expectation of finding that discipline was warranted. The last allegation is a conclusory, legal assertion, so it cannot satisfy Wood's burden of proof. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Accordingly, we cannot conclude that the district court abused its discretion in finding "that Wood has not made a substantial allegation of bad faith that would overcome *Younger* abstention."[6]

―――――――――――――――

[6] Wood also argues that this case is "factually unique" from other cases where the State Bar has requested that an attorney consent to a mental health examination. Even if true, it is entirely unclear why that is relevant to the *Younger* abstention analysis.

20                    Opinion of the Court                    21-12238

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith                                              For rules and forms visit
Clerk of Court                                             www.ca11.uscourts.gov

May 31, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  21-12238-JJ
Case Style:  L. Lin Wood v. Paula Frederick, et al
District Court Docket No: 1:21-cv-01169-TCB

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system,
unless exempted for good cause. Although not required, non-incarcerated pro se parties are
permitted to use the ECF system by registering for an account at www.pacer.gov. Information
and training materials related to electronic filing are available on the Court's website. Enclosed
is a copy of the court's decision filed today in this appeal. Judgment has this day been entered
pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP
41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for
filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise
provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is
timely only if received in the clerk's office within the time specified in the rules. Costs are
governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for
attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested
Persons a complete list of all persons and entities listed on all certificates previously filed by
any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be
reheard must be included in any petition for rehearing or petition for rehearing en banc. See
11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming
compensation for time spent on the appeal no later than 60 days after either issuance of mandate
or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via
the eVoucher system. Please contact the CJA Team at (404) 335-6167 or
cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher
system.

Pursuant to Fed.R.App.P. 39, <u>costs taxed against the appellant</u>.

Please use the most recent version of the Bill of Costs form available on the court's website at
<u>www.ca11.uscourts.gov.</u>

For questions concerning the issuance of the decision of this court, please call the number
referenced in the signature block below. For all other questions, please call <u>Tiffany A. Tucker,
JJ</u> at <u>(404)335-6193</u>.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs